AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (*pro hac vice* admission pending)
Travis A. McRoberts (*pro hac vice* admission pending)

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>International Shipholding Corporation,<br>              Debtor.<br>Tax I.D. No. 36-2989662 | Chapter 11<br>Case No. 16-_____ ( ) |
| In re:<br>Enterprise Ship Co.,<br>              Debtor.<br>Tax I.D. No. 72-1299059 | Chapter 11<br>Case No. 16-_____ ( ) |
| In re:<br>Sulphur Carriers, Inc.,<br>              Debtor.<br>Tax I.D. No. 72-1198965 | Chapter 11<br>Case No. 16-_____ ( ) |

| | |
|---|---|
| In re:<br><br>Central Gulf Lines, Inc.,<br>      Debtor.<br><br>Tax I.D. No. 72-0388979 | Chapter 11<br><br>Case No. 16-_____ ( ) |
| In re:<br><br>Coastal Carriers, Inc.,<br>      Debtor.<br><br>Tax I.D. No. 80-0856278 | Chapter 11<br><br>Case No. 16-_____ ( ) |
| In re:<br><br>Waterman Steamship Corporation,<br>      Debtor.<br><br>Tax I.D. No. 63-0220640 | Chapter 11<br><br>Case No. 16-_____ ( ) |
| In re:<br><br>N.W. Johnsen & Co., Inc.,<br>      Debtor.<br><br>Tax I.D. No. 13-5658006 | Chapter 11<br><br>Case No. 16-_____ ( ) |
| In re:<br><br>LMS Shipmanagement, Inc.,<br>      Debtor.<br><br>Tax I.D. No. 72-1150660 | Chapter 11<br><br>Case No. 16-_____ ( ) |

| | |
|---|---|
| In re: <br> U.S. United Ocean Services, LLC, <br>                                   Debtor. <br> Tax I.D. No. 46-2191160 | Chapter 11 <br> Case No. 16-_____ (  ) |
| In re: <br> Mary Ann Hudson, LLC, <br>                                   Debtor. <br> Tax I.D. No. 26-1828478 | Chapter 11 <br> Case No. 16-_____ (  ) |
| In re: <br> Sheila McDevitt, LLC, <br>                                   Debtor. <br> Tax I.D. No. 26-1828380 | Chapter 11 <br> Case No. 16-_____ (  ) |
| In re: <br> Tower LLC, <br>                                   Debtor. <br> Tax I.D. No. 30-0516755 | Chapter 11 <br> Case No. 16-_____ (  ) |
| In re: <br> Frascati Shops, Inc., <br>                                   Debtor. <br> Tax I.D. No. 63-1087875 | Chapter 11 <br> Case No. 16-_____ (  ) |

| | |
|---|---|
| In re:<br><br>Gulf South Shipping PTE LTD,<br><br>                Debtor.<br><br>Tax I.D. No. 98-0118628 | Chapter 11<br><br>Case No. 16-_____ ( ) |
| In re:<br><br>LCI Shipholdings, Inc.,<br><br>                Debtor.<br><br>Tax I.D. No. 98-6008094 | Chapter 11<br><br>Case No. 16-_____ ( ) |
| In re:<br><br>Dry Bulk Australia LTD,<br><br>                Debtor.<br><br>Tax I.D. No. 98-0445383 | Chapter 11<br><br>Case No. 16-_____ ( ) |
| In re:<br><br>Dry Bulk Americas LTD,<br><br>                Debtor.<br><br>Tax I.D. No. 98-0656494 | Chapter 11<br><br>Case No. 16-_____ ( ) |
| In re:<br><br>Marco Shipping Company PTE LTD,<br><br>                Debtor.<br><br>Tax I.D. No. 52-2044570 | Chapter 11<br><br>Case No. 16-_____ ( ) |

**DEBTORS' MOTION FOR ENTRY OF AN
ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES AND; (II) AUTHORIZING THE DEBTORS
<u>TO FILE CONSOLIDATED MONTHLY OPERATING REPORTS</u>**

4

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion for entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (i) directing the joint administration of their respective chapter 11 cases; and (ii) authorizing the Debtors to file consolidated monthly operating reports. In support of this motion, the Debtors submit the *Declaration of Erik L. Johnsen, President and Chief Executive Officer, Pursuant to Local Bankruptcy Rule 1007-2 and in Support of First Day Filings* (the "First Day Declaration").[1] In further support of this motion, the Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

## BACKGROUND

4. On the date hereof (the "Petition Date"), each of the Debtors filed in this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

5

5. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee, examiner, or statutory committee has been appointed in these chapter 11 cases.

