AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' MOTION FOR ENTRY OF AN ORDER**
**(I) AUTHORIZING THE DEBTORS TO REJECT AN UNEXPIRED LEASE *NUNC PRO***
***TUNC* TO THE PETITION DATE AND (II) GRANTING CERTAIN RELATED RELIEF**

  **PLEASE TAKE NOTICE** that on September 6, 2016, the above-captioned debtors and

debtors in possession (collectively, the "**Debtors**"), filed the annexed *Debtors' Motion for Entry*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding, Inc. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

*of an Order (I) Authorizing the Debtors to Reject an Unexpired Lease Nunc Pro Tunc to the Petition Date and (II) Granting Certain Related Relief* (the "**Motion**").[2]

**PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Motion shall be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court of the Southern District of New York, Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004, Courtroom: 723, on September 15, 2016 at 10:00 a.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion must be made in writing; shall conform to the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Local Rules of the Bankruptcy Court (the "**Local Rules**"); shall be filed with the Bankruptcy Court with a hard copy delivered directly to Chambers, and served so as to be actually received by (i) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq., Email: dbotter@akingump.com, and Sarah Link Schultz, Esq., 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, Email: sschultz@akingump.com, proposed counsel for the Debtors; (ii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick St., Room 1006, New York, New York 10014, Attn: Serene Nakano, Esq., Email: serene.nakano@usdoj.gov; (iii) the entities listed on the List of Creditors Holding the 40 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iv) counsel to the agents under the Debtors' pre-petition credit facilities; (v) counsel to the DIP Agent; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) the Securities and Exchange Commission; (ix) any other party entitled to notice pursuant to Local

---

[2] Capitalized termed used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Bankruptcy Rule 9013-1(b); and (xi) all entities that requested notice in these chapter 11 cases under Bankruptcy Rule 2002, no later than **September 14, 2016 at 10:00 a.m. (prevailing Eastern Time)** (the "**Objection Deadline**").

**PLEASE TAKE FURTHER NOTICE** that if no objections or responses are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which may be entered with no further notice or opportunity to be heard.

Dated:  New York, New York
      September 6, 2016

**AKIN GUMP STRAUSS HAUER & FELD LLP**
By: _/s/ David H. Botter_
David H. Botter
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to Debtors and Debtors in Possession*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | ) ) ) ) | Case No. 16-12220 (SMB) |
| Debtors. | ) ) ) | Jointly Administered |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING**
**THE DEBTORS TO REJECT AN UNEXPIRED LEASE *NUNC PRO TUNC***
**TO THE PETITION DATE AND (II) GRANTING CERTAIN RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file

this motion for entry of an order, substantially in the form annexed hereto as Exhibit A (the

"Proposed Order"), (i) authorizing and approving the rejection of a certain unexpired

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

nonresidential real property lease *nunc pro tunc* to the Petition Date and (ii) granting related

relief.  In support of the motion, the Debtors respectfully state as follows:

## JURISDICTION

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 105(a) and 365(a) of title 11

of the United States Code (the "Bankruptcy Code") and rule 6006 of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

**A.      General Background**

4.      On July 31, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors continue to operate their business and manage their properties as

debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or

examiner has been appointed in the chapter 11 cases.  On September 1, 2016, the Office of the

United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of

unsecured creditors (the "Committee") [ECF No. 125].

6.      A description of the Debtors' business and the reasons for filing these chapter 11

cases is set forth in the *Declaration of Erik L. Johnsen, President and Chief Executive Officer,*

*Pursuant to Local Bankruptcy Rule 1007-2 and in Support of First Day Filings* (the "First Day

Declaration")[2] filed previously with this Court [ECF No. 7] and incorporated by reference as if fully set forth herein.

**B.    Specific Background**

7.    The Debtors and their non-Debtor affiliates are engaged in waterborne cargo transportation, providing domestic and international maritime transportation services to commercial and governmental customers primarily under medium to long-term contracts.  As of the Petition Date, the Debtors maintain offices in Mobile, Alabama; New Orleans, Louisiana; New York, New York; Tampa, Florida; and Shanghai, China, as well as a network of agencies in major cities worldwide.  Prior to the Petition Date, the Debtors entered into various agreements and leases with third parties to house the administration and operations of the company in the ordinary course of business.

