UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: <br><br> INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] <br><br> Debtors. | Chapter 11 <br><br> Case No. 16-12220 (SMB) <br><br> Jointly Administered |

**FINAL ORDER (I) AUTHORIZING DEBTORS TO
CONTINUE IN ORDINARY COURSE (A) USING EXISTING CASH,
MANAGEMENT SYSTEM BANK ACCOUNTS, AND BUSINESS FORMS AND
(B) PERFORMING INTERCOMPANY TRANSACTIONS; AND (II) AUTHORIZING
DEBTORS' BANKS TO HONOR ALL RELATED PAYMENT REQUESTS**

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for entry of the Proposed Orders (i) authorizing the Debtors to continue, in the ordinary course of their business and consistent with historical practices, (a) using their existing cash management system, pre-petition bank accounts, and pre-petition business forms (without reference to the Debtors' status as debtors in possession), and (b) performing intercompany transactions; (ii) authorizing the Debtors' banks to (a) maintain, service, and administer the Debtors' bank accounts, and (b) honor all payment requests consistent with the relief requested herein; (iii) granting administrative expense priority to the Debtors' intercompany claims; (iv) waiving the Debtors' compliance, or extending the time in which the Debtors must comply, with investment guidelines set forth in Bankruptcy Code section 345(b); and (v) scheduling the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the motion or in the First Day Declaration, as applicable.

Final Hearing; and the Court having jurisdiction to consider the motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States Southern District of New York, dated as of January 31, 2012; and consideration of the motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the motion being adequate and appropriate under the particular circumstances; and the Court having reviewed the motion and the First Day Declaration and having heard statements in support of the motion at the hearing held on August 3, 2016 (the "Interim Hearing"), a second hearing held on September 7, 2016 (the "Second Interim Hearing"), and a final hearing held on September 15, 2016 (the "Final Hearing"); and upon the First Day Declaration, the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**:

  1.  The motion is granted on a final basis to the extent provided herein.

  2.  The Debtors are authorized to (i) continue using the Cash Management System including, without limitation, allowing the Debtors to make transfers to, between, or on behalf of, other Debtors in order to satisfy operating and administrative expenses in accordance with historical practices and to facilitate the Debtors' payment for the administration of the chapter 11 cases; (ii) maintain and continue using the Bank Accounts with the same account numbers, in

existence on the Petition Date, including, without limitation, those accounts set forth in <u>Exhibit C</u> to the motion; (iii) maintain and continue using the existing Business Forms without reference to the Debtors' status as debtors in possession; *provided*, *however*, the Debtors shall use their reasonable best efforts to identify their status as debtors in possession on existing Business Forms, and, to the extent the Debtors obtain new Business Forms, the Debtors will order Business Forms identifying their status as debtors in possession; and (iv) open new debtor in possession bank accounts with authorized depository banks and close any existing Bank Accounts, as the Debtors deem necessary and appropriate in their sole discretion; *provided*, *however*, that the Debtors shall give prior notice thereof to the U.S. Trustee, counsel to the official committee of unsecured creditors, counsel to the DIP Agent, and counsel to the agents under the Debtors' pre-petition credit facilities.

3. Except as otherwise expressly provided in this Final Order, the Cash Management Banks are authorized to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires, credit cards, purchase cards, and ACH transfers issued, payable through or drawn on the Bank Accounts after the Petition Date by the holders, makers, or other parties entitled to issue instructions with respect thereto, as the case may be; provided, further, that any check, advice, draft, or other notification drawn or issued by the Debtors before the Petition Date may be honored by any bank only if specifically authorized by order of this Court.[3]

4. The Cash Management Banks are authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of this Court on account of (i) all

---

[3] For the avoidance of doubt, none of the Cash Management Banks shall be required to make transfers from or honor any draws or presentations against any of the Bank Accounts except to the extent of funds available in such respective accounts.

checks drawn on the Debtors' accounts, which are cashed at such Cash Management Banks or exchanged for cashier's checks by the payees thereof prior to the Petition Date, (ii) all checks or other items deposited in one of the Debtors' accounts with such Cash Management Bank prior to the Petition Date, which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date, and (iii) all undisputed pre-petition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System.

5. Notwithstanding any other provision of this Final Order, no Cash Management Bank that honors a pre-petition check or other item drawn on any account that is the subject of this Final Order (i) at the direction of the Debtors, (ii) in a good faith belief that the Court has authorized such pre-petition check or item to be honored, or (iii) as the result of an innocent mistake made despite implementation of reasonable item-handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Final Order.

6. The Cash Management Banks are authorized to charge, and the Debtors are authorized to pay, honor or allow the Bank Fees and charge back returned items to the Bank Accounts in the ordinary course.

7. The Debtors are authorized and empowered on a final basis to continue the Investment Practices, consistent with prior practice.

8. The Debtors are authorized to continue performing their respective obligations, commitments, and transactions constituting Intercompany Transactions in the ordinary course of business, including Intercompany Transactions with non-Debtor affiliates and the exercise of setoffs as described in the motion. In connection therewith, the Debtors shall maintain accurate

and detailed records of all transfers, including the Intercompany Transactions, so that all transactions may be readily ascertained, traced, recorded properly, and distinguished between pre-petition and post-petition transactions.

9. The Intercompany Claims arising post-petition among the Debtors and/or non-Debtor subsidiaries, as applicable, shall be afforded administrative priority pursuant to Bankruptcy Code section 503(b).

10. The Debtors shall maintain accurate records of all transfers within the Cash Management System, including the Intercompany Transactions, so that all post-petition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, their books and records, to the same extent documented by the Debtors before the Petition Date.

11. The Debtors are authorized and empowered, on a final basis, to continue to invest excess funds consistent with prior practice in the Investment Accounts and the Money Market Accounts.

12. The Cash Management Banks are authorized to pay obligations in accordance with this or any separate order of this Court.

13. Except as otherwise provided in this Final Order or in a separate order of this Court, the Cash Management Banks shall not honor or pay any payments drawn on the listed Bank Accounts or otherwise issued prior to the Petition Date.

14. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

15. As soon as practicable after entry of this Final Order, the Debtors shall serve a copy of this Final Order on the Cash Management Banks.

16. Notwithstanding anything to the contrary contained herein, (i) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Debtors' post-petition financing agreements (the "DIP Documents") and any orders approving the DIP Documents (including with respect to any budgets governing or relating thereto), and (ii) to the extent there is any inconsistency between the terms of such orders approving the DIP Documents and any action taken or proposed to be taken hereunder, the terms of such orders approving the DIP Documents shall control.

17. Notice of the motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

18. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, this Final Order shall be immediately effective and enforceable upon its entry.

19. Notice of the motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

20. The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Final Order in accordance with the motion.

21. The Court retains jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Final Order.

Dated:   New York, New York            **/s/ STUART M. BERNSTEIN**
         **September 15th, 2016**        UNITED STATES BANKRUPTCY JUDGE