UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: <br><br> INTERNATIONAL SHIPHOLDING <br> CORPORATION, *et al.*,[1] <br><br> Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 16-12220 (SMB) <br> ) <br> ) Jointly Administered |

**FINAL ORDER (I) AUTHORIZING THE
DEBTORS TO PAY CERTAIN PRE-PETITION CLAIMS
(A) OF SHIPPERS AND WAREHOUSEMEN, (B) OF MISCELLANEOUS LIEN
CLAIMANTS, (C) ARISING UNDER BANKRUPTCY CODE SECTION 503(B)(9)
AND (D) INCURRED IN CONNECTION WITH POST-PETITION DELIVERY
OF GOODS AND SERVICES; AND (II) AUTHORIZING THE FINANCIAL
INSTITUTIONS, WHEN REQUESTED BY THE DEBTORS, TO RECEIVE,
PROCESS, HONOR, AND PAY ALL CHECKS PRESENTED FOR PAYMENT
AND ELECTRONIC PAYMENT REQUESTS RELATED TO THE TRADE CLAIMS**

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for entry of the Proposed Orders (i) authorizing, but not directing the Debtors to pay, in the ordinary course of business as such claims become due, certain (a) Shipping and Warehousing Claims, (b) Miscellaneous Lien Claims, and (c) 503(b)(9) Claims; (ii) authorizing the financial institutions, when requested by the Debtors, to receive, process, honor, and pay all checks presented for payment and electronic payment requests related to the Trade Claims; and (iii) scheduling a Final Hearing, all as set forth more fully in the motion; and the Court having jurisdiction to consider the motion and the relief requested therein in accordance with 28 U.S.C.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the motion or in the First Day Declaration, as applicable.

§ 1334 and the *Amended Standing Order of Reference* from the United States Southern District of New York, dated as of January 31, 2012; and consideration of the motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the motion being adequate and appropriate under the particular circumstances; and the Court having reviewed the motion and the First Day Declaration and having heard statements in support of the motion at the hearing held on August 3, 2016 (the "Interim Hearing") and having heard objections thereto at a second hearing held on August 22, 2016 (the "Second Interim Hearing"), a third hearing held on September 7, 2016 (the "Third Interim Hearing) and a final hearing held on September 15, 2016 (the Final Hearing); and upon the First Day Declaration, the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The motion is granted on a final basis as provided herein.

2. The Debtors are authorized, but not directed, in their sole discretion, to pay or otherwise satisfy in the ordinary course of business all valid Shipping and Warehousing Claims, subject to the aggregate Shipping and Warehousing Claims Cap of $228,571.56.

3. The Debtors are authorized, but not directed, in their sole discretion, to pay or otherwise satisfy in the ordinary course of business all valid Miscellaneous Lien Claims, subject to the aggregate Miscellaneous Lien Claims Cap of $7,799,081.73; *provided that* the Debtors determine that payment of such Miscellaneous Lien Claims is necessary to discharge liens under

applicable non-bankruptcy law. The Court expressly makes no findings of fact or conclusions of law with respect to the validity of such liens under applicable non-bankruptcy law.

4. The Debtors are authorized, but not directed, to enter into Trade Agreements and to condition the payment of the Trade Claims upon execution of such agreements by the individual Trade Claimants to continue to provide goods and services, as applicable, to the Debtors during the pendency of these chapter 11 cases on the Historical Trade Terms or the Negotiated Trade Terms; *provided*, *however*, that the Debtors' inability to enter into a Trade Agreement shall not preclude the Debtors from paying a Trade Claim when, in the exercise of the Debtors' business judgment, such payment is appropriate for the Debtors' operations and is in the best interests of their estates and creditors.

5. Any Trade Claimant that accepts any payments made by the Debtors pursuant to the First Interim Order, the Second Interim Order, or this Final Order on account of its Trade Claim, in return for payment thereof, shall be deemed to have waived and released any previously asserted lien on the assets of the Debtors and their estates on account of such Trade Claim.

6. In the event that any Trade Claimant that has received payment for its Trade Claim refuses to continue to provide goods and services, as applicable, on the Historical Trade Terms or the Negotiated Trade Terms following receipt of payment of its Trade Claim, then: (a) any payment on account of a pre-petition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper post-petition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any pre-petition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding post-petition balance due from the Debtors to such

party, the Debtors may then take any and all appropriate steps to cause such party to repay payments made to it on account of its pre-petition claim to the extent that such payments exceed the post-petition amounts then owing to the party.

7. Notwithstanding the foregoing, the Debtors are not authorized to accelerate payments not otherwise due and payable.

8. The Debtors are authorized, but not directed, to issue post-petition checks or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of the chapter 11 cases with respect to the payments approved by this Court hereunder.

