**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) ) ) Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | ) ) Case No. 16-12220 (SMB) ) |
| Debtors. | ) Jointly Administered ) |

## ORDER ESTABLISHING CERTAIN NOTICE,
## CASE MANAGEMENT, AND ADMINISTRATIVE PROCEDURES

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for the entry of Proposed Order approving and implementing the Case Management Procedures, all as more fully set forth in the motion; and the Court having jurisdiction to consider the motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States Southern District of New York, dated as of January 31, 2012; and consideration of the motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the motion; and upon the First Day

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corp. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the motion and the First Day Declaration.

Declaration, the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the motion is in the best interests of the Debtors' estates, their creditors and other parties in interest and that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and any Objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1.      The motion is granted as set forth herein.

2.      The Case Management Procedures, as set forth on <u>Exhibit 1</u> attached hereto, are approved and shall govern all applicable aspects of these chapter 11 cases, except as otherwise ordered by this Court.

3.      The next three Omnibus Hearings are scheduled as follows:

•      10:00 a.m. on the 18th day of October;

•      10:00 a.m. on the 10th day of November; and

•      10:00 a.m. on the 13th day of December.

4.      The Debtors' notice and claims agent, Prime Clerk LLC ("<u>Prime Clerk</u>"), is authorized to establish the Case Website, available at http://cases.primeclerk.com/ish, where, among other things, electronic copies of all Court Filings will be posted and viewable free of charge.

5.      Any notice sent by the Debtors or any other party to the Master Service List or the 2002 List, or to any parties required by the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Case Management Procedures, or further order of this Court, shall be deemed sufficient and in compliance therewith.

6.      Any notice sent by the Debtors or any other party in interest shall be deemed to comply with the requirements set forth in Bankruptcy Code section 342(c)(1).

7.      All time periods set forth in this Order or in the Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

8.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and the requirements of Bankruptcy Rules 6004(a) and 6004(h) shall be waived.

9.      Notice of the motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a) are satisfied by such notice.

10.      The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted pursuant to this Order, in accordance with the motion.

11.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:    New York, New York            _____/s/ STUART M. BERNSTEIN_____
          September 16th , 2016          UNITED STATES BANKRUPTCY JUDGE

## **EXHIBIT 1**

### **Case Management Procedures**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| INTERNATIONAL SHIPHOLDING | ) |
| CORPORATION, *et al.*,[1] | ) |
| Debtors. | ) |

Chapter 11

Case No. 16-12220 (SMB)

Jointly Administered

## <u>CASE MANAGEMENT PROCEDURES</u>

1.      On July 31, 2016 (the "<u>Petition Date</u>"), the above-captioned debtors and debtors

in possession (collectively, the "<u>Debtors</u>"), each filed a voluntary petition for relief under chapter

11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") in the United States Bankruptcy

Court for the Southern District of New York (the "<u>Court</u>").   The Debtors are operating their

businesses and managing their properties as debtors in possession pursuant to Bankruptcy Code

sections 1107(a) and 1108.

2.      On _____, 2016, the Court entered an order (the "<u>Order</u>") approving the case

management procedures (the "<u>Case Management Procedures</u>") set forth herein pursuant to

Bankruptcy Code sections 102(1), 105(a), and 105(d), rules 2002(m), 9007, and 9036 of the

Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and rule 2002-2 of the Local

Bankruptcy Rules for the Southern District of New York (the "<u>Local Rules</u>").   Anyone may

obtain a copy of the Order, as well as any Court Filing (as defined herein) filed with the Court in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are:
International Shipholding Corp. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf
Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co.,
Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC
(8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE
LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and
Marco Shipping Company PTE LTD (4570).   The service address for each of the above Debtors is 601 Poydras
Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

these chapter 11 cases, by:   (a) accessing the website maintained by Prime Clerk, at http://cases.primeclerk.com/ish (the "Case Website"); or (b) contacting Prime Clerk directly at (844) 205-4335 (International: (917) 877-5969).  Finally, paper copies of all pleadings filed in these chapter 11 cases may be available from the Court.

