AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS' APPLICATION FOR ENTRY OF AN
ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF AKIN
GUMP STRAUSS HAUER & FELD LLP AS COUNSEL TO THE DEBTORS AND
DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

    **PLEASE TAKE NOTICE** that on September 26, 2016, the Debtors filed the *Debtors'*

*Application for Entry of an Order Authorizing the Employment and Retention of Akin Gump*

*Strauss Hauer & Feld LLP as Counsel to the Debtors and Debtors in Possession,* Nunc Pro Tunc

*to the Petition Date* (the "Application").

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding, Inc. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380);  Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094);  Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).  The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "<u>Hearing</u>") to consider the Application shall be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Customs House, One Bowling Green, New York, New York 10004, Courtroom: 723, on October 18, 2016 at 10:00 a.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that any responses to the Application must be made in writing; shall conform to the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and the Local Rules of the Bankruptcy Court (the "<u>Local Rules</u>"); shall be filed with the Bankruptcy Court with a hard copy delivered directly to Chambers, and served so as to be actually received by (i) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq., Email: dbotter@akingump.com, and Sarah Link Schultz, Esq., 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, Email: sschultz@akingump.com, proposed counsel for the Debtors; (ii) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq., Email: rfeinstein@pszjlaw.com, and Bradford J. Sandler, Esq., Email: bsandler@pszjlaw.com, proposed counsel to the statutory committee of unsecured creditors; (iii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick St., Room 1006, New York, New York 10014, Attn: Serene Nakano, Esq., Email: serene.nakano@usdoj.gov; (iv) counsel to the agents under the Debtors' pre-petition credit facilities; (v) counsel to the agent under the Debtors' post-petition debtor-in-possession financing; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) the Securities and Exchange Commission; (ix) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002; and (x) all

other parties on the master service list prepared and maintained pursuant to the Order

Establishing Certain Notice, Case Management, and Administrative Procedures [ECF No. 178],

no later than **October 11, 2016 at 4:00 p.m. (prevailing Eastern Time) (the "Objection**

**Deadline").**

**PLEASE TAKE FURTHER NOTICE** that if no objections or responses are timely filed

and served with respect to the Application, the Debtors may, on or after the Objection Deadline,

submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed

to the Application, which may be entered with no further notice or opportunity to be heard.

Dated:  New York, New York
       September 26, 2016

**AKIN GUMP STRAUSS HAUER & FELD LLP**
By: _/s/ David H. Botter_
David H. Botter
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted  *pro hac vice*)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to Debtors and Debtors in
Possession*

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Debtors. | Jointly Administered |

**DEBTORS' APPLICATION FOR
ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF AKIN GUMP
STRAUSS HAUER & FELD LLP AS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") seek

entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"),

authorizing the Debtors to employ and retain Akin Gump Strauss Hauer & Feld LLP ("Akin

Gump") as counsel to the Debtors, *nunc pro tunc* to the Petition Date (as defined herein).  In

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding, Inc. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660);  U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380);  Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).  The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

support of this application, the Debtors submit the declaration of Sarah Link Schultz (the "Schultz Declaration"), which is attached hereto as Exhibit B, and the declaration of Manuel G. Estrada, Vice President and Chief Financial Officer of the Debtors, which is attached hereto as Exhibit C (the "Estrada Declaration"). In further support of the application, the Debtors respectfully state as follows:

## JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The bases for the relief requested herein are sections 327(a), 328(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 2014-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

**A.    General Background**

4.  On July 31, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. These chapter 11 cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b). No trustee or examiner has been appointed in the chapter 11 cases. On September 1, 2016, the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Committee") [ECF No. 125]..

2

6.      A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the *Declaration of Erik. L. Johnsen, President and Chief Executive Officer, Pursuant to Local Rule 1007-2 and in Support of First Day Filings* [Docket No. 7] (the "<u>First Day Declaration</u>") contemporaneously herewith and incorporated by reference as if fully set forth herein.

**B.      Akin Gump's Qualifications**

7.      The Debtors have determined that it is necessary to engage attorneys with knowledge and experience in the areas of bankruptcy reorganization, finance, tax, and corporate governance.   Such legal counsel will enable the Debtors to carry out their duties in these chapter 11 cases and will assist the Debtors in the reorganization of their estates.   The Debtors, therefore, propose to retain the law firm of Akin Gump as their bankruptcy counsel in these chapter 11 cases.

8.      Akin Gump has recognized expertise with business reorganizations under chapter 11 of the Bankruptcy Code and has been actively involved in many of the largest chapter 11 cases filed in the last ten years.   Akin Gump represents or has represented debtors and debtors in possession and other parties in interest in recent cases, including, among others:   *In re Hercules Offshore, Inc.*, No 16-11385 (KJC) (Bankr. D. Del. July 12, 2016) [Docket No. 203]; *In re Quicksilver Resources Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. April 14, 2015) [Docket No. 196]; *In re Allied Nevada Gold Corp.*, No. 15-10503 (MFW) (Bankr. D. Del. April 15, 2015) [Docket No. 195]; *In re QCE Finance LLC*, No. 14-10543 (LSS) (Bankr. D. Del. April 9, 2014) [Docket No. 186]; *In re Metro Affiliates, Inc.,* No. 13-13591 (SHL) (Bankr. S.D.N.Y. Dec. 3, 2013) [Docket No. 181]; *In re Geokinetics Inc.*, No. 13-10472 (KJC) (Bankr. D. Del. April 2, 2013) [Docket No. 172]; *In re Atari, Inc.,* No. 13-10176 (JMP) (Bankr. S.D.N.Y. Feb. 26, 2013) [Docket No. 97]; *In re Inner City Media Corp.*, No. 11-13967 (SCC) (Bankr. S.D.N.Y. Oct. 5,

3

2011) [Docket No. 105]; *In re Archbrook Laguna Holdings LLC*, No. 11-13292 (SCC) (Bankr. S.D.N.Y. Aug. 3, 2011) [Docket No. 144]; *In re TerreStar Corp.,* No. 11-10612 (SHL) (Bankr. S.D.N.Y. Feb. 23, 2011) [Docket No. 13]; *In re TerreStar Networks, Inc.,* No. 10-15446 (SHL) (Bankr. S.D.N.Y. Nov. 10, 2010) [Docket No. 179]; *In re Trident Res. Corp.,* No. 09-13150 (MFW) (Bankr. D. Del. Oct. 5, 2009) [Docket No. 73]; and *In re Granite Broad. Corp.,* No. 06-12985 (ALG) (Bankr. S.D.N.Y. Nov. 14, 2006) [Docket No. 37].

9.     In addition to its recognized expertise in complex chapter 11 cases, Akin Gump has extensive knowledge about the Debtors' business and financial affairs.  As described more fully in the Schultz Declaration, during the three (3) months prior to the Petition Date, Akin Gump worked extensively with the Debtors, providing legal representation, advice, and counsel with respect to a variety of matters, focusing on bankruptcy and restructuring matters.  As a result, Akin Gump is familiar with the Debtors' business, financial affairs, and capital structure and has the necessary background to address effectively and efficiently the various legal issues that may arise in the context of these chapter 11 cases.  Accordingly, the Debtors believe that Akin Gump is both well qualified and uniquely situated to represent them in these chapter 11 cases.

## C.     Scope of Services

10.     Subject to further order of the Court, the Debtors request the employment and retention of Akin Gump to render, among others, the following professional services:

     i.     advise the Debtors with respect to their rights, powers, and duties as debtors in possession in the continued operation of their business and the management of their properties;

     ii.     advise the Debtors with respect to the conduct of these chapter 11 cases, including all of the legal and administrative requirements in chapter 11;

     iii.     advise the Debtors and take all necessary or appropriate actions at the Debtors' direction with respect to protecting and preserving the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending

4

any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

iv.    prepare pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and other papers necessary or otherwise beneficial to the administration of the Debtors' estates;

v.    assist the Debtors in obtaining the Court's approval of the post-petition debtor-in-possession financing facility;

vi.    advise the Debtors in connection with any potential sale of assets;

vii.    appear before the Court and any other courts to represent the interests of the Debtors' estates before such courts;

viii.    advise the Debtors regarding tax matters;

ix.    attend meetings and represent the Debtors in negotiations with representatives of creditors and other parties in interest;

x.    negotiate, prepare, and obtain approval of the Debtors' chapter 11 plan and documents related thereto; and

xi.    perform and advise the Debtors (as applicable) as to all other necessary legal services in connection with the chapter 11 cases, including, without limitation, (i) analyzing the Debtors' leases and contracts and assumptions and assignments or rejections thereof, (ii) analyzing the validity of liens against the Debtors, and (iii) advising the Debtors on corporate and litigation matters.

11.    In addition, by separate applications filed contemporaneously herewith or expected to be filed shortly hereafter, the Debtors are also seeking to employ: (a) Blackhill Partners, LLC ("Blackhill"), as financial advisor and investment banker to the Debtors; (b) Prime Clerk LLC ("Prime Clerk"), as the Debtors' administrative agent;[2] (c) Jones Walker LLP ("Jones Walker"), as general corporate counsel; and (d) Postlethwaite & Netterville ("P&N"), as financial and accounting services provider. In addition, the Debtors may file applications to employ additional professionals. Akin Gump will work closely with each of these professionals to prevent unnecessary or inefficient duplication of services, and will take whatever steps are necessary and appropriate to avoid any such duplication.

---

[2] The Debtors also filed an application seeking to retain Prime Clerk as their claims and noticing agent, which the Court approved on August 4, 2016 [Docket No. 39].

