Hearing Date and Time: October 18, 2016 at 10:00 a.m. EST
Objection Deadline: October 11, 2016 at 4:00 p.m. EST

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON DEBTORS'**
**SECOND MOTION FOR ENTRY OF AN ORDER GRANTING AN**
**EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS**

**PLEASE TAKE NOTICE** that on September 27, 2016, the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), filed the annexed *Debtors' Second Motion for*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding, Inc. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

*Entry of an Order Granting an Extension of Time to File (I) Schedules and Statements; and (II) Rule 2015.3 Financial Reports* (the "Motion").[2]

**PLEASE TAKE FURTHER NOTICE that a hearing to consider the Motion on a final basis shall be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court of the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on October 18, 2016 at 10:00 a.m. (prevailing Eastern Time).**

**PLEASE TAKE FURTHER NOTICE** that any responses to the Motion must be made in writing; shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court (the "Local Rules"); shall be filed with the Bankruptcy Court with a hard copy delivered directly to Chambers, and served so as to be actually received by (i) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq., Email: dbotter@akingump.com, and Sarah Link Schultz, Esq., 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, Email: sschultz@akingump.com, proposed counsel for the Debtors; (ii) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq., Email: rfeinstein@pszjlaw.com, and Bradford J. Sandler, Esq., Email: bsandler@pszjlaw.com, proposed counsel to the statutory committee of unsecured creditors; (iii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick St., Room 1006, New York, New York 10014, Attn: Serene Nakano, Esq., Email: serene.nakano@usdoj.gov; (iv) counsel to the agents under the Debtors' pre-petition credit facilities; (v) counsel to the agent under the Debtors' post-petition debtor-in-possession

---

[2] Capitalized termed used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

financing; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) the Securities and Exchange Commission; (ix) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002; and (x) all other parties on the master service list prepared and maintained pursuant to the Order Establishing Certain Notice, Case Management, and Administrative Procedures [ECF No. 178], no later than **October 11, 2016 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline").

**PLEASE TAKE FURTHER NOTICE** that if no objections or responses are timely filed and served with respect to the Motion, the Debtors may, on or after the Objection Deadline, submit to the Bankruptcy Court an order substantially in the form of the proposed order annexed to the Motion, which may be entered with no further notice or opportunity to be heard.

Dated: New York, New York
September 27, 2016

**AKIN GUMP STRAUSS HAUER & FELD LLP**
By: */s/ David H. Botter*
David H. Botter
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Proposed Counsel to Debtors and Debtors in Possession*

Hearing Date and Time: October 18, 2016 at 10:00 a.m. EST
Objection Deadline: October 11, 2016 at 4:00 p.m. EST

AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)

*Proposed Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Debtors. | Jointly Administered |

**DEBTORS' SECOND MOTION FOR ENTRY OF AN ORDER GRANTING
AN EXTENSION OF TIME TO FILE SCHEDULES AND STATEMENTS**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") file this motion for entry of an order, substantially in the form annexed hereto as Exhibit A (the "Proposed Order"), further granting the Debtors additional time within which to file their respective (i) statements of financial affairs, (ii) schedules of assets and liabilities, (iii) schedules

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

of current income and expenditures, and (iv) statements of executory contracts and unexpired leases. In support of the motion, the Debtors respectfully state as follows:

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are section 521 of title 11 of the United States Code (the "Bankruptcy Code") and rules 1007(a)(5) and (c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On July 31, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the chapter 11 cases. On September 1, 2016, the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Committee") [ECF No. 125].

6. A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the *Declaration of Erik L. Johnsen, President and Chief Executive Officer, Pursuant to Local Bankruptcy Rule 1007-2 and in Support of First Day Filings* (the "First Day

Declaration")[2] filed previously with this Court [ECF No. 7] and incorporated by reference as if fully set forth herein.

7.  On August 1, 2016, the Debtors filed the *Debtors' Motion for Entry of an Order Granting an Extension of Time to File (I) Schedules and Statements; and (II) Rule 2015.3 Financial Reports* (the "Original Motion"), requesting an extension of time to file the schedules, statements, and other documents through September 28, 2016.  The Court granted the Original Motion on August 10, 2016 [ECF No. 68], providing the Debtors with forty-five (45) day extensions with respect to the deadlines to file such schedules, statements, and other documents.

