**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| INTERNATIONAL SHIPHOLDING ) | |
| CORPORATION, *et al.*,[1] ) | Case No. 16-12220 (SMB) |
| ) | |
| Debtors. ) | Jointly Administered |

**DECLARATION OF SARAH LINK SCHULTZ PURSUANT TO LOCAL BANKRUPTCY RULE 9077-1(A) IN SUPPORT OF AN ORDER TO SHOW CAUSE SCHEDULING  HEARINGS ON SHORTENED NOTICE FOR (1) DEBTORS' MOTION FOR (I) AN ORDER ESTABLISHING BIDDING PROCEDURES AND GRANTING RELATED RELIEF AND (II) AN ORDER OR ORDERS APPROVING THE SALE OF THE DEBTORS' ASSETS IN THE SPECIALTY BUSINESS SEGMENT AND (2) DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO ENTER INTO THE RESTRUCTURING SUPPORT AGREEMENT WITH SEACOR CAPITAL CORP.**

I, Sarah Link Schultz, being duly sworn, deposes and says:

1.      I am a partner at the law firm of Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"), which maintains offices for the practice of law at, among other locations, One Bryant Park, New York, NY 10036.  Akin Gump is proposed counsel to the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors" and, together with their non-debtor affiliates, the "Company").  I am admitted in, practicing in, and a member in good standing of the bar of the State of Texas and admitted *pro hac vice* to United States Bankruptcy Court for the Southern District of New York for the above captioned cases.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570).  The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

2.      I submit this declaration, pursuant to Rule 9077-1(a) of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), in support of the Debtors' request that the Court shorten the time for notice of the hearing (the "Hearing") to consider the relief requested in the *Debtors' Motion For (I) An Order Establishing  Bidding Procedures and Granting Related Relief and  (II) An Order Or Orders Approving The Sale Of The Debtors' Assets* (the "Sale Motion") and the *Debtors' Motion for Entry of an Order Authorizing the Debtors to Enter into the Restructuring Support Agreement with SEACOR Capital Corp.* (the "RSA Motion").

3.      Except as otherwise indicated, I have personal knowledge of the information contained herein, either directly or through professionals at Akin Gump working at my direction, members of management of the Debtors, or the Debtors' other advisors.  The Debtors must proceed by order to show cause scheduling a hearing on shortened notice for expedited consideration of the relief sought under the Sale Motion and RSA Motion to avoid unnecessary administrative expenses that will harm the Debtors estates and impose costs on other parties in interest, as set forth in more detail below.

A.  **Background**

4.      On July 31, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5.      The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.  No trustee or examiner has been appointed in the chapter 11 cases. On September 1, 2016, the Office of the United States Trustee for Region 2 (the "U.S. Trustee") appointed the statutory committee of unsecured creditors (the "Committee") [ECF No. 125].

6.      A description of the Debtors' business and the reasons for filing these chapter 11 cases is set forth in the *Declaration of Erik L. Johnsen, President and Chief Executive Officer, Pursuant to Local Bankruptcy Rule 1007-2 and in Support of First Day Filings* (the "First Day Declaration")[2] filed previously with this Court [ECF No. 7].

7.      As set forth in the Sale Motion, the Debtors seek to sell certain assets contained in Debtors' Specialty Business Segment[3] (as defined in the Sale Motion).  The Debtors, through their financial advisors, Blackhill Partners, LLC ("Blackhill"), began a marketing process in early July 2016, targeting various strategic and financial third parties either as sponsors of a reorganization or outright buyers.  Through this process, an as detailed in various other affidavits filed with this court in this bankruptcy case, Blackhill contacted approximately sixty-five prospective buyers and received several indications of interest for either purchasing substantially all of the Debtors' Assets or for one of the Debtors' individual business segments.

8.      Shortly before the debtor in possession credit facility milestone to file a plan and disclosure statement or a motion to establish procedures to sell all or substantially all of the Debtors' assets was set to expire, the Debtors received a plan sponsor proposal from SEACOR Capital Corp. ("SEACOR").  Because the Debtors believed that this proposal may provide value above that of the indications of interest and proposals received as of that date, the Debtors sought and obtained a one-week extension to further evaluate and negotiate the SEACOR proposal.