6. A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the First Day Declaration filed contemporaneously herewith and incorporated by reference as if fully set forth herein. The organizational structure of the Debtors is set forth on <u>Exhibit A</u> to the First Day Declaration.

## RELIEF REQUESTED

7. By this motion, the Debtors seek entry of the Proposed Order (i) directing the joint administration of their respective chapter 11 cases for procedural purposes only, and (ii) authorizing the Debtors to file consolidated monthly operating reports.

## BASIS FOR RELIEF

8. Bankruptcy Rule 1015(b) provides, in relevant part, that if "two or more petitions are pending in the same court by or against . . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" of each other as that term is defined in Bankruptcy Code section 101(2). 11 U.S.C. § 101(2). Therefore, the Court is authorized to jointly administer these chapter 11 cases for procedural purposes.

9. Joint administration of these chapter 11 cases will avoid the preparation, replication, service and filing of duplicative notices, applications and orders in each of the eighteen (18) respective dockets, thereby saving the Court, the Debtors, and other parties in interest substantial time and expense. The requested relief will not adversely affect parties' rights, as this motion requests joint administration for procedural purposes only and not

6

substantive consolidation of the Debtors' estates. In fact, the reduced costs that will result from the joint administration of these chapter 11 cases will inure to the benefit of all of the Debtors' stakeholders. Accordingly, the Debtors respectfully request that the caption to be used by all parties in all pleadings and notices in the jointly administered chapter 11 cases be as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| | ) Chapter 11 |
| INTERNATIONAL SHIPHOLDING | ) |
| CORPORATION, *et al.*,[1] | ) Case No. 16-_____ (  ) |
| | ) |
| Debtors. | ) Jointly Administered |

10.     The Debtors also seek to waive the requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002(n) that the case caption on pleadings and notices in the chapter 11 cases contain the name, tax identification number, and address of each Debtor and any names used by each Debtor in the previous eight years. As an alternative to including this information in the caption, the Debtors propose to include in a footnote to each pleading and notice a list of the Debtors in these cases and the last four digits of their tax identification numbers, along with the Debtors' service address. The simplified caption is particularly appropriate in the context of these chapter 11 cases. In addition, the case-specific information is listed in the petitions for the respective Debtors, which are publicly available. Therefore, the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

7

Debtors submit that the policies behind the requirements of Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002 have been satisfied.

11.     The Debtors also seek the Court's direction that a notation substantially similar to the following notation be entered on the docket of each of the Debtors' cases (other than that of International Shipholding Corporation) to reflect the joint administration of these cases:

> "An order has been entered in this case consolidating this case with the case of International Shipholding Corporation (Case No. 16-_____(____)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-_____(____) should be consulted for all matters affecting this case."

12.     Courts in this district frequently grant the relief requested herein in other chapter 11 cases. *See*, *e.g.*, *In re Primorsk Intl. Shipping Ltd.*, No. 16-10073 (MG) (Bankr. S.D.N.Y. Jan. 21, 2016) [Docket No. 28]; *In re Chassix Holdings, Inc.*, No. 15-10578 (MEW) (Bankr. S.D.N.Y. Mar. 12, 2015) [Docket No. 12]; *In re NII Holdings, Inc.*, No. 14-12611 (SCC) (Bankr. S.D.N.Y. Sept. 16, 2014) [Docket No. 26]; *In re Genco Shipping Trading Ltd.*, No. 14-11108 (SHL) (Bankr. S.D.N.Y. Apr. 23, 2014) [Docket No. 29]; *In re MPM Silicones, LLC*, No. 14-22503 (RDD) (Bankr. S.D.N.Y. Apr. 14, 2014) [Docket No. 26]; *In re Sbarro LLC*, No. 14-10557 (MG) (Bankr. S.D.N.Y. Mar. 12, 2014) [Docket No. 54]; *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y. May 4, 2012) [Docket No. 34].