8.    Specifically, as of the Petition Date, the Debtors were tenants under a nonresidential real property lease (as amended, supplemented, or otherwise modified from time to time, the "Rejected Lease") dated as of June 3, 2008, by and between One Whitehall L.P., as landlord, ("Owner"), and N.W. Johnsen & Co., Inc., as tenant, ("Tenant"), for the nineteenth floor of the building known as One Whitehall Street, New York, New York (the "Property"), for a term ending on June 30, 2018.  The Rejected Lease commenced on June 30, 2014.  Under the terms of the Rejected Lease, the Tenant is to pay the Owner an annual rental rate of $450,870.00, payable in equal monthly installments of $44,666.00.  The Debtors believe that the rent under the Rejected Lease is at or above market and, accordingly, they believe that there would be little to no value in attempting to identify a third-party to assume the Rejected Lease.

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

9.       The Debtors are in the process of consolidating their U.S. operations in their New Orleans office and instituting procedures to allow certain employees to work remotely.  As a result of this consolidation, the Debtors have determined that the office lease for their New York City office is unnecessary and burdensome to the Debtors' estates and should be rejected immediately. Accordingly, prior to the Petition Date, the Debtors notified the Owner of their intention to terminate the Rejected Lease on June 9, 2016, vacated the Property on July 29, 2016, and left the Property in broom-clean condition in accordance with the terms of the Rejected Lease. The Debtors' now lease a smaller, more cost-effective location for their employees and personal property in New York while they continue the process of consolidating their operations.

10.      Upon information and belief, the Owner has arranged for and/or is finalizing arrangements for a new tenant to lease the Property and has consented to the rejection of the Rejected Lease.  In addition, it is the Debtors' understand that the prospective tenant is waiting for the Court's approval of the rejection before entering into an agreement with the Owner.

11.      To avoid the accrual of unnecessary administrative expenses that would arise absent the rejection of the Rejected Lease, the Debtors have determined, in an exercise of their sound business judgment, to reject the Rejected Lease *nunc pro tunc* to the Petition Date.

## **RELIEF REQUESTED**

12.      By this motion, the Debtors request entry of the Proposed Order authorizing the Debtors to reject the Rejected Lease pursuant to Bankruptcy Code section 356(a) and Local Rule 9013-1(a) *nunc pro tunc* to the Petition Date.

## **SUPPORTING AUTHORITY**

**A.       The Court Should Approve the Rejection of the Rejected Lease.**

13.      Bankruptcy Code section 365(a) provides that a debtor may, subject to court approval, "reject an executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a).

"This provision allows a [debtor] to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)).

14.     A debtor's rejection of an executory contract or unexpired lease is governed by the business judgment standard. *See In re Old Carco LLC*, 406 B.R. 180, 193 (Bankr. S.D.N.Y. 2009) ("[T]he scope of the Court's inquiry is limited. Under the business judgment standard, the Court must determine whether rejection will benefit the Debtors' estates. As part of this determination, the Court must determine whether the Debtors made their decisions rationally."); *In re Enron Corp.*, 2006 WL 898033, at *4 (Bankr. S.D.N.Y. Mar. 24, 2006) ("In determining whether to approve a [debtor's] decision to reject such lease or contract, a court applies the 'business judgment' test which is met if the rejection is beneficial to the estate."); *In re Ames Dep't Stores, Inc.*, 306 B.R. 43, 51 (Bankr. S.D.N.Y. 2004) ("When the exercise of business judgment makes such advisable, the estate can, by rejection, be relieved of the duty of continuing post-petition performance on a contract, and the landlord's claim for any damages arising from the rejection is a pre-petition claim for breach of contract.").   Accordingly, rejection of the Rejected Lease is appropriate if, in the Debtors' business judgment, rejection would benefit their stakeholders and their estates. *See COR Route 5 Company, LLC v. Penn Traffic Company*, (In re Penn Traffic Co.), 524 F.3d 373, 383 (2d Cir. 2008) ("This standard rather obviously presupposes that the estate will assume a contract only where doing so will be to its economic advantage and will reject contracts whose performance would benefit the counterparty at the expense of the estate."); *In re Stable Mews Assocs., Inc.*, 41 B.R. 594, 596 (Bankr. S.D.N.Y. 1984) ("The business judgment test provides considerably more flexibility to a [debtor].   It

requires only that the [debtor] demonstrate that rejection of the [agreement] will benefit the estate.").