9. Prior to the selection of counsel to the official committee of unsecured creditors (the "Committee"), the Debtors delivered, on a professional eyes' only basis, subject to the Non-Disclosure/Confidentiality agreements ("NDAs"), to the professionals of the (i) International Organization of Masters, Mates and Pilots ("IOMM&P"); (ii) the Marine Engineers Beneficial Association ("MEBA"); and (iii) the Seafarers International Union on behalf of its affiliated employee benefit plans ("SIU") (collectively, the "Benefit Plans"), a list of Shipping and Warehousing Claims and Miscellaneous Lien Claims that had been paid to date, along with a list of the Shipping and Warehousing Claims and Miscellaneous Lien Claims that had not been paid but that were proposed to be paid and the proposed timing and amount of such proposed payment (collectively, the "Claims Information"). Upon review of the Claims Information, to the extent that the professionals of the Benefit Plans provided the Debtors with written requests regarding the determination that such Shipping and Warehousing Claims and/or Miscellaneous Lien Claims were held by a party that was a lien claimant or threatened to become a lien claimant, the Debtors provided such explanation to the professionals of the Benefit Plans.

4

10. To the extent they have not already, within five (5) business days from the date of entry of this Final Order, the Debtors shall provide the Official Committee of Unsecured Creditors (the "Committee") with the Claims Information. To the extent that the Committee notifies the Debtors within three (3) business days of the later of the date of entry of this Final Order or the date on which the Claims Information is provided that the Committee disagrees with the Debtors' conclusion that a proposed claim should be paid pursuant to this Final Order and the Debtors and the Committee are not able to agree as to whether such proposed Shipping and Warehousing Claims and/or Miscellaneous Lien Claims are authorized for payment pursuant to this Final Order, the Court shall hold a hearing, on a date as may be agreed to by the Debtors and the Committee or set by the Court, to determine if the payment of such Shipping and Warehousing Claims and/or Miscellaneous Lien Claims are authorized by this Final Order; *provided*, *however*, that the Debtors reserve the right to seek expedited consideration from the Court.

11. The banks and financial institutions on which checks were drawn or electronic payment requests were made in payment of the obligations approved herein are authorized, when requested by the Debtors, to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by the First Interim Order, the Second Interim Order or this Final Order.

12. Any payment made pursuant to the First Interim Order, the Second Interim Order, or this Final Order is not intended and should not be construed as an admission as to the validity of any claim or a waiver of the rights of the Debtors to subsequently dispute such claim.

13. The relief granted herein shall be binding upon any chapter 11 trustee appointed in the chapter 11 cases and upon any chapter 7 trustee appointed in the event of a subsequent conversion of the chapter 11 cases to cases under chapter 7.

14. Nothing herein shall prohibit the Debtors from seeking Court authority to increase the pre-petition amounts authorized to be paid herein.

15. Notwithstanding anything to the contrary contained herein, (i) any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under the Debtors' post-petition financing agreements (the "DIP Documents") and any orders approving the DIP Documents (including with respect to any budgets governing or relating thereto), and (ii) to the extent there is any inconsistency between the terms of such orders approving the DIP Documents and any action taken or proposed to be taken hereunder, the terms of such orders approving the DIP Documents shall control.

16. Nothing in the motion, the First Interim Order, the Second Interim Order, or this Final Order, nor as a result of any payment made pursuant to the First Interim Order, the Second Interim Order, or this Final Order, shall be deemed or construed as an admission as to the validity or priority of any claim or lien against the Debtors, an approval or assumption of any agreement, contract or lease pursuant to Bankruptcy Code section 365 or a waiver of the Debtors, or shall impair the Debtors' ability to contest the validity and amount of any payment made pursuant to this Final Order.

17. Notwithstanding the relief granted herein and any actions taken hereunder, nothing, contained herein shall (i) create, nor is it intended to create, any rights in favor of, or enhance the status of any claim held by any person or entity, or (ii) be deemed to convert the priority of any claim from a pre-petition claim into an administrative expense claim. Nothing

herein shall acknowledge, grant, or otherwise permit any right of offset or recoupment by a non-debtor with respect to any claim asserted against the Debtors.

18. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Final Order shall be immediately effective and enforceable upon its entry and the requirements of Bankruptcy Rules 6004(a) and 6004(h) shall be waived.

19. Notice of the motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Order.

21. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Final Order.

**Dated: New York, New York**
**September 15th, 2016**

                                                 **/s/ STUART M. BERNSTEIN**
                                                 **UNITED STATES BANKRUPTCY JUDGE**