3.     Pursuant to the Order, all notices, motions, applications, briefs, memoranda, affidavits, declarations, Objections, responses, and other documents filed in these chapter 11 cases are subject to, and will not be deemed properly served unless they are served in accordance with, these Case Management Procedures.   Additionally, while the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules apply to these chapter 11 cases, to the extent there is a conflict between the foregoing and these Case Management Procedures, these Case Management Procedures govern in all respects. ***Accordingly, all parties in interest are strongly encouraged to review these Case Management Procedures in their entirety and consult their own legal counsel with respect to any of the matters discussed herein before filing any documents in these chapter 11 cases***.

## Case Management Procedures

**A.     Hearing Procedures**

4.     ***All Matters to Be Heard at Omnibus Hearings***.   The Court shall schedule periodic omnibus hearings (the "Omnibus Hearings") to consider all notices, motions, applications and other requests for relief, briefs, memoranda, affidavits, declarations, replies, and other documents filed in support of such papers seeking relief (collectively, the "Requests for Relief") and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings") pursuant to the below procedures:

2

5.    ***Omnibus Hearings***.   The next three (3) Omnibus Hearings are scheduled as follows:

- 10:00 a.m. on the 18th day of October;

- 10:00 a.m. on the 10th day of November; and

- 10:00 a.m. on the 13th day of December.

6.    ***Subsequent Omnibus Hearings***.   The Debtors may request that the Court schedule additional Omnibus Hearings.  The Court shall schedule such Omnibus Hearings and, upon scheduling, Prime Clerk shall post the dates of the additional Omnibus Hearings on the Case Website.  Parties may contact Prime Clerk for information concerning all scheduled Omnibus Hearings.

7.    ***Proposed Omnibus Hearing Agenda***.   Two (2) business days before each Omnibus Hearing, the Debtors' counsel shall file a proposed agenda with regard to the matters scheduled to be heard at such Omnibus Hearing (the "Proposed Hearing Agenda") and shall serve such agenda by first class mail to the U.S. Trustee and by electronic mail, where available, to the U.S. Trustee, counsel for the Committee, and Affected Entities (as defined below).  The Proposed Hearing Agenda shall include notice of matters that have been consensually adjourned to a later Omnibus Hearing in lieu of parties filing a separate notice of adjournment; *provided that* for all matters adjourned to a later Omnibus Hearing or some other future date, the Debtors also will electronically file (but need not serve) a notice of adjournment with respect to such matter(s).

8.    ***Content of Proposed Hearing Agenda***.   The Proposed Hearing Agenda will include, to the extent known by Debtors' counsel, the following information:  (a) the docket number and title of each matter scheduled to be heard at such Omnibus Hearing, including the

3

initial filing and any Objections, replies, or documents related thereto; (b) whether the matters are contested or uncontested; (c) whether the matters have settled or are proposed to be continued; (d) a suggestion for the order in which the matters should be addressed; and (e) any other comments that will assist the Court.

9.      ***Evidentiary Hearing***.  With respect to any Court Filing, and except as otherwise provided in Local **Bankruptcy** Rule 9014-2, if an Objection or other responsive pleading is filed, the Omnibus Hearing shall not be deemed an evidentiary hearing at which witnesses may testify, unless the Court orders otherwise.  Additionally, any Court Filing requesting or requiring the Court to make a factual finding must be supported by competent evidence (*e.g.*, declarations, affidavits, and exhibits). **[SMB: 9/16/16]**

10.     ***Telephonic Appearances***.  A party desiring to participate in a hearing telephonically must request permission from chambers and notify the Debtors' counsel at least forty-eight (48) hours before the applicable hearing.  If chambers permits telephonic participation, the party participating telephonically must arrange such participation with CourtCall, adhering to the procedures for telephonic participation applicable in the Court.  Those parties participating by phone may not use speakerphones unless authorized by the Court; and because of technical limitations of the equipment and the way speakerphones disrupt proceedings in the courtroom, speakerphone authorizations usually will not be granted.  Parties participating by phone must put their phones on "mute" except when they need to be heard and are not to put their phones on "hold" in any circumstances.