### D.    Professional Compensation

12.    Akin Gump intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

13.    Subject to the approval of this Court, Akin Gump will bill at its standard hourly rates in effect when services are rendered.  Akin Gump's current hourly rates for matters related to or similar to these chapter 11 cases range as follows:  $800—$1,325 for partners; $695—$875 for counsel; $455—$795 for associates; and $225—$350 for paraprofessionals.  The current hourly rates for the Akin Gump attorneys with primary responsibility for providing services to the Debtors are:

| | | |
|---|---|---|
| i. | David H. Botter (Partner, Financial Restructuring), $1,220; |
| ii. | Sarah Link Schultz (Partner, Financial Restructuring), $1,050; |
| iii. | Sarah J. Crow (Counsel, Financial Restructuring), $770; |
| iv. | J. Robertson Clarke (Associate, Financial Restructuring), $690; |
| v. | Robert J. Shannon (Associate, Financial Restructuring), $520; and |
| vi. | Anthony Loring (Associate, Financial Restructuring), $455. |

14.    In addition to the above attorneys, other attorneys and paraprofessionals will, from time to time, assist in the representation of the Debtors in connection with these chapter 11 cases at Akin Gump's standard hourly rates in effect for such personnel.

15.    The Debtors believe that these rates are consistent with market rates for comparable services, and are informed that Akin Gump sets its hourly rates on an annual basis after consulting with various independent market sources.

16.     The foregoing hourly rates were effective as of January 1, 2016.  Akin Gump's

billing rates are subject to periodic adjustments (typically in January of each year) to reflect

economic and other conditions.  As discussed herein, Akin Gump represented the Debtors during

the three (3) month period before the Petition Date, using the hourly rates in effect at that time.

Akin Gump's billing rates did not change or otherwise increase between Akin Gump's

engagement and the Petition Date.

17.     Additionally, the hourly rates set forth above are Akin Gump's standard hourly

rates for work of this nature.  These rates are set at a level designed to compensate Akin Gump

fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.

Akin Gump operates in a complicated, national marketplace for legal services in which rates

are driven by multiple factors relating to the individual lawyer, his or her area of specialization,

the firm's expertise, performance and reputation, the nature of the work involved, and other

factors.  Akin Gump's hourly rates vary with the experience and seniority of the individuals

assigned.  Akin Gump's hourly rates, however, are consistent with the rates that Akin Gump

charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case.

Akin Gump did not agree to any variations from, or alternatives to, its standard or customary

billing arrangements for this engagement.

18.     Akin Gump has provided the Debtors with a prospective budget and staffing plan.

19.     Subject to this Court's approval, Akin Gump will also bill for, and maintain

detailed records of, actual and necessary costs and expenses incurred in connection with the legal

services described above.  The Debtors understand that Akin Gump is customarily reimbursed

for all  actual, documented expenses incurred in connection with the representation of a client in

a given matter, including, but not limited to, photocopying services, printing, delivery charges, filing fees, postage, and computer research time.

**E.      Compensation Received by Akin Gump from the Debtors**

20.      As set forth above, Akin Gump has represented the Debtors since May 2016 in connection with certain transactional and pre-petition restructuring matters.  Akin Gump received compensation for fees and reimbursement for expenses related to such services in accordance with Akin Gump's customary billing practices in the aggregate amount of $1,470,993.59.

21.      Prior to the Petition Date, the Debtors advanced $250,000.00 to Akin Gump on account of services to be performed and expenses to be incurred in connection with the filing and prosecution of these chapter 11 cases (the "Advance Payment").  Prior to the Petition Date, Akin Gump debited $14,922.45 against the Advance Payment on account of services performed and expenses incurred in connection with the filing of these chapter 11 cases.  The Debtors propose that the remaining $235,077.55 of the Advance Payment be treated as an evergreen retainer to be held by Akin Gump as security through these chapter 11 cases until Akin Gump's fees and expenses are awarded by final order and payable to Akin Gump.

22.      The Debtors have agreed to provide Akin Gump with an evergreen retainer, which reflect normal business terms in the marketplace.  *See In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) (explaining that "the practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's").  Moreover, the Debtors believe that the request for approval of an evergreen retainer in these cases satisfies the five-part test articulated in *Insilco*.  First, as stated above, the proposed terms of its engagement reflect normal business terms in the market-place.  Second, both the Debtors and Akin Gump are sophisticated

8

business entities that have negotiated the Advance Payment at arm's length.  Third, the Debtors believe that approval of the Advance Payment as an evergreen retainer is in the best interests of their estates.  Indeed, at this crucial stage of the Debtors' chapter 11 cases, the Debtors believe that it is essential that they have immediate and uninterrupted access to sophisticated counsel to assist in the prosecution of these chapter 11 cases.  Fourth, is the Debtors are currently unaware of any creditor opposition to the approval of the Advance Payment as an evergreen retainer. Fifth, given the size, circumstances and posture of the Debtors' chapter 11 cases, the Debtors believe that approval of the Advance Payment as an evergreen retainer provides an appropriate level of risk minimization in connection with the payment of Akin Gump's prospective fees and costs in these cases.

23.    Indeed, in similar circumstances, this Court has overruled opposition and approved professional retainers as evergreen retainers.  *See Saint Vincents Catholic Medical Center of New York*, Case No. 05-14945 (CGM) (Bankr. S.D.N.Y. July 1, 2010) (bench decision) (overruling the United States Trustee's objection to an evergreen retainer held by Debtors' professionals); *In re Capmark Fin. Group Inc.*, Case No. 09-13684 (CSS) (Bankr. D. Del. Dec. 10, 2009).  Given the extensive nature of the services that Akin Gump will provide to the Debtors, the retention of Akin Gump under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the Debtors' reorganization.

24.    Pursuant to Bankruptcy Code section 504 and Bankruptcy Rule 2016(b), Akin Gump has not shared or agreed to share (a) any of its compensation from the Debtors with any other persons, other than employees and members of Akin Gump, or (b) any compensation any other persons have received or may receive.

9

**F.**    **Akin Gump's Disinterestedness**

25.    To the best of the Debtors' knowledge, information, and belief, neither Akin Gump, nor any Akin Gump professional working on or connected to Akin Gump's engagement on the Debtors' behalf, has any connection with the Debtors, their creditors, or any other party in interest in the Debtors' chapter 11 cases, or their respective attorneys or accountants, except as set forth in the Schultz Declaration.

26.    To the best of the Debtors' knowledge, information, and belief, Akin Gump does not hold or represent any interest adverse to the Debtors or their estates, except as set forth in the Schultz Declaration.  Akin Gump will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise.

27.    Based upon the Schultz Declaration, the Debtors submit that Akin Gump is a "disinterested person," as such term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), as required by Bankruptcy Code section 327(a).

**RELIEF REQUESTED**

28.    By this application, and pursuant to Bankruptcy Code sections 327(a), 328(a), and 330, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, the Debtors request authority to retain and employ Akin Gump as their bankruptcy counsel under an evergreen retainer *nunc pro tunc* to the Petition Date.

**SUPPORTING AUTHORITY**

29.    Bankruptcy Code section 327(a) provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

30.    Additionally, pursuant to Bankruptcy Code section 328(a), the Debtors "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis."  11 U.S.C. § 328(a).  Bankruptcy Code section 328(a) permits compensation of professionals on flexible terms that reflect the nature of their services and market conditions.  *See In re Vertis Holdings, Inc.*, No. 12-12821 (CSS) (Bankr. D. Del. Nov. 20, 2012), Docket No. 294 (authorizing the retention and employment of lead counsel to the debtors under Bankruptcy Code sections 327(a) and 328(a)).

31.    Furthermore, Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

32.    The Debtors submit that for all the reasons stated above and in the Schultz Declaration, the retention and employment of Akin Gump as counsel to the Debtors is warranted. Further, as stated in the Schultz Declaration, Akin Gump is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), as required by Bankruptcy Code section 327(a), and does not hold or represent an interest adverse to the Debtors' estates and has no connection to the Debtors, their creditors, or other parties in interest, except as disclosed in the Schultz Declaration.

11

## NOTICE

33.     No trustee or examiner has been appointed in the Debtors' chapter 11 cases.  The

Debtors have caused notice of this application to be provided by electronic mail, facsimile,

regular or overnight mail, and/or hand delivery to: (i) the U.S. Trustee; (ii) the agent under the

Debtors' post-petition debtor-in-possession financing and its counsel; (iii) the Committee and its

counsel; (iv) counsel to the agents under the Debtors' pre-petition credit facilities; (v) the United

States Attorney's Office for the Southern District of New York; (vi) the Internal Revenue

Service; (vii) the United States Attorney for the Southern District of New York; (viii) the

Securities and Exchange Commission; (viii) all parties that have filed a request to receive service

pursuant to Bankruptcy Rule 2002; and (ix) all other parties on the master service list prepared

and maintained pursuant to the Order Establishing Certain Notice, Case Management, and

Administrative Procedures [ECF No. 178].   In light of the nature of the relief requested, the

Debtors respectfully submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, substantially in the form of the Proposed Order, granting the relief requested herein, and (b) grant such other and further relief as may be just and proper.

New Orleans, Louisiana
Date: September 26, 2016

Manuel G. Estrada, Chief Financial Officer
Vice President and
Chief Financial Officer
International Shipholding Corporation

**<u>Exhibit A</u>**

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Debtors. | Jointly Administered |

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF AKIN GUMP STRAUSS HAUER & FELD LLP AS COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE

Upon the application of the Debtors[2] for entry of this Order, pursuant to Bankruptcy Code sections 327(a), 328(a), and 330, Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1, authorizing the Debtors to retain and employ Akin Gump as their bankruptcy counsel, *nunc pro tunc* to the Petition Date, all as further described in the Application; and the Court having jurisdiction to consider the motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States Southern District of New York*, dated as of January 31, 2012; and consideration of the motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the motion being adequate and appropriate under the particular circumstances; and a

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding, Inc. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the application.

hearing having been held to consider the relief requested in the motion; and upon the Schultz Declaration, the Estrada Declaration, the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest, and that the legal and factual bases set forth in the application establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**:

1.      The application is approved as set forth herein.

2.      The Debtors are authorized to retain and employ Akin Gump pursuant to Bankruptcy Code sections 327(a), 328(a) and 330 as their bankruptcy counsel under an evergreen retainer *nunc pro tunc* to the Petition Date, in accordance with the terms and conditions set forth in the application.