8.  As this Court is aware, the Debtors have achieved a number of significant milestones during the two months that these chapter 11 cases have been pending, including (i) negotiating and obtaining approval of a $16 million debtor-in-possession financing facility on a final basis, which required the Debtors to work with five pre-petition secured lender facilities, post-petition lenders, representatives of their unions and union benefit plans, the official committee of unsecured creditors, and other key stakeholders to resolve a number of contested issues, (ii) obtaining approval to pay up to $10.4 million to critical vendors and negotiating and entering into more than 30 trade agreements with such vendors, (iii) satisfying certain claims of shippers and warehousemen and other lienholders to prevent the assertion of liens or arrests of their assets, (iv) rejecting a burdensome real property lease, (v) obtaining final approval of the maintenance of their cash management system, including working closely with the U.S. Trustee to ensure compliance with applicable guidelines, (vi) obtaining interim approval to pay certain pre-petition wages and other employee claims and to maintain employee programs and

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

continuing to work with unions and other parties in interest toward a consensual final order and path forward, and (vii) successfully operating their business under the constraints of the Bankruptcy Code.  Simultaneously with these matters, the Debtors have been working diligently and utilizing the best efforts of their employees and professionals to complete the schedules and statements.  Although significant progress has been made toward completion of these documents, the Debtors are seeking an additional two weeks to complete this task.

## RELIEF REQUESTED

9. By this motion, the Debtors seek entry of the Proposed Order extending the time for the Debtors to file their statements of executory contracts and unexpired leases (collectively, the "Schedules and Statements") by an additional fourteen (14) days, through and including October 12, 2016, without prejudice to the Debtors' ability to request additional time, if necessary.

## BASIS FOR RELIEF

**A.    Cause Exists to Extend the Time to File the Schedules and Statements**

10. Pursuant to Bankruptcy Code section 521 and Bankruptcy Rules 1007(a) and (c), and absent the relief requested herein, the Debtors would be required to file the Schedules and Statements within fourteen (14) days of the Petition Date.  Pursuant to Bankruptcy Rules 1007(a)(5) and (c), and 9006(b), the Court has authority to extend the time required for filing of the Schedules and Statements "for cause."  Fed R. Bankr. P. 9006(b).

11. As noted above, the Debtors have made significant progress toward compiling information that will be required to complete the Schedules and Statements.  Nevertheless, as a consequence of the size and complexity of the Debtors' business operations, the number of Debtor entities, and the critical matters that the Debtors' management and professionals have been required to address both prior to the and since the commencement of these chapter 11 cases,

4

the Debtors have not yet finished gathering such information. The Debtors, together with their non-Debtor subsidiaries, held on a consolidated basis approximately $305,087,000 in assets and approximately $226,833,000 in liabilities as indicated in their balance sheet from the end of the first quarter of 2016. The Debtors estimate that they have between 500 and 1,000 creditors on a consolidated basis.

12. Given the numerous critical operational matters that the Debtors' accounting and legal personnel must address in the early days of these chapter 11 cases and the volume of information that must be prepared and included in the Schedules and Statements, the Debtors anticipate that they will be unable to complete their Schedules and Statements by the current deadline of September 28, 2016. Accordingly, the Debtors seek an additional fourteen (14) day extension—through and including October 12, 2016—of the time to file their Schedules and Statements with the Court.

13. The Debtors submit that good and sufficient cause exists to extend the deadline to file their Schedules and Statements. Preparing and finalizing the Schedules and Statements by September 28, 2016 would unnecessarily distract key management and professionals from their efforts to stabilize the Debtors' business operations in the wake of the chapter 11 filings and their nascent reorganization efforts, including the preservation of creditor and employee relationships. Creditors and other parties in interest will not be prejudiced by the proposed extension of the filing deadline because, even under the extended deadline, the Schedules and Statements would be filed well in advance of any claims bar date in these cases. The Debtors respectfully submit that focusing this short extension ultimately will inure to the benefit of the Debtors' estates, creditors and all parties in interest by ensuring that the Schedules and Statements are complete and accurate.

14. The Debtors recognize the importance of the Schedules and Statements in the chapter 11 cases and intend to complete the Schedules and Statements as quickly as practicable under the circumstances.