9.      After extensive arms'-length negotiations, the Debtors and SEACOR agreed to restructuring terms for three of the Debtors four business segments that the Debtors believe,

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3] The "Specialty Business Segment" comprises various contracts and agreements between Company affiliates and third parties, as well as certain notes receivable financing certain vessels owned by third parties, in each case relating to the Company's provision of logistical and seaborne transportation services in Southeast Asia and third party brokerage services related to these Southeast Asian operations.

when coupled with the sale of the fourth segment to the successful bidder under a Bankruptcy Court sanctioned sales process, will maximize the value of their estates and creditors' recovery. As more fully set out in the RSA Motion and Sale Motion, and the exhibits thereto, the Debtors will execute a sale process for their Specialty Business Segment and propose a plan of reorganization with SEACOR as plan sponsor to reorganize the remaining three business segments.

10.    To effectuate the contemplated restructuring and to allow the Debtors to emerge from bankruptcy as expeditiously as possible, the Debtors and SEACOR propose to enter into a restructuring support agreement (the "RSA").  That same day, the Debtors finalized the asset purchase agreement with their stalking horse bidder.  Immediately thereafter, the Debtors filed the RSA Motion, seeking the Court's approval of the RSA agreement, and the Sale Motion, seeking to establish a process by which the Debtors may obtain the maximum price for the Specialty Business Segment.

11.    Under the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 178] (the "Case Management Order"), requests for relief that are filed less than fourteen (14) days prior to the next scheduled omnibus hearing are scheduled for the next monthly omnibus hearing, unless the Court grants shortened notice and an expedited setting.  The RSA was finalized only 13 days before the November 10, 2016 hearing.  Because the Debtors' estates would face irreparable harm if they had to wait 46 days until December 13, 2016 for hearings on the RSA Motion and Sale Motion, the Debtors will have to request a special setting unless the Court grants a shortened notice period and expedited setting, thereby requiring the Debtors and all parties in interest to incur the additional administrative expense of preparing for and attending a separate hearing.

12.     The Debtors believe that an order setting the hearing on the RSA Motion and Sale Motion for the November 10, 2016 omnibus hearing would reduce expenses borne their estates, creditors, and the other parties in interest and generally result in efficient administration of these chapter 11 cases without harming any parties in interest in these cases.

13.     The Debtors have engaged with the advisors to the Debtors' pre-petition and post-petition lenders and the Committee in connection with the relief requested in the Sale Motion and RSA Motion. Specifically, the Debtors provided updates regarding the sale process, summaries of the SEACOR proposal, and the draft Bidding Procedures in advance of filing, received comments from certain of the advisors to these parties, and incorporated those comments into the drafts that are being filed.  The Debtors and their advisors also held certain due diligence sessions with respect to the Sale Transaction, whereby the Debtors provided information to, and answered questions from, advisors to the pre-petition lenders and the Committee. Similarly, the Debtors have provided ongoing updates to their lenders and the Committee regarding the terms of the Term Sheet.  As a result, the principal parties in interest already have notice of the contents of the RSA Motion and Sale Motion and the day and time that the Debtors have asked the Court to consider the relief. No party will be materially adversely affected if the Court allows the RSA Motion and Sale Motion to be heard at the November 10, 2016 omnibus hearing.

14.     Therefore, the Debtors request that the Court shorten notice and schedule an expedited hearing on the RSA Motion and the Sale Motion.  The Debtors further request that the Court set a corresponding deadline to object to the relief requested in the RSA Motion and Sale Motion, consistent with the Case Procedures Order.

15.     As required by Local Bankruptcy Rule 9077-1(a), no previous application for similar relief has been made for the Sale Motion.

16.     Accordingly, it is in the best interests of all parties in interest for the Court to enter the proposed Order to Show Cause so that the Court can consider approval of the Sale Motion on November 10, 2016 at 10:00 a.m. (prevailing Eastern Time).

I declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge, information, and belief, and after reasonable inquiry, the foregoing is true and correct.

Dated:  Dallas, Texas            **AKIN GUMP STRAUSS HAUER & FELD LLP**
October 29, 2016

By: _/s/ Sarah Link Schultz_
Sarah Link Schultz
Partner
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800