13.     Finally, the Debtors seek authority to file the monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees (the "Operating Guidelines") issued by the Office of the United States Trustee for Region 2 (the "U.S. Trustee") on a consolidated basis (each consolidated monthly operating report, a "Consolidated Operating Report"), *provided*, *however*, that each Consolidated Operating Report includes a break-out of disbursements on a debtor-by-debtor basis. *See*, *e.g.*, *In re Primorsk Intl. Shipping Ltd.*, No. 16-10073 (MG) (Bankr. S.D.N.Y. Jan. 21, 2016) [Docket No. 29]

8

(authorizing debtors to file monthly operating reports on a consolidated basis, subject to reporting disbursements on a debtor-by-debtor basis).

14. Based on the foregoing, the Debtors submit that the relief requested herein is necessary, appropriate and in the best interests of their estates and creditors and other parties in interest and should be granted.

## NOTICE

15. No trustee, examiner, or creditors' committee has been appointed in the Debtors' chapter 11 cases. The Debtors have caused notice of this motion to be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to: (i) the Office of the United States Trustee for Region 2 (the "U.S. Trustee"), Attn: Serene Nakano; (ii) the entities listed on the List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iii) counsel to the agents under the Debtors' pre-petition credit facilities; (iv) counsel to the DIP Agent; (v) the Internal Revenue Service; (vi) the United States Attorney for the Southern District of New York; (vii) the Securities and Exchange Commission; and (viii) any other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). Due to the urgency of the circumstances surrounding this motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required or necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, substantially in the form of the Proposed Order, granting the relief requested herein, and (b) grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: New York, New York<br>July 31, 2016 | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>By: /s/ *David H. Botter*<br><br>David H. Botter<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br><br>Sarah Link Schultz (*pro hac vice* admission pending)<br>Travis A. McRoberts (*pro hac vice* admission pending)<br>1700 Pacific Avenue, Suite 4100<br>Dallas, Texas 75201<br>Telephone: (214) 969-2800<br>Facsimile: (214) 969-4343<br><br>*Proposed Counsel to Debtors and Debtors in Possession* |

# **EXHIBIT A**

**Proposed Order**

16-12220-smb    Doc 2    Filed 08/01/16    Entered 08/01/16 03:10:36    Main Document
Pg 11 of 18

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br> International Shipholding Corporation, <br>                 Debtor. <br> Tax I.D. No. 36-2989662 | Chapter 11 <br> Case No. 16-_____ ( ) |
| In re: <br> Enterprise Ship Co., <br>                 Debtor. <br> Tax I.D. No. 72-1299059 | Chapter 11 <br> Case No. 16-_____ ( ) |
| In re: <br> Sulphur Carriers, Inc., <br>                 Debtor. <br> Tax I.D. No. 72-1198965 | Chapter 11 <br> Case No. 16-_____ ( ) |
| In re: <br> Central Gulf Lines, Inc., <br>                 Debtor. <br> Tax I.D. No. 72-0388979 | Chapter 11 <br> Case No. 16-_____ ( ) |
| In re: <br> Coastal Carriers, Inc., <br>                 Debtor. <br> Tax I.D. No. 80-0856278 | Chapter 11 <br> Case No. 16-_____ ( ) |

16-12220-smb    Doc 2    Filed 08/01/16    Entered 08/01/16 03:10:36    Main Document
Pg 13 of 18

| In re: | ) | |
|---|---|---|
| Waterman Steamship Corporation, | ) | Chapter 11 |
| Debtor. | ) | Case No. 16-_____ (  ) |
| Tax I.D. No. 63-0220640 | ) | |

| In re: | ) | |
|---|---|---|
| N.W. Johnsen & Co., Inc., | ) | Chapter 11 |
| Debtor. | ) | Case No. 16-_____ (  ) |
| Tax I.D. No. 13-5658006 | ) | |

| In re: | ) | |
|---|---|---|
| LMS Shipmanagement, Inc., | ) | Chapter 11 |
| Debtor. | ) | Case No. 16-_____ (  ) |
| Tax I.D. No. 72-1150660 | ) | |

| In re: | ) | |
|---|---|---|
| U.S. United Ocean Services, LLC, | ) | Chapter 11 |
| Debtor. | ) | Case No. 16-_____ (  ) |
| Tax I.D. No. 46-2191160 | ) | |

| In re: | ) | |
|---|---|---|
| Mary Ann Hudson, LLC, | ) | Chapter 11 |
| Debtor. | ) | Case No. 16-_____ (  ) |
| Tax I.D. No. 26-1828478 | ) | |