15.     The rejection of the Rejected Lease reflects the Debtors' exercise of sound business judgment and is in the best interests of the Debtors, their estates, and their creditors.  As set forth above, the Debtors are in the process of consolidating their operations and moving them to New Orleans.  The Debtors have not occupied the Property since July 29, 2016.  As a result, the Debtors have determined that the Rejected Lease is no longer necessary or beneficial to the Debtors' operations and would be costly and administratively burdensome to the estates.  Moreover, the Rejected Lease is not a source of potential value for the Debtors' creditors as the Debtors believe that the Rejected Lease is presently at or above the market rate for similar space and cannot be profitably assumed and assigned.  Rather, the Debtors conclude that assuming the Rejected Lease would constitute an unnecessary drain on the Debtors resources that would provide no benefit to the Debtors, their estates, or their creditors.  Accordingly, the Debtors believe it is in the best interests of their estates and creditors to reject the Rejected Lease.

**B.    The Court Should Approve Rejection of the Rejected Lease Effective *Nunc Pro Tunc* to the Petition Date.**

16.     The Debtors seek to reject the Rejected Lease effective *nunc pro tunc* to the Petition Date to avoid the risk of sustaining any additional expenses and costs related to the Rejected Lease.  *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530 (1984) ("The Bankruptcy Code specifies that the rejection of an executory contract which had not been assumed constitutes a breach of the contract which relates back to the date immediately preceding the filing of a petition in bankruptcy.").  As affirmed by this Court and courts in other jurisdictions, a court may permit retroactive rejection when the balancing of the equities favor such treatment.  *See, e.g.*, *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov.

15, 2002) (finding that it is within a bankruptcy court's authority to approve retroactive rejection when the balance of equities favors such treatment); *Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 36 (S.D.N.Y. 1995) (affirming bankruptcy court's retroactive approval of lease rejection); *Thinking Machs v. Mellon Fin. Servs. Corp.* (*In re Thinking Machs Corp.*), 67 F.3d 1021, 1028 (1st Cir. 1995) ("[B]ankruptcy courts may enter retroactive orders of approval, and should do so when the balance of equities preponderates in favor of such remediation.").

17.      In the instant case, the balancing of the equities clearly favors authorizing *nunc pro tunc* rejection to the Petition Date:

- *First*, the Debtors vacated the Property prior to the Petition Date and returned it to the Owner in broom-clean condition.  Where a debtor vacates a property, leaves it in broom-clean condition and promptly seeks to reject the lease, equities favor retroactive rejection. *Cf. Adelphia Bus. Sols., Inc. v. Abnos*, 482 F.3d 602, 608–09 (2d Cir. 2007) (holding that the fact that the debtor vacated the leased premises weighed in favor of retroactive relief because it allowed the landlord to lease the property to another tenant); *Pac. Shores Dev., LLC v. At Home Corp.* (*In re At Home Corp.*), 392 F.3d 1064, 1074 (9th Cir. 2004) (holding that the practical effects of a debtor's actions may guide a bankruptcy court's weighing of the equities). Where a debtor has vacated the premises, the landlord is provided the opportunity to lease it to another tenant and mitigate potential damages.  *Adelphia Bus. Sols.*, 482 F.3d at 608; *see also At Home Corp.*, 392 F.3d at 1047. Indeed, the Owner has availed itself of that opportunity here and, on information and belief, has a prospective tenant ready to lease the Property.

- *Second*, without retroactive rejection, the Debtors will be forced to incur potential post-petition administrative expenses.  *See* 11 U.S.C. § 365(d)(3) ("The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ."); *Adelphia Bus. Sols.*, 482 F.3d at 606 ("Prior to [the rejection], [the landlord] is entitled to full administrative rent on a priority basis; after [the rejection], [the landlord] can only seek rent as an unsecured creditor through a subordinated claim for damages . . . .").  As this Court is no doubt aware, the Debtors' chapter 11

cases are proceeding with a relatively small budget. Incurring unnecessary expenses such as these would harm the Debtors' estates.