11.     ***Listen-Only Lines***.  Any party may attend hearings through a listen-only line (each, a "Listen-Only Line") by arranging such Listen-Only Line with CourtCall.  For the

avoidance of doubt, any party wishing to use a Listen-Only Line need not seek permission from the Debtors or the Court.

**B.    Filing and Service Procedures**

12.    All Court Filings filed in these chapter 11 cases shall be filed electronically with the Court on the docket of *In re International Shipholding Corporation*, Case No. 16-12220 (SMB), in accordance with the Court's General Order M-399, as may be amended, by registered users of the Court's electronic case filing system (the "Electronic Filing System"). Further, pursuant to Local Rule 9070-1, at least one (1) hard copy of any Court Filing (other than proofs of claim) shall be (a) marked "Chambers Copy" and delivered in an unsealed envelope to the chambers, not later than the next business day following the date on which such Court Filing is electronically filed, and (b) delivered by first class mail or express mail to the Office of the United States Trustee for Region 2 (the "U.S. Trustee").

    *i.    The Service List*

13.    ***Parties Entitled to Service***.  All Court Filings (other than proofs of claim) shall be served on the Master Service List (as defined below) and the 2002 List (as defined below and, together with the Master Service List, the "Service List") according to the following notice procedures.

    a.    **Master Service List**.  Prime Clerk shall maintain a master service list (the "Master Service List"). The Master Service List shall be made available by (i) accessing the Case Website, (ii) contacting Prime Clerk directly, or (iii) contacting the Debtors' counsel directly.  The Master Service List shall include the following parties:

    (1)    the U.S. Trustee;

    (2)    the Debtors and their counsel;

    (3)    the agent under the Debtors' post-petition debtor-in-possession financing (the "DIP Agent") and its counsel;

5

(4)     the official committee of unsecured creditors appointed in these chapter 11 cases (the "<u>Committee</u>") and their counsel;

(5)     counsel to the agents under the Debtors' pre-petition credit facilities;

(6)     the United States Attorney's Office for the Southern District of New York;

(7)     the Internal Revenue Service;

(8)     the United States Securities and Exchange Commission;

(9)     the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; and

(10)    the state attorneys general for states in which the Debtors conduct business.

b.     **2002 List**.  Prime Clerk shall maintain a list of all parties that have filed a request to receive service of Court Filings pursuant to Bankruptcy Rule 2002 (the "<u>2002 List</u>").

(1)     ***Filing Requests for Documents Requires Email Address***.  Request for service of Court Filings pursuant to Bankruptcy Rule 2002 (each, a "<u>2002 Notice Request</u>") filed with the Court shall be deemed proper only if it includes the following information with respect to the party filing such request:  (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

(2)     ***Certification Opting Out of Email Service***.  Any party filing a 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and therefore cannot receive service by email must include in the 2002 Notice Request a certification to that effect (each, a "<u>Certification</u>").  A Certification shall include a statement certifying that the party (a) does not maintain an email address, and (b) cannot practicably obtain an email address at which the party could receive service.  Such party will thereafter receive paper service in accordance with these Case Management Procedures.

(3)     ***Email Address Required***.  If a 2002 Notice Request fails to include an email address or a Certification, the Debtors shall forward a copy of these Case Management Procedures to such party within five (5) business days requesting an email address.  If no email address or Certification is provided in response to such request,

6

such party shall not be added to the 2002 List or served with copies of Court Filings unless such Court Filings directly affect such party.

(4) ***Changes in Information***.  Each party submitting a 2002 Notice Request is responsible for filing with the Court an updated 2002 Notice Request as necessary to reflect changes to any notice information and must serve a copy of such updated 2002 Notice Request upon the Debtors.

c. **Affected Entities**.  All entities with a particularized interest in the subject matter of a specific Court Filing, including the entity filing the Request for Relief is an "<u>Affected Entity</u>" and entitled to be served with all Court Filings relating to that interest.