3.      Akin Gump is authorized to provide the Debtors with the professional services described in the application. Specifically, but without limitation, Akin Gump will render the following legal services:

    i.      advise the Debtors with respect to their rights, powers, and duties as debtors in possession in the continued operation of their business and the management of their properties;

    ii.     advise the Debtors with respect to the conduct of these chapter 11 cases, including all of the legal and administrative requirements in chapter 11;

    iii.    advise the Debtors and take all necessary or appropriate actions at the Debtors' direction with respect to protecting and preserving the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

    iv.    prepare pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and other papers necessary or otherwise beneficial to the administration of the Debtors' estates;

2

v.    assist the Debtors in obtaining the Court's approval of the post-petition debtor-in-possession financing facility;

vi.    advise the Debtors in connection with any potential sale of assets;

vii.    appear before the Court and any other courts to represent the interests of the Debtors' estates before such courts;

viii.    advise the Debtors regarding tax matters;

ix.    attend meetings and represent the Debtors in negotiations with representatives of creditors and other parties in interest;

x.    negotiate, prepare, and obtain approval of the Debtors' chapter 11 plan and documents related thereto; and

xi.    perform and advise the Debtors (as applicable) as to all other necessary legal services in connection with the chapter 11 cases, including, without limitation, (i) analyzing the Debtors' leases and contracts and assumptions and assignments or rejections thereof, (ii) analyzing the validity of liens against the Debtors, and (iii) advising the Debtors on corporate and litigation matters.

4.    Akin Gump shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the *Amended Order Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals*, dated December 21, 2010, the *Amended Guidelines for Fees and Disbursements for Professionals in the Southern District of New York*, and the monthly compensation order, if any.

5.    Akin Gump shall hold the remaining balance of the Advance Payment as an evergreen retainer until Akin Gump's fees and expenses are awarded by final order.

6.    Akin Gump shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, counsel to the agents under the Debtors' pre-petition credit facilities, counsel to the agents under the Debtors postpetition credit facilities, the International Organization of Masters, Mates and Pilots ("IOMM&P"), the Marine Engineers Beneficial Association ("MEBA"), and the Seafarers International Union ("SIU"),  and any official committee appointed in these chapter 11 cases before any increases in the rates set forth in the application are implemented and shall

3

file such notice with the Court.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in Bankruptcy Code section 330, and the Court retains the right to review any rate increase pursuant to Bankruptcy Code section 330.

7.    Akin Gump shall use its best efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

8.    The Debtors and Akin Gump are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

9.    The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Application.

10.    Notice of the application as provided therein is deemed to be good and sufficient notice of such application, and the requirements of the Local Rules are satisfied by the contents of the application.

11.    To the extent that the application, the Schultz Declaration, or the Estrada Declaration is inconsistent with this Order, the terms of this Order shall govern.

12.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13.    The Court retains jurisdiction with respect to all matters arising from or related to interpretation, implementation or enforcement of this Order.

New York, New York
Date: _____, 2016


_____
UNITED STATES BANKRUPTCY JUDGE


4

**Exhibit B**

**Schultz Declaration**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Debtors. | Jointly Administered |

**DECLARATION OF SARAH LINK SCHULTZ**
**""""""""""""""""""""""IN SUPPORT OF THE DEBTORS' APPLICATION**
**FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF AKIN GUMP STRAUSS**
**HAUER & FELD LLP AS COUNSEL TO THE DEBTORS AND**
**DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

I, Sarah Link Schultz, under penalty of perjury, declare as follows:

1.      I am an attorney admitted to practice in the State of Texas, and I am a partner with

the firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump").  Akin Gump maintains an

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding, Inc. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660);  U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380);  Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094);  Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).  The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

office, among other places, at 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201.  There are

no disciplinary proceedings pending against me.

2.      I am duly authorized to make this declaration (the "Declaration") on behalf of

Akin Gump in support of the application (the "Application")[2] of the Debtors for authority to

employ and retain Akin Gump as counsel to the Debtors, *nunc pro tunc* to the Petition Date,

under the terms and conditions set forth in the Application.  I submit this Declaration in

accordance with Bankruptcy Code sections 327(a), 328(a), and 330, Bankruptcy Rules 2014(a)

and 2016(b), and Local Rule 2014-1.  Except as otherwise noted, I have personal knowledge of

the matters set forth herein.

## A.      Akin Gump's Qualifications

3.      The Debtors seek to retain Akin Gump because of its recognized expertise with

business reorganizations under chapter 11 of the Bankruptcy Code and its knowledge of the

Debtors' business and financial affairs.

4.      Akin Gump has been actively involved in many of the largest chapter 11 cases

filed in the last ten years.  Akin Gump represents or has represented debtors and debtors in

possession and other parties in interest in recent cases, including, among others:  *In re Hercules

Offshore, Inc.*, No 16-11385 (KJC) (Bankr. D. Del. July 12, 2016) [Docket No. 203]; *In re

Quicksilver Resources Inc.*, No. 15-10585 (LSS) (Bankr. D. Del. April 14, 2015) [Docket No.

196]; *In re Allied Nevada Gold Corp.*, No. 15-10503 (MFW) (Bankr. D. Del. April 15, 2015)

[Docket No. 195]; *In re QCE Finance LLC*, No. 14-10543 (LSS) (Bankr. D. Del. April 9, 2014)

[Docket No. 186]; *In re Metro Affiliates, Inc.,* No. 13-13591 (SHL) (Bankr. S.D.N.Y. Dec. 3,

2013) [Docket No. 181]; *In re Geokinetics Inc.*, No. 13-10472 (KJC) (Bankr. D. Del. April 2,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the
Application.

2013) [Docket No. 172]; *In re Atari, Inc.,* No. 13-10176 (JMP) (Bankr. S.D.N.Y. Feb. 26, 2013)

[Docket No. 97]; *In re Inner City Media Corp.,* No. 11-13967 (SCC) (Bankr. S.D.N.Y. Oct. 5,

2011) [Docket No. 105]; *In re Archbrook Laguna Holdings LLC*, No. 11-13292 (SCC) (Bankr.

S.D.N.Y. Aug. 3, 2011) [Docket No. 144]; *In re TerreStar Corp.,* No. 11-10612 (SHL) (Bankr.

S.D.N.Y. Feb. 23, 2011) [Docket No. 13]; *In re TerreStar Networks, Inc.,* No. 10-15446 (SHL)

(Bankr. S.D.N.Y. Nov. 10, 2010) [Docket No. 179]; *In re Trident Res. Corp.,* No. 09-13150

(MFW) (Bankr. D. Del. Oct. 5, 2009) [Docket No. 73]; and *In re Granite Broad. Corp.,* No. 06-

12985 (ALG) (Bankr. S.D.N.Y. Nov. 14, 2006) [Docket No. 37].

5.      In addition to its recognized expertise in complex chapter 11 cases, Akin Gump is

familiar with the Debtors' business and financial affairs based on its representation of the

Debtors over approximately three (3) months preceding the Petition Date.  As discussed in the

Application and herein, Akin Gump worked extensively with the Debtors, providing legal

representation, advice, and counsel with respect to a variety of matters, focusing on bankruptcy

and restructuring matters.   As a result, Akin Gump is intimately familiar with the Debtors'

business, financial affairs, and capital structure, and has the necessary background to address

effectively and efficiently the various legal issues that may arise in the context of these chapter

11 cases.  For these reasons, I believe that Akin Gump is both well qualified and uniquely

situated to represent the Debtors in these chapter 11 cases.

**B.      Scope of Services**

6.      Subject to further order of the Court, and consistent with the Application, the

Debtors retained Akin Gump to render, without limitation, the following legal services:

> i.       advise the Debtors with respect to their rights, powers, and duties as
> debtors in possession in the continued operation of their business and the
> management of their properties;

> ii.      advise the Debtors with respect to the conduct of these chapter 11 cases,
> including all of the legal and administrative requirements in chapter 11;

iii.     advise the Debtors and take all necessary or appropriate actions at the Debtors' direction with respect to protecting and preserving the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

iv.     prepare pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and other papers necessary or otherwise beneficial to the administration of the Debtors' estates;

v.     assist the Debtors in obtaining the Court's approval of the post-petition debtor-in-possession financing facility;

vi.     advise the Debtors in connection with any potential sale of assets;

vii.     appear before the Court and any other courts to represent the interests of the Debtors' estates before such courts;

viii.     advise the Debtors regarding tax matters;

ix.     attend meetings and represent the Debtors in negotiations with representatives of creditors and other parties in interest;

x.     negotiate, prepare, and obtain approval of the Debtors' chapter 11 plan and documents related thereto; and

xi.     perform and advise the Debtors (as applicable) as to all other necessary legal services in connection with the chapter 11 cases, including, without limitation, (i) analyzing the Debtors' leases and contracts and assumptions and assignments or rejections thereof, (ii) analyzing the validity of liens against the Debtors, and (iii) advising the Debtors on corporate and litigation matters.

**C.     Professional Compensation**

7.     Akin Gump intends to apply for compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases, subject to the Court's approval and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

8.     Subject to the approval of this Court, Akin Gump will bill at its standard hourly rates in effect when services are rendered.  Akin Gump's current hourly rates for matters related to these chapter 11 cases range as follows:  $800—$1,325 for partners; $695—$875 for counsel;

4

$455—$795 for associates; and $225—$350 for paraprofessionals.  The current hourly rates for the Akin Gump attorneys with primary responsibility for providing services to the Debtors are:

    i.        David H. Botter (Partner, Financial Restructuring), $1,220;

    ii.       Sarah Link Schultz (Partner, Financial Restructuring), $1,050;

    iii.     Sarah J. Crow (Counsel, Financial Restructuring), $770;

    iv.     J. Robertson Clarke (Associate, Financial Restructuring), $690;

    v.       Robert J. Shannon (Associate, Financial Restructuring), $520; and

    vi.     Anthony Loring (Associate, Financial Restructuring), $455.