15. Courts in this district regularly have granted relief similar to that requested herein in large, complex chapter 11 cases. *See*, *e.g.*, *In re Primorsk Int'l Shipping Ltd.*, No. 16-10073 (MG) (Bankr. S.D.N.Y. Jan. 21, 2016) [Docket No. 31] (granting debtors an additional twenty-nine (29) days to file schedules and statements); *In re Great Atl. & Pac. Tea Co., Inc.*, No. 15-23007 (RDD) (Bankr. S.D.N.Y. July 21, 2015) [Docket No. 66] (granting thirty (30) day extension); *In re Nautilus Holdings Ltd.*, No. 14-22885 (RDD) (Bankr. S.D.N.Y. June 25, 2014) [Docket No. 24] (granting thirty (30) day extension); *In re Eastman Kodak Co.*, No. 12-10202 (Bankr. S.D.N.Y. Jan. 19, 2012) [Docket No. 48] (granting forty-five (45) day extension); *In re AMR Corp.*, No. 11-15463 (Bankr. S.D.N.Y. Nov. 30, 2011) [Docket No. 56] (granting forty-five (45) day extension); *In re General Motors Corp.*, No. 09-50026 (Bankr. S.D.N.Y. Jun. 1, 2009) [Docket No. 160] (granting forty-five (45) day extension); *In re Chrysler LLC*, No. 09-50002 (Bankr. S.D.N.Y. May 4, 2009) [Docket No. 252] (granting forty-five 45-day extension); *In re Lyondell Chem. Co.*, Case No. 09-10023 (Bankr. S.D.N.Y. Jan. 7, 2009) [Docket No. 55] (granting forty-five (45) day extension); *In re Quebecor World (USA), Inc.*, Case No. 08-10152 (Bankr. S.D.N.Y. Mar. 20, 2008) [Docket No. 440] (granting ninety (90) day extension).

16. The relief requested herein will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and the Committee appointed in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-Debtor subsidiaries to the extent such information is not available in the Debtors' reporting to the United States Securities and Exchange Commission.

**NOTICE**

17. No trustee or examiner has been appointed in the Debtors' chapter 11 cases. The Debtors have caused notice of this application to be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to: (i) the U.S. Trustee; (ii) the agent under the Debtors' post-petition debtor-in-possession financing and its counsel; (iii) the Committee and its counsel; (iv) counsel to the agents under the Debtors' pre-petition credit facilities; (v) the United States Attorney's Office for the Southern District of New York; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) the Securities and Exchange Commission; (viii) all parties that have filed a request to receive service pursuant to Bankruptcy Rule 2002; and (ix) all other parties on the master service list prepared and maintained pursuant to the Order Establishing Certain Notice, Case Management, and Administrative Procedures [ECF No. 178]. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court (a) enter an order, substantially in the form of the Proposed Order, granting the relief requested herein, and (b) grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: New York, New York<br>September 27, 2016 | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>By: /s/ *David H. Botter*<br>David H. Botter<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br><br>Sarah Link Schultz (admitted *pro hac vice*)<br>Sarah J. Crow (admitted *pro hac vice*)<br>1700 Pacific Avenue, Suite 4100<br>Dallas, Texas 75201<br>Telephone: (214) 969-2800<br>Facsimile: (214) 969-4343<br><br>*Proposed Counsel to Debtors and Debtors in Possession* |

## **EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] <br><br> Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 16-12220 (SMB) <br> ) <br> ) Jointly Administered <br> ) |

## ORDER EXTENDING DEBTORS' TIME TO FILE SCHEDULES AND STATEMENTS

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for entry of the Proposed Order granting the Debtors additional time within which to file their Schedules and Statements; and the Court having jurisdiction to consider the motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States Southern District of New York, dated as of January 31, 2012; and consideration of the motion and the relief requested therein being a core proceeding in accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the motion; and upon the First Day Declaration, the record of the hearing and all proceedings had before the Court; and the Court having found and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the motion or in the First Day Declaration, as applicable.

determined that the relief sought in the motion is in the best interests of the Debtors' estates, their creditors and other parties in interest, and that the legal and factual bases set forth in the motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **ORDERED**:

1. The motion is granted to the extent set forth herein.

2. The Debtors shall have through and including October 12, 2016, to file with the Court the Schedules and Statements for each of the Debtors, without prejudice to the Debtors' right to seek further extension or modification of the requirements of Bankruptcy Code section 521 and Bankruptcy Rule 1007.

3. The time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

4. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order in accordance with the motion.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order.

New York, New York
Dated: _____, 2016

_____
UNITED STATES BANKRUPTCY JUDGE