| | |
|---|---|
| In re: <br><br> Sheila McDevitt, LLC, <br>                           Debtor. <br><br> Tax I.D. No. 26-1828380 | Chapter 11 <br><br> Case No. 16-_____ ( ) |
| In re: <br><br> Tower LLC, <br>                           Debtor. <br><br> Tax I.D. No. 30-0516755 | Chapter 11 <br><br> Case No. 16-_____ ( ) |
| In re: <br><br> Frascati Shops, Inc., <br>                           Debtor. <br><br> Tax I.D. No. 63-1087875 | Chapter 11 <br><br> Case No. 16-_____ ( ) |
| In re: <br><br> Gulf South Shipping PTE LTD, <br>                           Debtor. <br><br> Tax I.D. No. 98-0118628 | Chapter 11 <br><br> Case No. 16-_____ ( ) |
| In re: <br><br> LCI Shipholdings, Inc., <br>                           Debtor. <br><br> Tax I.D. No. 98-6008094 | Chapter 11 <br><br> Case No. 16-_____ ( ) |

| | |
|---|---|
| In re:<br>Dry Bulk Australia LTD,<br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 98-0445383 | Chapter 11<br>Case No. 16-_____ ( ) |
| In re:<br>Dry Bulk Americas LTD,<br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 98-0656494 | Chapter 11<br>Case No. 16-_____ ( ) |
| In re:<br>Marco Shipping Company PTE LTD,<br>　　　　　　　　　　Debtor.<br>Tax I.D. No. 52-2044570 | Chapter 11<br>Case No. 16-_____ ( ) |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES; AND (II) AUTHORIZING THE DEBTORS
TO FILE CONSOLIDATED MONTHLY OPERATING REPORTS**

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[1] for entry of an order (i) directing joint administration of their respective chapter 11 cases for procedural purposes only; and (ii) authorizing the Debtors to file consolidated monthly operating reports; and the Court having jurisdiction to consider the motion and the relief requested therein in accordance with 28 U.S.C. §1334 and the *Amended Standing Order of Reference* from the United States Southern District of New York, dated as of January 31, 2012; and consideration of the motion and the relief requested therein being a core proceeding in

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the motion or in the First Day Declaration, as applicable.

4

accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the motion; and upon the First Day Declaration, the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The motion is granted as set forth herein.

2. Pursuant to Bankruptcy Rule 1015, each of the above-captioned chapter 11 cases is consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 16-_____(____).

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of any of the above-captioned Debtors.

4. The caption of the Debtors' jointly administered chapter 11 cases shall read as follows:

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING<br>CORPORATION, *et al.*,[1]<br><br>　　　　　　　　　Debtors. | )<br>)<br>)　Chapter 11<br>)<br>)　Case No. 16-_____ (      )<br>)<br>)　Jointly Administered |

5.　　All pleadings and notices shall be captioned as indicated in the preceding paragraph, and all original docket entries shall be made in the chapter 11 case of International Shipholding Corporation, Case No. 16-_____ (____).

6.　　The requirements under Bankruptcy Code section 342(c)(1) and Bankruptcy Rules 1005 and 2002 that the case caption in pleadings and notices include certain identifying information about the Debtors are waived, and the caption set forth herein, including the footnote listing the Debtors in these chapter 11 cases, the last four numbers of their tax identification numbers, and the Debtors' service address, is approved as modified.

7.　　A docket entry shall be made in each of Debtors' chapter 11 cases (except that of International Shipholding Corporation) substantially as follows:

> "An order has been entered in this case consolidating this case with the case of International Shipholding Corporation (Case No. 16-_____ (_____)) for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-_____ (____) should be consulted for all matters affecting this case."

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

6

8. The Debtors may file a single monthly operating report as required by the Operating Guidelines and Reporting Requirement for Debtors in Possession and Trustees, issued by the Executive Office of United States Trustees (rev. 11/27/13) for the jointly administered debtors. However, the monthly operating report shall be filed on a consolidating (not consolidated) basis. The report shall contain on a consolidating basis the information required for each Debtor that tracks and breaks out all of the specific information, *e.g.* receipts, disbursements, profit and loss statements, balance sheets, and other required information, on a debtor-by-debtor basis.

9. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

10. Notice of the motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the motion.

12. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

Dated:   New York, New York
         _____, 2016                    UNITED STATES BANKRUPTCY JUDGE

7