- **_Third_**, on information and believe, the Owner has already identified a new tenant and is finalizing a replacement lease. As such, the Owner is not harmed by the _nunc pro tunc_ nature of this motion.

18.    For the reasons set forth herein, the Debtors request that the Court order the rejection of the Rejected Lease effective _nunc pro tunc_ to the Petition Date to avoid additional and unnecessary administrative costs to their estates that would otherwise arise prior to the hearing on this motion.

## **NOTICE**

19.    No trustee, examiner, or creditors' committee has been appointed in the Debtors' chapter 11 cases. The Debtors have caused notice of this motion to be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to: (i) One Whitehall L.P., (ii) the Office of the United States Trustee for Region, Attn: Serene K. Nakano.; (iii) the entities listed on the List of Creditors Holding the 30 Largest Unsecured Claims filed pursuant to Bankruptcy Rule 1007(d); (iv) counsel to the agents under the Debtors' pre-petition credit facilities; (v) counsel to the DIP Agent (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) the Securities and Exchange Commission; and (ix) any other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors respectfully submit that no further notice is required or necessary.

8

## <u>CONCLUSION</u>

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, substantially in the form of the Proposed Order, granting the relief requested herein, and (b) grant such other and further relief as may be just and proper.

Dated:  New York, New York
        September 6, 2016

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ David H. Botter*

David H. Botter
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted  *pro hac vice*)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to Debtors and Debtors in Possession*

**<u>EXHIBIT A</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) )  Chapter 11 ) |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | )  Case No. 16-12220 (SMB) ) ) |
| Debtors. | )  Jointly Administered ) |

## ORDER (I) AUTHORIZING THE DEBTORS TO REJECT A CERTAIN UNEXPIRED LEASE *NUNC PRO TUNC* TO THE PETITION DATE AND (II) GRANTING CERTAIN RELATED RELIEF

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for entry of the Proposed Order (i) authorizing and approving the rejection, *nunc pro tunc* to the date of commencement of these chapter 11 cases, that certain nonresidential real property lease (as amended, supplemented, or otherwise modified from time to time) dated as of June 3, 2008, by and between One Whitehall L.P., as landlord, and N.W. Johnsen & Co., Inc., as tenant, for the nineteenth floor of the building known as One Whitehall Street, New York, New York (the "Rejected Lease") and (ii) granting related relief; and the Court having jurisdiction to consider the motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States Southern District of New York, dated as of January 31, 2012; and consideration of the motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the motion or in the First Day Declaration, as applicable.

this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the motion; and upon the First Day Declaration, the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The motion is granted to the extent set forth herein.

2.      The Rejected Lease is hereby rejected.  Such rejection shall be effective *nunc pro tunc* to the Petition Date.

3.      Any claims based on the rejection of the Rejected Lease shall be filed in accordance with the bar date for filing proofs of claim, to be established by the Court at a later date.

4.      Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, the creation of an administrative priority claim on account of the pre-petition obligations sought to be paid, or the assumption or adoption of any contract or agreement under Bankruptcy Code section 365.

5.      Notice of the motion as provided herein shall be deemed good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

6.      Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this order shall be immediately effective and enforceable upon its entry.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.

New York, New York
Dated: _____, 2016

_____
United States Bankruptcy Judge

## **EXHIBIT B**

**Declaration of Manuel G. Estrada**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) |
| INTERNATIONAL SHIPHOLDING | ) |
| CORPORATION, *et al.*,[1] | ) |
|  | ) |
| Debtors. | ) |

Chapter 11

Case No. 16-12220 (SMB)

Jointly Administered

### DECLARATION OF MANUEL G. ESTRADA, CHIEF FINANCIAL OFFICER, IN SUPPORT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT AN UNEXPIRED LEASE *NUNC PRO TUNC* TO THE PETITION DATE AND (II) GRANTING CERTAIN RELATED RELIEF

I, Manual G. Estrada, declare as follows under penalty of perjury:

1.      I am Vice President and Chief Financial Officer of International Shipholding Corporation, a corporation organized under the laws of Delaware and one of the above-captioned debtors and debtors in possession (collectively, the "Debtors"). I am a 1977 graduate of Loyola University in New Orleans, Louisiana and received a certified professional accountant designation in 1986. I joined the Debtors in 1978 and have been employed in my present capacity since 2005. Accordingly, I am familiar with the Debtors' day-to-day operations, business, and financial affairs.