14. ***Maintenance of the Service List***.  At least every fifteen (15) days during the first sixty (60) days of these chapter 11 cases and at least every thirty (30) days thereafter, Prime Clerk shall update the Service List by making any additions and deletions and post the updated Service List on the Case Website.

ii. *Filing and Service of Court Filings Generally*

15. ***Electronic Filing and Service***.  **Except where the Bankruptcy Rules or Local Bankruptcy Rules require otherwise,** All Court Filings shall be filed electronically with the Court, using the Court's Electronic Filing System ("<u>ECF</u>") and served via email; ~~other than service of a summons and complaint in an adversary proceeding, or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service except where the Bankruptcy Rules or Local Rules expressly require alternative service;~~ *provided*, *however*, Court Filings shall be served on the Service List by email, U.S. mail, express mail, or hand delivery; *provided*, *further*, *however*, that in no event, unless ordered by the Court or otherwise provided in these Case Management Procedures, shall service be made by email upon the U.S. Trustee who does not consent to service by email.  Subject to the limited exclusions set forth herein, each party that files a notice of appearance and a 2002 Notice

7

Request shall be deemed to have consented to electronic service of all Court Filings, except as provided herein. For the avoidance of doubt, except as otherwise provided in Federal Rules of Civil Procedure or the Bankruptcy Rules, service may not be effected **by filing a document on** by ECF. **[SMB: 9/16/16]**

    a.    **Email Subject Line**. With respect to the service of any Court Filing, the subject line of the email shall include (i) the Debtors' case name and number *In re International Shipholding Corporation*, Case No. 16-12220 (SMB), (ii) the name of the party filing such Court Filing, and (iii) the title of the Court Filing being served. If the title of the Court Filing is too long to fit within the subject line of the email, the subject line shall contain a shortened version of such title and the text of the email shall contain the full title of such Court Filing.

    b.    **Email Attachments**. All Court Filings served by email shall include the entire document, including any proposed form(s) of order and exhibits, attachments, or other materials, in PDF, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant Court Filing shall either be attached to the email in a format specified above or the email shall contain a link to such filing in such format. Notwithstanding the foregoing, if a Court Filing cannot be attached to an email (because of its size, technical difficulties, or other concerns), the filing party may serve the Court Filing by U.S. mail, including the proposed form(s) of order and any exhibits, attachments, and other relevant materials; *provided that* the Court Filing is served by hand or overnight delivery on the Service List.

16. ***Paper Service of Certain Affected Entities***. To the extent an Affected Entity's email address is not available, the Debtors (or any other party filing a Court Filing) shall serve such Affected Entity with paper copies by first class mail, express mail, or hand delivery.

17. ***Waiver of Filing Deadlines***. If any Court Filing is filed and served electronically via the Electronic Filing System, the filing deadlines requiring three (3) additional days' notice set forth in Federal Rule of Civil Procedure 6(e) (made applicable to adversary proceedings by Bankruptcy Rule 7005(b)(2)(D)) and Bankruptcy Rule 9006(f) shall not apply.

18. ***Form of Papers***. Unless granted prior permission, motions, applications, and Objections are limited to forty (40) pages and replies and statements are limited to twenty (20)

8

pages, unless otherwise ordered by the Court.  All Court Filings (other than exhibits) shall be
double-spaced, text searchable, twelve (12) point font, with one (1) inch margins.

19.     ***Certificates of Service***.  Certificates of service for all Court Filings, including the
Service List, need only be filed with the Court.

20.     ***Right to Request Special Notice Procedures***.  Nothing herein shall prejudice the
right of any party to seek an amendment or waiver of the provisions of these Case Management
Procedures upon a showing of good cause including, without limitation, the right to file a motion
seeking emergency ex parte relief or relief upon shortened notice.