9.      In addition to the above attorneys, other attorneys and paraprofessionals will, from time to time, assist in the representation of the Debtors in connection with these chapter 11 cases at Akin Gump's standard hourly rates in effect for such personnel.

10.      The foregoing hourly rates were effective as of January 1, 2016.  Akin Gump's billing rates are subject to periodic adjustments (typically in January of each year) to reflect economic and other conditions.  As discussed herein, Akin Gump represented the Debtors during the three (3) month period before the Petition Date, using the hourly rates in effect at that time.  Akin Gump's billing rates did not change or otherwise increase between Akin Gump's engagement and the Petition Date.

11.      Additionally, the hourly rates set forth above are Akin Gump's standard hourly rates for work of this nature.  These rates are set at a level designed to compensate Akin Gump fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  Akin Gump operates in a complicated, national marketplace for legal services in which rates are driven by multiple factors relating to the individual lawyer, his or her area of specialization, the firm's expertise, performance, and reputation, the nature of the work involved, and other factors.  Akin Gump's hourly rates vary with the experience and seniority of the individuals

assigned. Akin Gump's hourly rates, however, are consistent with the rates that Akin Gump charges other comparable chapter 11 clients, regardless of the location of the chapter 11 case. Akin Gump did not agree to any variations from, or alternatives to, its standard or customary billing arrangements for this engagement.

12.     Akin Gump has provided the Debtors with a prospective budget and staffing plan.

13.     Subject to this Court's approval, Akin Gump will also bill for, and maintain detailed records of, actual and necessary costs and expenses incurred in connection with the legal services described above. Akin Gump is customarily reimbursed for all expenses incurred in connection with the representation of a client in a given matter, including, but not limited to, photocopying services, printing, delivery charges, filing fees, postage, and computer research time.

**D.     Compensation Received by Akin Gump from the Debtors**

14.     As set forth above, Akin Gump has represented the Debtors since May 2016 in connection with certain pre-petition restructuring matters. Akin Gump received compensation for fees and reimbursement for expenses related to such services in accordance with Akin Gump's customary billing practices in the aggregate amount of $1,470,993.59.

15.     Prior to the Petition Date, the Debtors advanced $250,000.00 to Akin Gump on account of services performed and to be performed and expenses incurred and to be incurred in connection with the filing and prosecution of these chapter 11 cases (the "Advance Payment"). Prior to the Petition Date, Akin Gump debited $14,922.45 against the Advance Payment on account of services performed and expenses incurred in connection with the filing of these chapter 11 cases. The Debtors propose that the remaining $235,077.55 of the Advance Payment paid to Akin Gump in contemplation of services to be rendered by Akin Gump as counsel, pursuant to the Application, be applied to services performed in connection with the Court's

6

anticipated order authorizing the employment of Akin Gump.  Akin Gump intends to hold the balance of the Advance Payment as an evergreen retainer in these chapter 11 cases as discussed in the Application.

16.    In this district, I believe that evergreen retainer agreements reflect normal business terms in the marketplace.  *See Saint Vincents Catholic Medical Center of New York*, Case No. 05-14945 (CGM) (Bankr. S.D.N.Y. July 1, 2010) (bench decision) (overruling the United States Trustee's objection to an evergreen retainer held by Debtors' professionals); *see also In re Insilco Tech., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003) (explaining that "the practice [of receiving security retainers] in this district has been engaged in since at least the early 1990's").  Moreover, Akin Gump and the Debtors are sophisticated business entities that have negotiated the Advance Payment at arm's length.  The Advance Payment secures Akin Gump's fees and expenses for work performed in connection with the Debtors' chapter 11 cases.  Thus, I believe, under the standards articulated in the persuasive *Insilco* decision as well as the facts and circumstances of these cases support the approval of the security retainer requested herein.

17.    Given the extensive nature of the services that Akin Gump will provide to the Debtors, I believe that the retention of Akin Gump under an evergreen retainer is appropriate and necessary to enable the Debtors to faithfully execute their duties as debtors and debtors in possession and to implement the Debtors' reorganization.

18.    Pursuant to Bankruptcy Code section 504 and Bankruptcy Rule 2016(b), Akin Gump has not shared or agreed to share (a) any of its compensation from the Debtors with any other persons, other than employees and members of Akin Gump, or (b) any compensation any other persons have received or may receive.

E.      **Akin Gump's Disinterestedness**

19.      In connection with its proposed retention by the Debtors in these chapter 11 cases,

Akin Gump undertook a thorough review of its computerized database (the "Conflicts

Database") to determine whether it had any conflicts or other relationships that might cause it not

to be disinterested or to hold or represent an interest adverse to the Debtors.   The Conflicts

Database is designed to include every matter on which Akin Gump is now and has been engaged,

and, in each instance, the identity of related parties and adverse parties and certain of the

attorneys in the firm that are knowledgeable about the matter.  It is the policy of Akin Gump that

no new matter may be accepted or opened within the firm without completing and submitting to

those charged with maintaining the Conflicts Database the information necessary to check each

such matter for conflicts, including the identity of the prospective client, the matter, and the

related and adverse parties.  Accordingly, Akin Gump maintains and systematically updates this

system in the regular course of business of the firm, and it is the regular practice of the firm to

make and maintain these records.

20.      In particular, in connection with the preparation of this Declaration, through my

colleagues, I submitted to the Conflicts Database the names of the individuals and entities that

may be parties in interest in these chapter 11 cases, including, without limitation:  (i) the Debtors

and their affiliates; (ii) the Debtors' (a) former and current officers and directors, and other key

employees, (b) lenders and their affiliates, (c) lenders' restructuring advisors, (d) potential and

active litigation counterparties, (e) equity interest holders, (f) banking institutions, (g) insurance

carriers, (h) landlords, (i) other professionals proposed to be retained in these chapter 11 cases,

(j) vendors, (k) taxing authorities and (l) utility providers; and (m) the U.S. Trustee, the judges

for the Southern District of New York, and the court personnel for the Southern District of New

8

York.  A complete list of all searched parties is annexed hereto as <u>Schedule 1</u> (collectively, the

"<u>Searched Parties</u>").  Where an entity has a name similar to a party on <u>Schedule 1</u> or is possibly

related to such party in matters wholly unrelated to the Debtors' chapter 11 cases, those parties

have also been searched in the Conflicts Database.  The information listed on <u>Schedule 1</u> may

have changed without our knowledge and may change during the pendency of these chapter 11

cases.  Akin Gump will update this Declaration as necessary and when Akin Gump becomes

aware of additional material information.

21.     Set forth on <u>Schedule 2</u>, annexed hereto, is a list of those Searched Parties that

Akin Gump either (a) currently represents (the "<u>Current Clients</u>") in matters wholly unrelated to

these chapter 11 cases, and/or (b) has in the past represented in matters wholly unrelated to these

chapter 11 cases.  In connection with the services to be rendered to the Debtors, Akin Gump will

not commence a cause of action in these chapter 11 cases against the parties listed on <u>Schedule 2</u>

that are current or ongoing clients of Akin Gump (including parties listed below under the

"Specific Disclosures" section of this Declaration) unless Akin Gump has an applicable waiver

on file or first receives a waiver from such party allowing Akin Gump to commence such an

action.  To the extent that a waiver does not exist or is not obtained from such client and it is

necessary for the Debtors to commence an action against that client, the Debtors will be

represented in such particular matter by conflicts counsel.

22.     Set forth on <u>Schedule 3</u>, annexed hereto, is a listing of those Searched Parties that

are currently, or may have in the past been, adverse to clients of Akin Gump in matters wholly

unrelated to these chapter 11 cases.

23.     Set forth on <u>Schedule 4</u>, annexed hereto, is a listing of those Searched Parties that currently serve or have served on informal and/or official creditors' committees represented by Akin Gump.

24.     As part of its diverse practice, Akin Gump appears in cases, proceedings, and transactions involving many different professionals, including attorneys, accountants, financial consultants, and investment bankers, some of which may represent claimants and parties in interest in the Debtors' chapter 11 cases.  In addition, Akin Gump may have in the past or may currently be representing other professionals involved in these chapter 11 cases in matters unrelated to these chapter 11 cases.  Based on our current knowledge of the professionals involved, Akin Gump does not represent or have a relationship with any attorneys, accountants, financial consultants, or investment bankers that would be materially adverse to the Debtors or their estates on matters upon which Akin Gump is to be employed and none are in connection with these chapter 11 cases.

25.     Akin Gump and certain of its partners, counsel, and associates also may have in the past represented, may currently represent, and likely in the future will represent creditors, equity security holders, or other parties in interest in these chapter 11 cases in connection with matters unrelated (except as otherwise disclosed herein) to the Debtors and these chapter 11 cases.  Akin Gump believes that its representation of such creditors, equity security holders, or other parties in interest in such unrelated matters will not affect its representation of the Debtors in these proceedings.

26.     Except for the parties listed on <u>Schedule 2</u>, neither I nor Akin Gump has represented or will represent any entity in connection with these chapter 11 cases, and neither I

nor Akin Gump will accept any fee from any other party or parties in these chapter 11 cases, except as otherwise described herein.

27.     Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, Akin Gump, nor any partner, counsel, or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtors, their creditors, or any other parties in interest, their respective attorneys and accountants, the U.S. Trustee, any person employed with the U.S. Trustee, or any bankruptcy judge currently serving on the United States Bankruptcy Court for the Southern District of New York, except as disclosed or otherwise described herein.

28.     Additionally, to the best of my knowledge and information based on the responses received, no member or employee of Akin Gump holds any of the Debtors' debt or equity securities nor is any member or employee of Akin Gump an insider of the Debtors.