2.      I submit this Declaration in support of the Debtors' Motion for Entry of an Order (I) Authorizing the Debtors to Reject an Unexpired Lease Nunc Pro Tunc to the Petition Date

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

and (II) Granting Certain Related Relief filed contemporaneously herewith.  Except as otherwise indicated, all facts set forth herein are based on my personal knowledge, my discussions with other members of the Debtors' senior management, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtors' operations and financial affairs.  If called upon to testify, I would testify competently to the facts set forth in this Declaration.  I am authorized to submit this Declaration on behalf of the Debtors.

## A.    The Rejected Lease

3.    As of the Petition Date, the Debtors were tenants under a nonresidential real property lease (as amended, supplemented, or otherwise modified from time to time, the "Rejected Lease") dated as of June 3, 2008, by and between One Whitehall L.P., as landlord ("Owner"), and N.W. Johnsen & Co., Inc., as tenant ("Tenant"), for the nineteenth floor of the building known as One Whitehall Street, New York, New York (the "Property"), for a term ending on June 30, 2018.  The Rejected Lease commenced on June 30, 2014.  Under the terms of the Rejected Lease, the Tenant is to pay the Owner an annual rental rate of $450,870.00, payable in equal monthly installments of $44,666.00.

## B.    Debtors' Consolidation of U.S. Operations

4.    The Debtors are in the process of consolidating their U.S. operations in their New Orleans office and instituting procedures to allow certain employees to work remotely. This process will allow the Debtors to reduce overhead expenses and improve their ongoing financial condition and competitiveness.

## C.    Decision to Vacate the Property Pre-Petition

5.    As part of their consolidation efforts, the Debtors' determined that the Rejected Lease was no longer necessary for their operations. The Debtors notified the Owner of their

3

intention to terminate the Rejected Lease on June 9, 2016, vacated the Property on July 29, 2016, and left the property in a broom-clean condition in accordance with the terms of the Rejected Lease.

6.      The Debtors now lease a smaller, more cost-effective location for their employees and personal property in New York (the "Replacement Lease") while they continue the process of consolidating their operations.

7.      Based on communication between counsel for the Owner and proposed counsel for the Debtors, I understand that the Owner has arranged for and/or is finalizing arrangements for a new tenant to lease the Property.  In addition, it is my understanding that the prospective tenant is waiting for the Court's approval of the rejection before entering into an agreement with the Owner, and that the Owner consents to the rejection of the Rejected Lease.

**D.      Decision to Reject the Lease**

8.      Because of the Debtors' consolidation of their operations to New Orleans, the Rejected Lease is no longer necessary for the Debtor's operations.  I believe that the lower-cost Replacement Lease is better suited for the Debtors' business purposes while the consolidation efforts continue. Moreover, assuming the Rejected Lease would result in post-petition expenses without providing any benefit to the Debtors, their estates, or their creditors.

9.      In addition, there would be little to no value in attempting to assign the Rejected Lease to a third party.  Before entering into the Replacement Lease, the Debtors reviewed available properties nearby the Property.  Based on that review, it is my understanding and belief that the Rejected Lease is at or above the market rate for the Property.  I believe that it is unlikely that the Debtors would be able to assign the Rejected Lease for an amount greater than the Debtors' obligations to the Owner under the terms of the Rejected Lease.  Therefore, any attempt

to assume and assign the Rejected Lease would likely result in expenses at least equal to, or even greater than, any benefit to the estates without providing any benefit for the Debtors, their estates, or their creditors

10.    Having considered their options, and in an exercise of their business judgment, the Debtors have determined that seeking rejection of the Rejected Lease is in the best interests of their estates and creditors. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.


By: ___*/s/Manuel G. Estrada*_____
Manuel G. Estrada
Vice President and Chief Financial Officer
International Shipholding Corporation