21.     ***Bankruptcy Code Section 342 Notice Requirements***.  Any notice sent by the
Debtors or any other party in interest in accordance with these Case Management Procedures
shall be deemed to comply with the requirements set forth in Bankruptcy Code section 342(c)(1).

iii.     *Filing and Service of Requests for Relief*

22.     ***Requests for Relief to Be Heard at Omnibus Hearing***.  In accordance with Local
**Bankruptcy** Rule 9006-1(b), in the event that a party files and serves a Request for Relief at
least fourteen (14) days before the next Omnibus Hearing and is served that day in accordance
with these Case Management Procedures, the matter shall be set for hearing at such Omnibus
Hearing.  If a Request for Relief is served by U.S. mail only, it must be filed and served at least
seventeen (17) calendar days before the next Omnibus Hearing.  If a Request for Relief is served
by overnight delivery, it must be filed and served at least fifteen (15) calendar days before the
next Omnibus Hearing.  If a Request for Relief is filed by a party other than the Debtors and
purports to set a hearing date inconsistent with these Case Management Procedures, the Request
for Relief shall be heard, without the necessity of a Court order, at the first Omnibus Hearing
after the applicable notice period has expired and all applicable deadlines shall be accordingly

9

extended.  Any request for relief seeking compensation or reimbursement of expenses should be filed and served either (i) twenty-one (21) in advance of the omnibus hearing in accordance with Rule 2002(a)(6), or (ii) any applicable order of the Court governing compensation of professionals. **[SMB:9/16/16]**

23.    ***Emergency Scheduling Procedures***.  If a movant or applicant other than the Debtors determine that a Request for Relief requires emergency or expedited relief, the movant or applicant **should** ~~shall~~ contact attorneys for the Debtors and the Committee by telephone and request that the Request for Relief be considered on an expedited basis.  If the Debtors or the Committee disagrees with the movant's or applicant's request for emergency or expedited relief, the movant or applicant shall (a) inform the Court of the disagreement by telephone, and (b) arrange for a chambers conference, telephonic or in-person, to discuss the disagreement.  If the Court agrees with the movant or applicant regarding the necessity for expedited consideration, the movant or applicant may, by order to show cause, request an expedited hearing. Nothing herein shall be deemed to modify or prohibit any party's right to seek emergency or expedited relief in accordance with Local **Bankruptcy** Rule 9077-1. **[SMB: 9/16/16]**

24.    ***Notices of Requests for Relief***.  A notice shall be affixed to the front of each Request for Relief and shall set forth (a) the title of the Request for Relief, (b) the time and date of the objection deadline (as determined herein), (c) the parties on whom any Objection is to be served, and (d) the Omnibus Hearing date at which the party intends to present the Request for Relief.  The notice may also include a statement that the relief requested therein may be granted without a hearing if no Objection is timely filed and served in accordance with these Case Management Procedures.

10

25. ***Service of Requests for Relief***.  For any Court Filing for which particular notice is required to be served on all creditors and parties with a particular interest in the relief sought by any Request for Relief, including Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007, and 9019, parties shall serve all such Court Filings on the Service List and on the applicable parties in accordance with the following, unless otherwise ordered by the Court:

a.    in the case of any use, sale, lease, or abandonment of substantially all of the Debtors' property, on each party asserting an interest in that property;

b.    in the case of any relief from or modification of the automatic stay, on each party asserting a lien or other encumbrance on the affected property;

c.    in the case of the use of cash collateral or obtaining of credit, on each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

d.    in the case of a motion under Bankruptcy Rule 9019, on all parties to the relevant compromise and settlement, or that may be directly affected by such compromise or settlement;

e.    in the case of assumption, assignment, or rejection of an executory contract or an unexpired lease, on each party to the executory contract or the unexpired lease;

f.    any Objection, opposition, response, reply, or further document filed directly in response to another party's Court Filing, on such other party; and

g.    on all parties as required by the Bankruptcy Rules, unless otherwise directed by the Court.