29.     Akin Gump will periodically review its files during the pendency of these chapter 11 cases to ensure that no conflicts or other disqualifying circumstances exist or arise.  If any new relevant facts or relationships are discovered or arise, Akin Gump will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

**F.     Specific Disclosures**

30.     As specifically set forth herein and in the attached schedules, Akin Gump represents certain of the Debtors' creditors, equity security holders, or other parties in interest in ongoing matters unrelated to the Debtors and these chapter 11 cases.  None of the representations described herein are materially adverse to the interests of the Debtors or the Debtors' estates. Moreover, pursuant to Bankruptcy Code section 327(c), Akin Gump is not disqualified from

11

acting as the Debtors' counsel as a result of its representation of certain of the Debtors' creditors, equity security holders, or other parties in interest in matters unrelated to these chapter 11 cases.

> **(i)    Connections with Parties Representing 1% or More of Akin Gump's Revenues for 2013, 2014 and 2015 (for the twelve-month period ending December 31, 2015)**

31.    At the inception of each engagement for which a declaration is required pursuant to Bankruptcy Rule 2014, Akin Gump reviews the information relating to the parties involved in a bankruptcy case to determine whether any such party, together with its known related entities, were clients of Akin Gump and as a result made payments to Akin Gump for services rendered in the calendar year prior to the date of review that in the aggregate for each such party exceeds 1% of Akin Gump's total revenue for such calendar year.  In connection with this Declaration, Akin Gump has also reviewed similar information for the years 2013, 2014, and 2015 (for the twelve-month period ending December 31, 2015).

32.    With the exception of AT&T (noted below), Akin Gump's revenues for services rendered on behalf of each of the parties in interest identified on Schedule 2, with respect to each such party in interest, were less than 1% of Akin Gump's annual revenue in each of calendar year 2013, 2014, and 2015 (for the twelve-month period ending December 31, 2015).

33.    As noted above, Akin Gump currently represents and has formerly represented AT&T in numerous matters unrelated to these chapter 11 cases.  The total fees received from AT&T represented approximately 2.79% of Akin Gump's receivables for the twelve-month period ending December 31, 2015.

34.    Akin Gump represents AT&T and its affiliates in a variety of litigation, policy, intellectual property, and M&A matters.  AT&T provides utility services to the Debtors. Akin Gump believes that this case will not involve the kinds of issues on which it advises and represents AT&T.

### (ii)    *Relationships with Other Professionals*

35.    As disclosed on <u>Schedule 2</u>, Akin Gump currently represents or formerly has represented certain professionals that the Debtors seek to retain in connection with these chapter 11 cases or affiliates, subsidiaries, or entities associated with such professionals.  All such representations have been in matters unrelated to the Debtors and these chapter 11 cases. Akin Gump has not represented and will not represent any such professionals in connection with these chapter 11 cases.

### (iii)    *Relationships with the Debtors and Debtors' Affiliates*

36.    Akin Gump currently represents the Debtors and certain related parties.  Additionally, certain interrelationships exist among the Debtors. Nevertheless, the Debtors have advised Akin Gump that the Debtors' relationships to each other do not pose any conflict of interest because of the general unity of interest among the Debtors.

37.    Certain of the Debtors or their affiliates may now, or in the future, be creditors in other bankruptcy cases where Akin Gump represents the debtor(s) or other parties in interest.  Insofar as I have been able to ascertain, at this time, no active objections to claims of any of the Debtors or their affiliates or any contested matters against any of the Debtors are pending in such cases.  In the event that a claims objection or any other proceeding adverse to the Debtors or their affiliates arises in a bankruptcy case where Akin Gump represents the debtor(s) or other parties in interest that would give rise to a conflict, Akin Gump will have conflicts counsel handle such objection or proceeding.

*(iv)*     ***Other Disclosures***

38.     Akin Gump regularly represents informal groups of creditors of companies that are facing financial distress, which financial distress may not have been publicly disclosed. Some of these companies may be or may become vendors or creditors of the Debtors. Akin Gump will only represent such informal groups in matters wholly unrelated to the Debtors' chapter 11 cases.

39.     Additionally, Akin Gump may have represented in the past or may currently represent or in the future represent entities (other than parties on the attached schedules) not currently known to Akin Gump in matters wholly unrelated to the chapter 11 cases who may be parties in interest in these cases. To the extent that Akin Gump discovers any such information or needs to update the information disclosed herein, Akin Gump will disclose such information by filing a supplemental declaration pursuant to Bankruptcy Rule 2014.

**G.     Affirmative Statement of Disinterestedness**

40.     Based on the conflicts search conducted to date and described herein, to the best of my knowledge and insofar as I have been able to ascertain, (a) Akin Gump is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), as required by Bankruptcy Code section 327(a), and does not hold or represent an interest adverse to the Debtors' estates; and (b) Akin Gump has no connection to the Debtors, their creditors, or other parties in interest, except as disclosed herein.

## ATTORNEY STATEMENT PURSUANT TO FEE GUIDELINES

41.     The following is provided in response to the request for additional information set forth in Paragraph D.1 of the Fee Guidelines.

**Question:** Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement?

**Response:** No.

**Question:** Do any of the professionals included in this engagement vary their rate based on the Geographic location of the bankruptcy case?

**Response:** No.

**Question:** If you represented the client in the 12 months prepetition, disclose you billing rates and material financial terms of the prepetition engagement, including any adjustments during the last 12 months prepetition. If you billings rates and materials financial terms have changed postpetition, explain the difference and the reasons for the difference.

**Response**: Akin Gump has represented the Debtors since May 2016 as described in paragraph 14 above. Akin Gump's customary billing practices, and the compensation Akin Gump received on account of the prepetition representation, remain the same postpetition. During the 12 month period prior to the petition, Akin Gump's billing rates and material financial terms have not changed, other than the periodic adjustment (typically in January of each year) to reflect economic and other conditions.

**Question**: Has you client approved you prospective budget and staffing plan, and, if so, for what budget period?

**Response**: Yes, the Debtors have approved a preliminary budget and staffing plan through the end of October 2016.

42.     Akin Gump intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Fee Guidelines, both in connection with this Application and fee applications to be filed by Sheppard Mullin in these chapter 11 cases

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on September 26, 2016, in Dallas, Texas.

By: _____
Sarah Link Schultz
Partner

15

**Schedule 1**
**Schedule of Searched Parties**

**Debtor Affiliates**

Central Gulf Lines, Inc.                         LMS Shipmanagement, Inc.
Coastal Carriers, Inc.                           Marco Shipping Company (PTE) Ltd
Dry Bulk Americas Ltd.                           Mary Ann Hudson, LLC
Dry Bulk Australia Ltd.                          N.W. Johnsen & Co., Inc.
Enterprise Ship Company, Inc.                    Sheila McDevitt, LLC
Frascati Shops, Inc.                             Sulphur Carriers, Inc.
Gulf South Shipping PTE Ltd.                     Tower, LLC
International Shipholding Corporation             U.S. United Ocean Services, LLC
LCI Shipholdings, Inc.                           Waterman Steamship Corporation

**Non-Debtor Affiliates**

Bulk Shipholding, Inc.                           Marco Shipping Company (PTE) Ltd.
Cape Holding, Ltd.                               MPV Netherlands C.V.
CG Railway, Inc.                                 MPV Netherlands Cooperatief U.A.
Dry Bulk Cape Holding Inc.                       MPV Netherlands S.V.
East Gulf Shipholding, Inc.                      Terminales Transgolfo, S.A. de C.V.

**Officers & Directors**

Beer, Kenneth H.                                 Johnston, Peter M.
Cameron, William M.                              Lane, H. Merritt III
Chambers, Robert T.                              Lupberger, Edwin A.
Dean-Rosenbohm, Sheila                           McNamara, James J.
Estrada, Manuel G.                               Morrissette, Harris V.
Greha, H. Hughes                                 Narmontas, Carol
Grehan, Brooke Y.                                Nazareth, Francis P.
Higginbotham, James T.                           Robinson, T. Lee Jr.
Hines, William H.                                Ryan, J. W.
Jaskot, John J.                                  Wild, Kevin M.
Johnsen, Erik L.                                 Wilson, Kevin M.
Johnsen, Niels M.
Johnsen, R. Christian

**Landlords**

CCP Harbour Island c/o Redstone                  Regus
Cypress Point, LLC                               Retirement Systems of Alabama
One Whitehall LP c/o Ruding Management           Stirling 601 Properties LLC
  Co

16

## Litigation Counterparts

Singleton, O'neil
Smith, Frederick
Stanford, Glen C
Stephen Galati
Tague, Joseph
Talley, Floyd  L
Thomas Canevari
Thomas,Cuttie
Thompson,Hine LLP
Thrasher, Guy M
Torres, Juan

Trader, Ernest
Traser, William C
Turner, Dorvan L
Vanloo, William
Vogel, Edward
Wainwright, Voight
Walker, Prentis
Wiley, Oscar
Wilson, Willie J
Winter, Harold J
Zuber, Clayborn A

## Government

AL Department of Revenue
CA Franchise Tax Board
City of Mobile
City of New Orleans
Dallas County
DE Secretary of State
FL Department of Revenue
Hillsborough County
Inland Revenue Authority of Singapore
Internal Revenue Service
LA Department of Revenue
MA Department of Revenue
Mobile County

NY State Department of Taxation and
   Finance
NYC Department of Finance
Orleans Parish
Panama
Plaquemines Parish Sheriff
State of TX
The British Virgin Islands
The Cayman Islands
The Republic of the Marshall Islands
VA Department of Taxation
Westchester Surplus Lines Insurance Co.
Zurich American Insurance Co.