26. ***Notice Provisions Not Applicable to Certain Matters***.  Except as set forth in the Case Management Procedures or otherwise provided by order of this Court, the notice provisions of the Case Management Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

a.    Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

b.    ~~Bankruptcy Rule 2002(a)(2) (any proposed use, sale, or lease of property of the estate other than in the ordinary course of business, to the extent~~

11

~~that such use, sale, or lease concerns all or substantially all of the Debtors'~~
~~assets);~~**[SMB: 9/16/16]**

c.      Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

d.      Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

e.      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

f.      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections to and any hearing to consider approval of a disclosure statement);

g.      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections to and any hearing to consider confirmation of a chapter 11 plan);

h.      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

i.      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

j.      Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

k.      Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

l.      Bankruptcy Rule 2002(f)(6) (waiver, denial, or revocation of a discharge as provided in Bankruptcy Rule 4006);

m.      Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

n.      Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

27.     ***Requests for Relief to Include Proposed Order***.  Parties submitting written motions or other Requests for Relief shall be required to include a proposed order with such Request for Relief and such party shall bring a **hard** copy of the proposed order in Word format to the hearing **together** on a disk or thumb drive **that contains the order in Word format.**

**[SMB: 9/16/16]**

iv.    *Filing and Service of Objections and Replies*

28.    ***Service and Filing of Objections***.  Any Objection to a Request for Relief must be

filed with the Court and served upon the party filing the Request for Relief and those parties on

the Service List by the following deadlines (each, as applicable, the "Objection Deadline"):

    a.    Deadlines.

        (1)    in the case of a Request for Relief filed fourteen (14) or more days before the applicable hearing, 4:00 p.m. (prevailing Eastern Time), seven (7) calendar days before the applicable hearing;

        (2)    in the case of a Request for Relief set for hearing on an expedited basis and filed fewer than ten (10) days before the applicable hearing, 12:00 p.m. (prevailing Eastern Time) on the business day preceding the applicable hearing; or

        (3)    in any case, as otherwise ordered by the Court.

    b.    Service.  All Objections shall be filed with the Court and served by the applicable Objection Deadline upon the party filing the Request for Relief, those parties on the Service List including each Affected Entity; provided that if the Objection Deadline is after the date that is seven (7) days before the applicable hearing, then Objections shall also be served by email, facsimile, hand delivery, or overnight mail upon the following parties:  (1) the Debtors and their counsel, (2) counsel to the DIP Agent; (3) the agents under the Debtors' pre-petition credit facilities, (4) the Committee and their counsel, (5) the U.S. Trustee, and (6) each Affected Entity.

29.    ***Extension of Objection Deadline***.  The Objection Deadline may be extended

without order of the Court upon the consent of the party filing the Request for Relief, but such

party shall provide written~~, which writing may be via email,~~ notice **by email** to chambers of any

such extension.**[SMB: 9/16/16]**

30.    ***Effect of Failure to File Objection by Objection Deadline***.  Failure to file an

Objection by the Objection Deadline may cause the Court to not consider the Objection.

31.    ***Service of Replies to Objections***.  If a Court Filing is a reply to an Objection, such

reply shall be filed with the Court and served so as to actually be received by (a) the Debtors and

their counsel, (b) counsel to the DIP Agent, (c) the agents under the Debtors' pre-petition credit facilities and their counsel, (d) the Committee and their counsel, (e) the U.S. Trustee, and (f) each Affected Entity by 12:00 p.m. (prevailing Eastern Time) at least two (2) business days preceding the applicable hearing date.

32.     *Settlements*.   In the event that a matter is properly noticed for hearing and the parties reach a settlement of the dispute prior to the scheduled hearing, and the parties shall promptly notify the Court, the parties may announce the settlement at the scheduled hearing.   In the event that the Court determines that the notice of the dispute and the hearing is adequate notice of the effects of the settlement (*i.e.*, that the terms of the settlement are not materially different from what parties in interest could have expected if the dispute were fully litigated), the Court may approve the settlement at the hearing without further notice of the terms of the settlement.