## Vendors (Top 100)

Al Rashed International
Alabama State Port Authority
Alfa Laval Inc
American Bureau Of Shipping
American Express
Anchor Sandblasting
Associated Federal Pilots And
Azuma Engineering (S) Pte Ltd
Belle Chasse Marine Trans Inc
Ben Line Agencies (S) Pte Ltd
Bms United Bunkers
Bomin Bunker Oil Pte Ltd
Buck Kreihs Marine Repair LLC
Cargill Inc

Custom Instrument & Automation
Daihatsu Diesel (America), Inc.
Daikai Engineering Pit Ltd
Damrich Coatings Inc
Delta Marine Environmental LLC
Dept Of Homeland Security
Diversified Environmental
Dockside Machine & Ship Repair
Epsco
Exline Inc
Fastenal Company
Fibrecraft Asia Pte Ltd
Garba Industrial Service Inc
Global Marine Service Co Ltd

17

Greenbrier Rail Services
Gulf Coast Bulk Equipment Inc
Hbs Japan Co Ltd
Horizon Air Freight Inc
Imc Co Ltd
Inmarsat Solutions (Us) Inc
Innova Automation Pte Ltd
Intermarine LLC
International Paint LLC
International Ship Repair
Iss Machinery Services Limited
J A M Distributing Co
Jimenez Graffam & Lausell
John W Stone Oil Distributor
Jotun Paints Inc
Kevin Clark Electrical Service
Kristensons Petroleum Co Inc
Landstar Inway Inc
Lightning Bay Pneu-Draulics
Lloyd's Register Of Shipping
Macgregor Usa Inc
Marine Industrial Gears
Marine Terminal Corporation
Marine Towing Of Tampa LLC
Marsh USA Inc
Marunda Utama Engineering Pte
Masters Mates & Pilots
Matson Integrated Logistics
Meba Medical Benefits Plan
Meridian Global Consulting LLC
Mid-Pacific Industries Inc
Millard Maritime
Milliman Inc
Mmif, LLC
Nippon Yusen Kaisha

Port Manatee Ship Repair & Ara Plan
Portserv International Ltd
Radio Holland Usa
Rolls-Royce Naval Marine Inc
Rsa Building Expense Fund
Seafarers Harry Lundeberg
Seafarers Vacation Plan
Seafarers Welfare Plan
Sembcorp Marine
Seven Seas Shipchandlers LLC
Sunami Marine Co.,Ltd.
Swiss Diesel Inc
Sysco West Coast Florida Inc
Tampa Bay Pilots Association
Tampa Electric Company
Tampa Port Authority
Tampa Ship LLC
Teho Ropes & Supplies Pte Ltd
Thompson Hine LLP
Thompson Tractor Co Inc
Total Lubrifiants Sa
U.S. Customs & Border
United Bulk Terminals
US Bioservices Corp
US Foods Inc
Velocity Technology Solutions
W.H. Brennan & Co (Pte) Ltd
Wartsila North America Inc
Washington Maritime Shipping
Wilhelmsen Ships Services Inc
Windels Marx Lane & Mittendorf
Windward Marine-Industrial
Yusen Navtec Co Ltd
Z Prime Naval Support Inc

**Insurance**

ACE
ACE USA
Alterra American Insurance Company
American Longshore Mutual Association, Ltd.
AmRisc, LLC (AmWINS of Georgia)
CNA
Continental Casualty Company

Great American
Great American Insurance Company
Insurance Company of the State of Pennsylvania (AIG)
Lloyd's America
Navigators Insurance Company
PMA Companies

18

ProSight Speciality Insurance (New York Marine)

Sentinel Insurance Company, LTD

Southern Marine and Aviation (Lloyd's)

The Standard Club Europe Ltd.

V.O. Schinnerer & Company, Inc.

XL Catlin

Zurich American Insurance Company

## **Employees (Contract)**

Callaway, Cleveland

Durosky, Alexander

Hoffman, Jeffrey

Henry, Alastair

Magnilia, Cheryl

## **Employees**

Adam, Megan S.

Ado Mohamud, Abdifatah

Albritton, Leland H.

Baldwin, Christopher L.

Barry, David

Bates, Sherri A.

Bautista Jr, Emiliano

Begovich, Charlene

Bell, Larry

Bennington, Robert

Blethen Jr, Roger E.

Booth, Matthew

Bradley, Clinton

Brown, Donald

Burke, Michael T.

Burkhardt Jr., Regis A.

Burrell, Marvin K.

Burton, Meredith E.

Buxton, Melanie H.

Bynum, Elsha

Caire, Peter J.

Cameron, William M.

Campbell, Alma J.

Carlen, Linda S.

Carver, Charlene A.

Caver, Robert

Chambers, Robert T.

Claxton, Martha I.

Collins, Robert L.

Copeland, Steven T.

Cowles, Shari A.

Creighton, Alexis M.

Dang, Long V.

De Benedetto, Daniel J.

Dean Jr, George W.

Dien, Tuan

Doucet, Dustin M.

Elmore, Gilbert

Estrada, Manuel G.

Farkas, Krista J.

Federico, June O.

Flowers, John D.

Fury Jr, Manuel J.

Gatlin, Ashley G.

Gerretz, Camille V.

Grehan, Brooke Y.

Grover, Frank

Halter, Andrew B.

Hawkins, Nigel J.

Herrin, Brent M.

Higginbotham, James T.

Hines, Benjamin E.

Ho, Bo

Johnsen, Erik L.

Johnsen, Niels M.

Johnson, Denzel

Johnson, Michael K.

Johnston, Peter M.

Jones, Edward

Kahler, William

Katoch, Baldev S.

Kennedy, Rodney D.

Kingrey, Erika R.

LeMoine, Shannon P.

Lopez Salazar, Adrian A.

Lu, Duc V.

Lua, Rex C.
Lunkin, Demetrius L.
Marks, Leigh T.
McCollough, Matthew A.
McLaughlin, Kevin J.
Meyer, Charles W.
Milliner, Thomas S.
Murphy, Paul T.
Murphy, Sean L.
Nahas, George A.
Narmontas, Carol
Nazareth, Francis P.
Nguyen, Chau K.
Nguyen, Chinh V.
Nguyen, Dang
Nguyen, Kim-Dung
Nguyen, Minh K.
Nguyen, To
Nhaier, Ali
Nossaman, Jennifer D.
Palmer, Ian M.
Patrick, Leslie B.
Pham, Hieu
Phan, Tuan
Pomier, Michelle L.
Porter, Alexander L.
Preiss, Matthew B.
Prescott, Ted A.
Radford, Shannon M.
Ragas Jr, Charles D.
Randazzo, Michael
Rathsavong, Alex
Reed, Carol E.
Reyes, Alan V.
Richards, Mary R.

Roberts, Cathy L.
Rosenbohm, Sheila D.
Ryan, Joseph W.
Savelli, Kenneth M.
Seal, Jacqueline
Seoane, Eduardo A.
Shelton, Britney
Sied, Mensur O.
Siedel, Magalys F.
Simpson, Shannon
Smith, Michael V.
Smith, Theresa R.
St Ann-Pichon, Victoria
Strong, Kenneth E.
Stuart, Gilbert R.
Summerville, Tammy G.
Tate, Kena S.
Tidwell, Michael R.
Tillman, Cynthia D.
Towne, Christopher A.
Tran, Kenny T.
Vinturella, Jessica
Vo, Kimberly
Washington, Lynda M.
Watson, James H.
White, Anthony M.
White, Robert H.
Wild, Kevin M.
Wilson, Beryl
Wilson, Kevin M.
Winecoff, David
Woods, Cynthia L.
Woods, Derrick L.
Wu, Shiying

**Professionals**

Blackhill Partners, LLC

Prime Clerk LLC

**Environmental**

ADEM Montgomery Office
California Environmental Protection Agency
Cayman Islands Environmental Centre

Delaware Dept of Natural Resources & Environmental Control
EPA Region 1
EPA Region 2

20

EPA Region 3 Main Office
EPA Region 6 Main Office
Federal Maritime Commission
Federal Railroad Administration
Florida Department of Environmental Protection
Louisiana Department of Environmental Quality
Massachusetts Department of Environmental Protection
National Environment Agency
New York State Department of Environmental Conservation

PBL Netherlands Environmental Assessment Agency
PBL Netherlands Environmental Assessment Agency
Texas Commission on Environmental Quality
United States Environmental Protection Agency Region 4
US Department of Transportation
US EPA
US EPA Pacific Southwest, Region 9
Virginia Department of Environmental Quality

**Banks**

American Stock Transfer & Trust Co LLC
BB & T Equipment Finance Corp
BMO Harris Equipment Finance Co
Capital One
Capital One N.A.
Capital Source Bank
Citizens Bank
DnB Capital LLC
DVB Bank SE

DVB Transport (US) LLC
ING Bank Corp. CL. Amsterdam
ING Bank N.V.
JPMorgan Chase Bank NA
Liberty Bank and Trust Co.
RBS Asset Finance, Inc.
Regions Bank
Whitney Bank
Whitney National Bank

**UCC Lienholders**

Appleby
Bank of America NA as Security Trustee
BB&T Equipment Finance Corporation
BMO Harris Equipment Finance
Capital One National Association
CapitalSource Bank
Commerzbank AG (As Legal Successor of Deutsche Schiffsbank Aktiengesellschaft
DNB Nor Bank ASA
DVB Bank SE
GTC Connecticut Statutory Trust
Gulf South, Inc.
HSH Nordbank AG

ING Bank N.V.
Jefferies Finance LLC
Midland Bank PLC
Powerhouse Diesel Services Inc
RBS Asset Finance, Inc.
Regions Bank
U.S. Small Business Adminstration
US Bank Equipment Finance
US Bank National Association
Web Bank
Wells Fargo Bank NA, as Security Trustee
Wells Fargo Bank Northwest, National Association

**Equity Holders**

James, Raymond

Johnsen, Niels M.