33.     In the event that the Court determines that additional or supplemental notice is required, the Debtors shall serve such notice in accordance with these Case Management Procedures and a hearing to consider such settlement shall be held on the next hearing date deemed appropriate by the Court.

         *v.*     *Granting a Request for Relief Without a Hearing*

34.     ***Presentment; Certificate of No Objection***.

         a.     <u>Presentment</u>.   Notwithstanding anything contained herein, a party may settle or present a proposed order for approval by the Court **to the extent** as provided by Local Rule 9074-1. **The presentation of a proposed order must include evidence to support the requested relief. The time for serving notice of the presentment and the filing of objections shall be the same as if the applicant proceeded by notice of motion.** ~~provided that the presentment of a proposed order pursuant to Local Rule 9074-1(c), or any other similar administrative or standard order, must be filed and served at least seven (7) calendar days before the presentment date and Objections thereto must be filed and served at least one (1) calendar day~~

14

~~before presentment date, and the presenting party shall comply with the procedures on chambers' website.~~[SMB: 9/16/16]

b.    <u>Certificate of No Objection</u>.  If no Objection to a Request for Relief is filed and served in a timely fashion, the movant may submit a proposed order granting the Request for Relief to the Court along with a certificate of no objection (a "<u>Certificate of No Objection</u>") stating that no Objection has been filed or served on the movant.  By filing such certification, counsel for the movant represents to the Court that the movant is unaware of any Objection to the Request for Relief and that counsel has reviewed the Court's docket and no Objection appears thereon.

35.    ***Order May Be Entered Without Hearing***.  Upon receipt of a Certificate of No Objection, the Court may enter an order granting the Request for Relief without further pleading, hearing, or request and once an order granting such Request for Relief is entered, no further hearing on the Request for Relief shall be held.

36.    ***Request for Relief May be Heard at a Hearing***.  After a Certificate of No Objection has been filed, the Request for Relief may be heard at the next Omnibus Hearing if the Court does not enter an order granting the Request for Relief before such Omnibus Hearing.

vi.    *Filing and Service of Orders*

37.    ***Service of Orders***.  All parties submitting orders shall serve a conformed copy of any entered order on (a) each Affected Entity, (b) the Debtors and their counsel, (c) the Committee and its counsel, (d) counsel to the DIP Agent; (e) counsel to the agents under the Debtors' pre-petition credit facilities, and (f) the U.S. Trustee within two (2) business days of entry of the order.  Prime Clerk shall post all orders on the Case Website.

vii.    *Filing and Service of Adversary Proceedings*

38.    ***Serving Court Filings in Adversary Proceedings***.  All Court Filings in any adversary proceeding commenced in these chapter 11 cases shall be served upon each Affected Entity and any other parties required to be served under any applicable Bankruptcy Rule or Local Rule.

15

39.    ***Discovery Rules in Contested Matters and Adversary Proceedings***.    Unless otherwise ordered by the Court, Federal Rules of Civil Procedure 26(a)(1) (initial disclosures), 26(a)(2) (disclosures with respect to expert testimony), 26(a)(3) (additional pretrial disclosures), and 26(f) (mandatory meeting before scheduling conference/discovery plan) are inapplicable in contested matters but are applicable to adversary proceedings.

viii.    *Other Pleadings*

40.    ***Joinders***.    Any party seeking to support any Court Filing may file an expression of support of such Court Filing (a "<u>Joinder</u>").    Unless otherwise ordered by the Court, filing a Joinder does not entitle such party to:    (a) be an independent proponent of the Court Filing; (b) independently support or oppose any related Court Filings; (c) independently settle the underlying Request for Relief that is the subject of the applicable Court Filing; or (d) independently receive a ruling from the Court on the Court Filing.    The Court may deem a Joinder to be a brief in support of the applicable Court Filing, but the Court shall not consider any arguments or factual allegations contained in a Joinder but not in the related Court Filing and no party shall be required to separately respond to a Joinder.