## Utilities

Alabama Power
AT&T (1% Client)
AT&T Mobility (Subsidiary of AT&T, Inc.)
Cogent Communications
Cox Business - New Orleans
Deltacom 1058
Frontier Communications
Harbor Communications
Inmarsat
MAWS
Multi-Point Communications
Progressive Waste Solutions of FL

Rapid Systems
Razorline LLC
Southern Light Fiber
Sprint
Stericycle Comsol
Tampa Electric
T-Mobile
Verizon
Waste Management of Alabama - Northeast
Waste Management of Alabama - Mobile
Waste Management of Florida

## Top 40 Creditors

Alabama State Port Authority
ARA Plan
Associated Federal Pilots
BMS United Bunkers
Bomin Bunker Oil PTE Ltd
Buck Kreihs Marine Repair LLC
Crescent Towing & Salvage
Delta Marine Environmental LLC
Exline Inc.
Fastenal Company
Gulf Coast Bulk Equipment Inc
Horizon Air Freight Inc.
Inmarsat Solutions (US) Inc
Intermarine LLC
J A M Distributing Co
John W Stone Oil Distributor
Jones Walker
Kristensons Petroleum Co Inc.
Lloyd's Register of Shipping
MacGregor USA Inc.

Marine Terminal Corporation
Marine Towing of Tampa LLC
Masters Mates & Pilots
Matson Integrated Logistics
Meba Medical Benefits Plan
Meridian Global Consulting LLC
Mid-Pacific Industries Inc.
NYK
Seafarers Heafarers Harry Lundeberg
Seafarers Vacation Plan
Seafarers Welfare Plan
Tampa Bay Pilots Association
Tampa Electric Company
Terminal Railway
Thompson Hine LLP
Thompson Tractor Inc.
Total Lubrifiants SA
United Bulk Terminals
Washington Maritime Shipping
Windels Marx Lane & Mittendorf

## U.S. Trustee & Court Personnel

Abriano, Victor
Arbeit, Susan
Cassara, Amanda
Catapono, Maria
Choy, Danny A.
Fields, Myrna R.

Golden, Susan
Harrington, William K.
Joseph, Nadkarni
Martinez, Anna M.
Masumoto, Brian S.
Mendoza, Ercilia A.

Moroney, Mary V.
Morrissey, Richard C.
Nakano, Serene
Ng, Cheuk M.
Riffkin, Linda A.
Rodriguez, Ilusion
Schwartz, Andrea B.

Schwartzberg, Paul K.
Scott, Shannon
Sharp, Sylvester
Velez-Rivera, Andy
Zipes, Greg M.

## Judges

Bernstein, Stuart M.
Chapman, Shelley C.
Drain, Robert D.
Garrity, James L.
Gerber, Robert E.
Glenn, Martin

Grossman, Robert E.
Lane, Sean H.
Morris, Cecelia G. (Chief Judge)
Vyskocil, Mary Kay
Wiles, Michael E.

## Significant Competitors

China Shipping Co.
Crowley Maritime
CSX Corporation
Eagle Bulk Shipping
Genco Shipping & Trading Limited
Gener8 Maritime Inc
Global Ship Lease Inc.
Horizon Lines

Matson Alaska, Inc.
Matson Navigation Company
Matson, Inc.
Seaboard Marine
Seacor Holdings
Yangming Marine Tran

## OCP

Accountemps
Adeeta Corporate Staffing
American Stock Transfer & Trust
AP Consultants
Baker & McKenzie LLP
Broadridge
Brooke Staffing Companies
CareerBuilder
Clark Personnel
Cypress
Ernst & Young
Express Employment Professionals
HireRight
Infirmary Occupational Health
JJ Keller & Associates, LLC

Jones Walker LLP
Klein Zelman Rothermel Jacobs and Schess LLP
Leavell Investment Management
Mercer
Milliman
Morrison & Head Industrial
Postlethwaite & Netterville
PricewaterhouseCoopers LLP
SGG Netherlands
T Rowe Price
Velocity
Warren Averett
Whitney Bank

**Unions**

American Radio Association

Marine Engineer Beneficial Association

Master, Mates and Pilots

Seafarers International Union

**Creditor Committee Members**

Bartel, Willard E.

Marine Engineers Beneficial Association

Masters, Mates, and Pilots Benefit Plans

Peebles, David C.

Seafarers Benefits Plan / Seafarers International Union

U.S. Ocean LLC

**Notice of Appearance (as of 8/17/2016)**

Bartel, Willard E.

BMO Harris Equipment Finance Co

Capital One National Association

CCP Harbour Island, LLC

DVB Bank SE

International Organization of Masters, Mates
  and Pilots

Johnsen, Niels M.

Marine Engineers Beneficial Association

Matson Logistics, Inc.

NYK Line (North America) Inc.

One Whitehall L.P.

Peebles, David C.

Portserv International Ltd.

Schwabacher, Christopher C.

SEACOR Capital Corp.

SYSCO West Coast Florida, Inc.

Tampa Electric Company

## Schedule 2

**Schedule of Searched Parties and/or Certain Related Parties that Akin Gump
Currently Represents, or Has in the Past Represented, in Matters
Unrelated to these Chapter 11 Cases**

### Debtor Affiliates

*Akin Gump has not represented any of these companies.*

### Non-Debtor Affiliates

*Akin Gump has not represented any of these companies.*

### Officers & Directors

*Akin Gump has not represented any of these individuals.*

### Landlords

*Akin Gump has not represented any of these companies.*

### Litigation Counterparts

*Akin Gump has not represented any of these companies.*

### Government

*Akin Gump has not represented any of these companies.*

### Vendors (Top 100)

*Akin Gump has in the past represented and currently represents the following companies and/or
certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

American Express                              United Bulk Terminals
Marine Terminal Corporation

*Akin Gump has in the past represented the following companies and/or certain related parties on
matters wholly unrelated to the Debtors' Chapter 11 cases:*

American Bureau of Shipping                   Tampa Electric Company
BMS United Bunkers                            U.S. Bioservices Corp.
Cargill Inc.

1

## Insurance

*Akin Gump has in the past represented and currently represents the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| ACE | Insurance Company of the State of Pennsylvania (AIG) |
| ACE USA | |
| Alterra American Insurance Company | Lloyd's America |
| CNA | V.O. Schinnerer & Company, Inc. |
| Continental Casualty Company | |

*Akin Gump has in the past represented the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| Great American Insurance Company | Sentinal Insurance Company, Ltd. |
| PMA Companies | XL Catlin |
| ProSight Specialty Insurance (New York Marine) | Zurich American Insurance Co. |

## Employees (Contract)

*Akin Gump has not represented any of these individuals.*

## Employees

*Akin Gump has in the past represented Paul T. Murphy\* and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases.*

## Professionals

*Akin Gump has not represented any of these companies.*

## Environmental

*Akin Gump has not represented any of these companies.*

---

\* Due to commonality of this name, Akin Gump has included this individual out of an abundance of caution.

**Banks**

*Akin Gump has in the past represented and currently represents the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| BMO Harris Equipment Finance Co. | ING Bank Corp. CL. Amsterdam |
| Citizens Bank | ING Bank N.V. |
| DnB Capital LLC | JPMorgan Chase Bank NA |
| DVB Bank SE | RBS Asset Finance, Inc. |
| DVB Transport (US) LLC | |

*Akin Gump has in the past represented the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| BB&T Equipment Finance Corp. | Liberty Bank and Trust Co. |
| Capital One | Whitney Bank |
| Capital One N.A. | Whitney National Bank |

**UCC Lienholders**

*Akin Gump has in the past represented and currently represents the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| Bank of America NA | Jefferies Finance LLC |
| BMO Harris Equipment Finance Co. | RBS Asset Finance, Inc. |
| Commerzbank AG | U.S. Bank Equipment Finance |
| Deutsche Schiffsbank Aktiengesellschaft | U.S. Bank National Association |
| DnB Nor Bank ASA | Wells Fargo Bank N.A. |
| DVB Bank SE | Wells Fargo Bank Northwest, National |
| ING Bank N.V. | Association |

*Akin Gump has in the past represented the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| BB&T Equipment Finance Corp. | Midland Bank PLC |
| Capital One N.A. | |

**Equity Holders**

*Akin Gump has not represented any of these individuals.*

## Utilities

*Akin Gump has in the past represented and currently represents the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| AT&T | Waste Management of Alabama - Northeast |
| AT&T Mobility | Waste Management of Alabama - Mobile |
| Progressive Waste Solutions of FL | Waste Management of Florida |
| Sprint | |

*Akin Gump has in the past represented the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| Inmarsat | Verizon |
| T-Mobile | |

## Top 40 Creditors

*Akin Gump has in the past represented and currently represents the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| Marine Terminal Corporation | United Bulk Terminals |

*Akin Gump has in the past represented the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| BMS United Bunkers | NYK |
| Inmarsat Solutions (US) Inc. | Tampa Electric Company |
| Meba Medical Benefits Plan | Total Lubrifiants S.A. |

## U.S. Trustee & Court Personnel

*Akin Gump has not represented any of these individuals.*

## Judges

*Akin Gump has not represented any of these individuals.*

## Significant Competitors

*Akin Gump has in the past represented and currently represents Eagle Bulk Shipping and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases.*

*Akin Gump has in the past represented CSX Corporation and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases.*

## OCP

*Akin Gump has in the past represented and currently represents Ernst & Young and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases.*

*Akin Gump has in the past represented the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

| | |
|---|---|
| Accountemps | T. Rowe Price |
| Mercer | Whitney Bank |
| PricewaterhouseCoopers LLP | |

## Unions

*Akin Gump has not represented any of these companies.*

## Notice of Appearance Parties (as of 8/17/2016)

*Akin Gump has in the past represented and currently represents the following companies and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases:*

BMO Harris Equipment Finance Co.
DVB Bank SE

*Akin Gump has in the past represented Capital One N.A. and/or certain related parties on matters wholly unrelated to the Debtors' Chapter 11 cases.*