41.    ***Motion Practice for Lift Stay Actions***.    A motion filed by a non-Debtor party seeking relief from the automatic stay (a "<u>Stay Relief Motion</u>") in accordance with Bankruptcy Code section 362 shall be noticed for consideration on the Omnibus Hearing date that is at least twenty-one (21) days after the Stay Relief Motion is filed and notice thereof is served upon the Debtors.    Unless otherwise ordered by the Court, the objection deadline shall be the later of (a) fourteen (14) calendar days after the filing and service of the Stay Relief Motion, or (b) three (3) calendar days prior to the hearing scheduled with respect thereto.

42.     Notwithstanding Bankruptcy Code section 362(e), if a Stay Relief Motion is scheduled in accordance with these Case Management Procedures for, or adjourned to, a hearing date thirty (30) days after the filing of the Stay Relief Motion, the moving party shall be deemed to have consented to the continuation of the automatic stay in effect pending the conclusion of, or as a result of, a final hearing and determination under Bankruptcy Code section 362(d) and shall be deemed to have waived its right to assert the termination of the automatic stay under Bankruptcy Code section 362(e).

43.     ***Motions for Summary Judgment***.  Pursuant to Local Bankruptcy Rule 7056-1, no motion for summary judgment may be made without first seeking a pre-motion conference.  A request for such conference shall be made by letter, filed and served in accordance with these Case Management Procedures, setting forth the issues to be presented under the summary judgment motion.

44.     ***Motions for Reargument***.   Motions for reargument must identify with particularity the matter for reconsideration in accordance with Local Rule 9023-1.  If, after review of the motion, the Court determines that it wishes a response and/or hearing, it will notify the applicable parties accordingly.

45.     ***Motions for Temporary Restraining Orders***.  Parties seeking a temporary restraining order (a "TRO") must comply with the requirements of Federal Rule of Civil Procedure 65(b) and Local **Bankruptcy** Rule 9077-1.  Applications for a TRO may be heard in open court, on the record, with a court reporter or audio recording.  Parties wishing to oppose a TRO will be heard by telephone upon request with the Court's permission.  Applicants seeking TROs are reminded of the need to submit with their motion papers the written affidavit required under Federal Rule of Civil Procedure 65(b) and Local Rule 9077-1 confirming the notice

17

provided to anyone who might wish to oppose the application. Any assertions that notice cannot or should not be given must likewise be supported by affidavit. Any request for a TRO must be preceded by a telephone call to chambers, advising chambers of the nature of the controversy, the need for emergency relief, why a noticed hearing for a preliminary injunction would be insufficient, when a hearing on the TRO application is needed and when the motion papers will be forthcoming. Except in those rare cases where advance notice of the TRO application would vitiate the purpose of a TRO (and where that can be established by affidavit), immediate telephonic notice of the application must be provided to all parties reasonably expected to be affected by entry of the TRO, or provisions therein. In addition, the motion papers on any TRO application must be hand delivered, emailed, or faxed to any such parties at the same time that the papers are provided to chambers. **[SMB: 9/16/16]**

## C.    Additional Case Management Procedures

46.    ***Adequate Notice***.   Notice and service accomplished in accordance with the provisions set forth in these Case Management Procedures shall be deemed adequate in all respects pursuant to the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

47.    ***Computation of Time***.   Unless otherwise specified, all time periods referenced in these Case Management Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

48.    ***Promulgation of these Case Management Procedures***.   As soon as practicable after the entry of the Proposed Order, a copy of these Case Management Procedures shall be served by the Debtors on each of the parties on the Master Service List. In addition, shortly after the end of each calendar month, Prime Clerk shall serve a copy of these Case Management Procedures upon any party filing a 2002 Notice Request within such calendar month. To help

ensure that all parties who may participate in these chapter 11 cases are aware of the terms of these Case Management Procedures, the Debtors will post these Case Management Procedures on the Case Website.