### Schedule 3

**Schedule of Searched Parties that are Currently, or
Have in the Past Been, Adverse to Clients of Akin Gump**

ACE
ACE USA
Al Rashed International
Alabama State Port Authority
American Bureau of Shipping
American Express
Appleby
AT&T
Bank of America, N.A.
Barry, David[*]
BB&T Equipment Finance Corp.
Bell, Larry[*]
BMO Harris Equipment Finance Co
Brown, Donald[*]
Burke, Michael T.[*]
CA Franchise Tax Board
Cain, Robert N.[*]
Capital One
Capital One N.A.
Capital Source Bank
Cargill Inc.
Chapman, Paul J.[*]
Citizens Bank
CNA
Cogent Communications
Collins, Robert L.[*]
Commerzbank AG
Continental Casualty Company
Dallas County
Dennis Joseph L.[*]
Department of Homeland Security
Deutsche Schiffsbank Aktiengesellschaft
DnB Capital LLC
DnB Nor Bank ASA
DVB Bank SE
DVB Transport (US) LLC
EPSCO

Federal Railroad Administration
FL Department of Revenue
Frontier Communications
Great American Insurance Company
Hillsborough County
HSH Nordbank AG
ING Bank Corp. CL. Amsterdam
ING Bank N.V.
Inmarsat
Inmarsat Solution (US) Inc.
Insurance Company of the State of Pennsylvania (AIG)
Internal Revenue Service
JAM Distributing Co.
James, Raymond
Jefferies Finance LLC
Johnson, Michael K.[*]
Jones, Edward[*]
JPMorgan Chase Bank NA
Lee, Roy R.[*]
Lloyd's America
Logan, John[*]
Louisiana Department of Environmental Quality
Marine Engineer Beneficial Association
Marine Terminal Corporation
Marsh USA Inc.
Masters Mates & Pilots
McDonald, John C.[*]
McNamara, James J.[*]
Midland Bank PLC
Millard Maritime
Moore, William[*]
Murphy, Paul T.[*]
Navigators Insurance Company
New York State Department of Environmental Conservation

---

[*] Due to commonality of this name, Akin Gump has included this individual out of an abundance of caution.

1

Nguyen, Minh K. *
Nguyen, To *
Nippon Yusen Kaisha
NY State Department of Taxation and Finance
NYK
NYK Line (North America) Inc.
Panama
PMA Companies
ProSight Specialty Insurance (New York Marine)
RBS Asset Finance, Inc.
Regions Bank
Retirement Systems of Alabama
Reyes, Alan V. *
Roma, Rudolph *
Rose, James *
RSA Building Expense Fund
Russo, Joseph *
Seacor Holdings
Seafarers Harry Lundeberg
Seafarers Heafarers Harry Lundeberg
Seafarers International Union
Seafarers Vacation Plan
Seafarers Welfare Plan
Sembcorp Marine
Sentinel Insurance Company, LTD
Smith, Michael V. *
Smith, Theresa R. *
Sprint
State of Texas
SYSCO West Coast Florida Inc.
T. Rowe Price
Tampa Electric Company
Tampa Ship LLC
Texas Commission on Environmental Quality
T-Mobile
Total Lubrifiants SA
U.S. Bank Equipment Finance
U.S. Bank National Association
U.S. Bioservices Corp.
U.S. Customs & Border
U.S. Department of Transportation

U.S. EPA
U.S. Foods Inc.
U.S. Small Business Administration
V.O. Schinnerer & Company, Inc.
Velocity
Velocity Technology Solutions
Verizon
Virginia Department of Environmental Quality
Voight Wainwright *
Wartsila North America Inc.
Waste Management of Alabama - Mobile
Waste Management of Alabama - Northeast
Waste Management of Florida
Watson, James H. *
Wells Fargo Bank NA, as Security Trustee
Wells Fargo Bank Northwest, National Association
White, Robert H. *
Wilson, Kevin M. *
Wilson, Kevin M. *
Windels Marx Lane & Mittendorf
XL Catlin
Yusen Navtec Co. Ltd.
Zurich American Insurance Company

_____

* Due to commonality of this name, Akin Gump has included this individual out of an abundance of caution.

**Schedule 4**

**Schedule of Searched Parties that are Currently Serving, or Have in the Past Served, on Other Informal and/or Official Creditors' Committees Represented by Akin Gump**

American Express
Bank of America, N.A.
CNA
Continental Casualty Company
DnB Nor Bank ASA
Genco Shipping & Trading Limited
ING Bank N.V.
Insurance Company of the State of Pennsylvania
    (AIG)[1]
Jefferies Finance LLC
JPMorgan Chase Bank N.A.
Marine Terminal Corporation
Midland Bank PLC
RBS Asset Finance Inc.
RBS Asset Finance, Inc.
T. Rowe Price
U.S. Bank National Association
U.S. Foods, Inc.
Velocity
Verizon
Wells Fargo Bank, N.A.

---

[1] Insurance Company of the State of Pennsylvania was not a committee member; however, AIG was.

1

<u>**Exhibit C**</u>

**Estrada Declaration**

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (*pro hac vice* admission pending)
Travis A. McRoberts (*pro hac vice* admission pending)

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Debtors. | Jointly Administered |

**DECLARATION OF MANUAL G. ESTRADA**
**IN SUPPORT OF DEBTORS' APPLICATION**
**FOR ENTRY OF AN ORDER AUTHORIZING THE**
**EMPLOYMENT AND RETENTION OF AKIN GUMP STRAUSS**
**HAUER & FELD LLP AS COUNSEL TO THE DEBTORS AND**
**DEBTORS IN POSSESSION, *NUNC PRO TUNC* TO THE PETITION DATE**

I, Manuel G. Estrada, Vice President and Chief Financial Officer ("CFO") of

International Shipholding Corporation ("International Shipholding" and, together with its

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding, Inc. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

1

affiliated debtors and debtors in possession, the "<u>Debtors</u>"), being duly sworn, state the following under penalty of perjury:

1.      In my capacity as Vice President and CFO, I am familiar with the Debtors' day-to-day operations, business, financial affairs, and books and records.  I am directly involved in supervising outside counsel and monitoring and controlling legal costs.

2.      I submit this declaration (the "<u>Declaration</u>") in support of the application (the "<u>Application</u>")[2] of the Debtors for authority to employ and retain Akin Gump Strauss Hauer & Feld LLP ("<u>Akin Gump</u>") as counsel to the Debtors, *nunc pro tunc* to the Petition Date, under the terms and conditions set forth in the Application.  Except as otherwise noted, all facts in this Declaration are based on my personal knowledge of the matters set forth herein, information gathered from my review of relevant documents, and information supplied to me by other members of the Debtors' management and the Debtors' advisors.

**A.      The Debtors' Selection of Counsel**

3.      The Debtors recognize that a comprehensive review process is necessary when selecting and managing chapter 11 counsel to ensure that bankruptcy professionals are subject to the same client-driven market forces, scrutiny, and accountability as professionals in non-bankruptcy engagements.  To that end, the review process utilized by the Debtors here assessed potential counsel based on their expertise in the relevant legal issues and in similar proceedings.

4.      The Debtors first retained Akin Gump in May 2016 in connection with pre-petition restructuring matters.  In the course of its representation of the Debtors, Akin Gump became familiar with the Debtors' general business and financial affairs.  When the Debtors determined that it was necessary to retain counsel to assist in potential restructuring efforts,

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Application.

including a possible chapter 11 filing, the Debtors' management team interviewed, among others, Akin Gump and recommended to its board of directors that the Debtors retain Akin Gump as restructuring counsel. Because of the Debtors' comfort with Akin Gump at the conclusion of the interview process and the reputation of Akin Gump in the restructuring community, as well as its significant experience in complex chapter 11 cases, the Debtors' management team and board of directors concluded that the best path forward was to retain Akin Gump to serve as the Debtors' restructuring counsel rather than the other law firms interviewed.

5.      Based on the foregoing, and my experiences with Akin Gump in connection with the preparation and commencement of these chapter 11 cases, I believe that Akin Gump is both well qualified and uniquely able to represent the Debtors in these chapter 11 cases in an efficient and effective manner.

**B.      Rate Structure**

6.      Akin Gump has informed the Debtors that its rates for bankruptcy representations are comparable to the rates Akin Gump charges for non-bankruptcy representations. As discussed below, I am also responsible for reviewing the invoices regularly submitted by Akin Gump, and can confirm that the rates Akin Gump charged the Debtors in the pre-petition period are the same as the rates Akin Gump charged the Debtors in the post-petition period.

**C.      Cost Supervision**

7.      The Debtors have received and approved a prospective budget and staffing plan from Akin Gump, and expect to comply with the U.S. Trustee's requests for information and additional disclosures, and any orders of the Court, recognizing that in the course of the chapter 11 cases, there may be unforeseeable fees and expenses that will need to be addressed by the Debtors and Akin Gump. The Debtors recognize that it is their responsibility to closely monitor the billing practices of their counsel to ensure that the fees and expenses paid by the estate

remain consistent with the Debtors' expectations and the exigencies of the chapter 11 cases.  The Debtors will continue to review the invoices that Akin Gump regularly submits, and, together with Akin Gump, periodically amend the budget and staffing plan as the case develops. I will monitor the implementation of Akin Gump's budget and staffing plan.

8.      As they did pre-petition, the Debtors will continue to bring discipline, predictability, client involvement, and accountability to the counsel fees and expenses reimbursement process.   While every chapter 11 case is unique, these budgets will provide guidance on the periods of time involved and the level of the attorneys and professionals that will work on various matters, as well as projections of average hourly rates for the attorneys and professionals for various matters.


*[The remainder of this page is intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on this <u>26th</u> day of September, 2016.

Manuel G. Estrada
Executive Vice President and
Chief Financial Officer
International Shipholding Corporation