**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) )  Chapter 11 ) |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | ) )  Case No. 16-12220 (SMB) ) ) |
| Debtors. | )  Jointly Administered ) |

## ORDER ESTABLISHING BIDDING PROCEDURES RELATING TO THE SALE THE DEBTORS' ASSETS IN THE SPECIALTY BUSINESS SEGMENT

Upon consideration of the motion of the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors")[2] seeking entry of this order (the "Bidding Procedures Order") (i) approving the proposed auction and bidding procedures attached hereto as **Exhibit 1** (the "Bidding Procedures") by which the Debtors will solicit and select the highest or otherwise best offer for the sale of certain assets contained in the Debtors' Specialty Business Segment[3] (the "Assets") through one or more sales of the Assets (the "Sale Transaction"); (ii) establishing procedures for the assumption and assignment of executory contracts and unexpired leases, including notice of proposed cure amounts (the "Assumption and Assignment Procedures"); (iii) approving the form and manner of notice of all procedures, protections,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding, Inc. (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

[2] Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the motion or the Bidding Procedures, as applicable.

[3] The "Specialty Business Segment" is comprised of various contracts and agreements between Company affiliates and third parties, as well as certain notes receivable financing certain vessels owned by third parties, in each case relating to the Company's provision of logistical and seaborne transportation services in Southeast Asia and third party brokerage services related to these Southeast Asian operations.

schedules, and agreements described in the motion and attached thereto; (iv) scheduling (a) a date for an auction if the Debtors receive two or more timely and acceptable Qualified Bids for the Assets (the "<u>Auction</u>") and (b) a final hearing (the "<u>Sale Hearing</u>") to approve the Sale Transaction; and (v) granting related relief, all as more fully described in the motion; and it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that the motion is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the motion and opportunity for objection having been given, with no objections having been filed, or all objections having been resolved or overruled, as the case may be; and it appearing that no other notice need be given; and after a hearing on the motion  (the "<u>Bidding Procedures Hearing</u>")  being held; and after and due deliberation and sufficient cause therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The predicates for the relief granted herein are Bankruptcy Code sections 105, 363, and 365 and Bankruptcy Rules 2002, 6004, and 6006.  Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The legal and factual bases set forth in the motion establish just cause for the relief granted herein.  Entry of this Bidding Procedures Order is in the best interests of the Debtors and their respective estates, creditors, and all other parties-in-interest.

C.    The notice of the motion, the Bidding Procedures Hearing, and the proposed entry of this Bidding Procedures Order was adequate and sufficient under the circumstances of these chapter 11 cases, and such notice complied with all applicable requirements of the Bankruptcy

Code, the Bankruptcy Rules, and the Local Rules.  Accordingly, no further notice of the motion, the Bidding Procedures Hearing, or this Bidding Procedures Order is necessary or required.

D.      The Debtors have demonstrated a compelling and sound  business justification for the Court to grant the relief requested in the motion, including, without limitation, to (i) approve the Bidding Procedures; (ii) establish the Assumption and Assignment Procedures, (iii) approve the form and manner of notice of all procedures, protections, schedules, and agreements described in the motion and attached thereto, and (iv) schedule a date for the (a) Auction and (b) Sale Hearing; and (v) grant related relief as set forth herein.  Such compelling and sound business justification, which was set forth in the motion and on the record at the Bidding Procedures Hearing, is incorporated herein by reference and, among other things, forms the basis for the findings of fact and conclusions of law set forth herein.

E.      All objections to the relief requested in the motion that relate to the entry of the Bidding Procedures Order that have not been withdrawn, waived, or settled as announced to the Court at the Bidding Procedures Hearing or by stipulation filed with the Court are overruled except as otherwise set forth herein.

F.      The Bidding Procedures, substantially in the form attached hereto as **Exhibit 1** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are fair, reasonable, and appropriate and represent the best method for maximizing the value of the Debtors' estates.

G.      The Cure Notice, substantially in the form attached to the motion as **Exhibit E** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper

notice of the potential assumption and assignment of the Assigned Contracts in connection with the sale of the Assets and the related Cure Costs, and no other or further notice is required.

H.    The Sale Notice and the Publication Notice, substantially in the forms attached to the motion as **Exhibit F** and **Exhibit G**, respectively, and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the sale of Assets, including the sale of Assets free and clear of all liens, claims, and encumbrances, the Sale Transaction, the Bidding Procedures, the Auction, and the Sale Hearing, and no other or further notice is required.

I.    The Post-Auction Notice, substantially in the form attached to the motion as **Exhibit H** and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, is appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Successful Bidder, and no other or further notice is required.

J.    The findings of fact and conclusions of law herein constitute the Court's findings of fact and conclusions of law for the purposes of Bankruptcy Rule 7052, made applicable pursuant to Bankruptcy Rule 9014.  To the extent any findings of facts are conclusions of law, they are adopted as such.  To the extent any conclusions of law are findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The motion is granted as set forth herein.[4]

---

[4] Notwithstanding anything to the contrary herein, the consummation of any Sale Transaction is subject to entry of the Sale Order.

**A.      The Timeline for the Sale**

2.      The Debtors are authorized to proceed with the Sale Transaction in accordance with the Bidding Procedures and are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance with the following timeline:

| Deadline | Action |
|---|---|
| December 8, 2016 at 5:00 p.m. (prevailing Eastern Time) | Bid Deadline |
| December 15, 2016 at 10:00 a.m. (prevailing Eastern Time) | Auction |
| December 19, 2016 at noon (prevailing Eastern Time) | Sale Objection Deadline |
| ~~December ___, 2016 at _____ _.m (prevailing Eastern Time)~~ | ~~Reply Deadline~~ **[SMB 11/28/2016]** |
| December 20, 2016 at 10:00 a.m. (prevailing Eastern Time) | Sale Hearing |

3.      For the avoidance of doubt, the Debtors reserve the right, and are authorized to, modify the above timeline and the Bidding Procedures (the "<u>Modifications</u>") in accordance with the provisions of the Bidding Procedures; *provided, however*, that the Debtors shall consult with the Consultation Parties or, to the extent provided therein, the Bid Consultation Parties, with respect to any Modifications.

**B.      The Bidding Procedures**

4.      The Bidding Procedures are approved in their entirety.  The Debtors are authorized to take any and all actions reasonably necessary or appropriate to implement the Bidding Procedures in accordance therewith.  The failure to specifically include or reference a particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such provision.

5.      Notwithstanding anything contained in the Stalking Horse Agreement, the Expense Reimbursement shall not exceed $350,000. The Expense Reimbursement is approved as modified.

6.      In the event that Hemisphere Logistics LLC ("HLL") (a) is determined by the Debtors to be a Qualified Bidder in accordance with the Bidding Procedures, (b) submits an Overbid in accordance with the Bidding Procedures, and (c) is not the Successful Bidder at the Auction, then, HLL shall be entitled to an expense reimbursement up to a maximum of $350,000 for reimbursement of its reasonable, documented, out-of-pocket fees, costs, and expenses (including reasonable, documented attorneys' fees) actually incurred by it and/or its affiliates in connection with the formulation, negotiation, submission and pursuit at the Auction of its Overbid, including conducting due diligence related to the Sellers, the Company and the Assets (collectively, the "HLL Expenses"), which expense reimbursement shall be paid after (i) HLL provides at least ten (10) days' notice to the Company and the Committee of the HLL Expenses, (ii) there are no objections by the Company or the Committee to HLL Expenses, and (iii) the sale to the Successful Bidder has closed.  To the extent there are any objections to the HLL Expenses, such objections shall be specific and the non-objectionable portion of the HLL Expenses shall be paid immediately in accordance with this paragraph.  If either the Company or the Committee objects to any of the HLL Expenses, and such objections shall be are specific and detailed, and the parties shall seek to resolve such objections consensually amicably during over a ten (10) day period (the "Resolution Period"); *provided, however*, that if such objections are not resolved during the Resolution Period, then HLL, the Company and the Committee shall jointly move the bankruptcy court for expedited consideration of any such unresolved objections.

7.      The process and requirements associated with submitting a Qualified Bid are approved as fair, reasonable, and appropriate and are designed to maximize recoveries for the benefit of the Debtors' estates, creditors, and other parties in interest.  As further described in the Bidding Procedures, the Bid Deadline shall be December 8, 2016 at 5:00 p.m. (prevailing Eastern Time).  Any disputes or objections to the selection of a Qualified Bid, Successful Bid, or Backup Bid (all as defined in the Bidding Procedures) shall be resolved by this Court at the Sale Hearing as set forth herein.

8.      The Debtors are authorized to conduct the Auction in accordance with the Bidding Procedures.  The Auction shall take place on December 15, 2016 at 10:00 a.m. (prevailing Eastern Time) at the offices of counsel for the Debtors, Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, NY 10036, or at such other place and time as the Debtors shall notify all Qualified Bidders and the Consultation Parties.

9.      The lenders under the Debtors' post-petition debtor-in-possession financing (the "DIP Lenders") and the lenders under the Debtors' pre-petition credit facilities (the "Pre-Petition Lenders") shall have the right, subject in all respects to the Bankruptcy Code and other applicable law, to credit bid all or any portion of their allowed secured claims pursuant to Bankruptcy Code section 363(k) or other applicable law, in accordance with the applicable provisions of the applicable debt documents.

**C.    Notice Procedures**

10.     The form of Sale Notice substantially in the form attached to the motion as **Exhibit F** is approved.

11.     On the Mailing Date or as soon as reasonably practicable thereafter, the Debtors shall serve the motion, the Stalking Horse Agreement, the Bidding Procedures Order, and the Bidding Procedures by first-class mail, postage prepaid, or courier service upon (a) all entities

known by the Debtors to have expressed an interest in a transaction with respect to all or part of the Assets within the past two years; (b) all entities known to have asserted any lien, claim, interest, or encumbrance in or upon any of the Assets; (c) all federal, state, and local regulatory or taxing authorities or recording offices which have a reasonably known interest in the relief requested by this motion; (d) the Office of the United States Trustee for Region 2, Attn: Serene K. Nakano; (e) the agent under the Debtors' post-petition debtor-in-possession financing and its counsel; (f) the Committee and its counsel; (g) counsel to the agents and lenders under the Debtors' pre-petition credit facilities; (h) the U.S. Attorney's Office for the Southern District of New York; (i) the Internal Revenue Service; and (j) the Securities and Exchange Commission.

12.      In addition, on the Mailing Date or as soon as reasonably practicable thereafter, the Debtors shall serve by first-class mail, postage prepaid, or courier service the Sale Notice upon all other known creditors and equity interest holders of the Debtors.  Service of the Sale Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to known interested parties, including those creditors or other interested parties with a foreign address.

13.      The Publication Notice, substantially in the form attached to the motion as **Exhibit G**, is approved.  The Debtors are directed to publish the Sale Notice, as modified for publication, in *The Wall Street Journal* and *TradeWinds* on one occasion on the Mailing Date or as soon as reasonably practicable thereafter.  In addition, the Debtors are authorized, but not directed, to (i) publish the Sale Notice in additional publications as the Debtors deem appropriate and (ii) cause the Sale Notice to be posted on their Case Website.

14.      Service of the Publication Notice as described above shall be sufficient and proper notice of the Sale Transaction with respect to all unknown parties.

15.     The form of the Post-Auction Notice, substantially in the form attached to the motion as **Exhibit H** is approved.  As soon as reasonably practicable after the conclusion of the Auction, the Debtors shall file on the docket, but not serve, the Post-Auction Notice identifying any Successful Bidder.

**D.     Assumption and Assignment Procedures**

16.     The Assumption and Assignment Procedures, as detailed in the motion and incorporated herein by reference as if fully set forth in this Bidding Procedures Order, are approved.

17.     The Cure Notice, substantially in the form attached to the motion as **Exhibit E** is approved.

18.     On or before the Assumption and Assignment Service Date, the Debtors shall file with the Court, and post on the Case Website, the Cure Notice, substantially in the form attached to the motion as Exhibit E and, included therewith, a list that specifies (i) each of the Debtors' executory contracts and unexpired leases proposed to be assumed and assigned pursuant to the Sale Transaction (the "Assigned Contracts") and (ii) the proposed amount necessary, if any, to cure all monetary defaults, if any, under each Designated Contract (the "Cure Costs").  If no Cure Cost is listed, then the Debtors believe that there is no Cure Cost due to the counterparty.

19.     The Debtors shall serve on all non-Debtor counterparties to the Assigned Contracts, via first class mail, a customized version of the Cure Notice, which will not include the full list of Assigned Contracts, but which will include (a) instructions regarding how to view the full list on the Case Website, (b) information necessary and appropriate to provide notice of the proposed assumption and assignment of the relevant Assigned Contract, (c) Cure Costs, if any, and (d) the procedures for objecting thereto.  The Debtors shall serve, via first class mail, a generic version of the Cure Notice on the master service list prepared and maintained pursuant to

the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 178].

20.     Service of such Cure Notice as set forth herein shall be deemed proper, due, timely, good and sufficient notice of, among other things, the proposed assumption and assignment of the Assigned Contracts and rights thereunder, the Cure Costs, and the procedures for objecting thereto, and no other or further notice is necessary.

21.     Any objection by a counterparty to an Assigned Contract must (i) be in writing; (ii) state the basis for such objection; and (iii) state with specificity what cure amount the counterparty to the Assigned Contract believes is required (in all cases with appropriate documentation in support thereof).  All such objections must be filed and served on (i) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq., Email: dbotter@akingump.com, and Sarah Link Schultz, Esq., 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, Email: sschultz@akingump.com, counsel for the Debtors; (ii) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, NY 10017, Attn: Robert J. Feinstein, Esq., Email: rfeinstein@pszjlaw.com, and Bradford J. Sandler, Esq., Email: bsandler@pszjlaw.com, proposed counsel to the statutory committee of unsecured creditors; (iii) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick St., Room 1006, New York, New York 10014, Attn: Serene Nakano, Esq., Email: serene.nakano@usdoj.gov; (iv) counsel to the agents and lenders under the Debtors' pre-petition credit facilities; (v) counsel to the agent under the Debtors' post-petition debtor-in-possession financing; (vi) the Internal Revenue Service; (vii) the United States Attorney for the Southern District of New York; (viii) the Securities and Exchange Commission; (ix) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy

Rule 2002; (x) all other parties on the master service list prepared and maintained pursuant to the Order Establishing Certain Notice, Case Management, and Administrative Procedures [ECF No. 178]; and (xi) if known, any Successful Bidder, (collectively, the "Objection Recipients") no later than 4:00 p.m. (prevailing Eastern Time) fourteen (14) days following the service of the Cure Notice.

22.    If a counterparty to an Assigned Contract files an objection and the parties are unable to consensually resolve the dispute prior to the Sale Hearing, then the amount to be paid or reserved with respect to such objection will be determined either at the Sale Hearing, such later hearing date that the Debtors determine in their discretion, or such other date determined by this Court.

23.    Any time after the Assumption and Assignment Service Date and before the closing of a Sale Transaction, the Debtors reserve the right to supplement the list of Assigned Contracts in accordance with the definitive agreement for a Sale Transaction.

24.    In the event the Debtors supplement the list of Assigned Contracts, the Debtors shall promptly serve a Supplemental Cure Notice.  The Supplemental Cure Notice will be served by electronic transmission, hand delivery, or overnight mail on the counterparty (and its attorney, if known) to each impacted Assigned Contract at the last known address available to the Debtors. Each Supplemental Cure Notice will include the same information with respect to listed Assigned Contracts as was included in the Cure Notice.

25.    Any counterparty to a Designated Contract listed on a Supplemental Cure Notice may file a Supplemental Designated Contract Objection if such objection is to the proposed assumption and assignment of the applicable Assigned Contract or the proposed Cure Costs, if any.  All Supplemental Designated Contract Objections must (i) state, with specificity, the legal

and factual basis thereof as well as what Cure Costs the objecting party believes are required, if any, (ii) include appropriate documentation in support of the objection, and (iii) be filed and served on the Objection Recipients no later than fourteen days from the date of service of such Supplemental Cure Notice, which date will be set forth in the Supplemental Cure Notice.

26.     If a counterparty to an Assigned Contract files a Supplemental Designated Contract Objection and the parties are unable to consensually resolve the dispute, the Debtors will seek an expedited hearing before the Court (a "Supplemental Designated Contract Hearing") to determine the Cure Costs, if any, and approve the assumption of the relevant Designated Contracts.  If there is no such objection, then the Debtors will obtain an order of this Court, including by filing a certification of no objection, (a "Supplemental Designated Contract Order") fixing the Cure Costs and approving the assumption of any Designated Contract listed on a Supplemental Cure Notice.

27.     Absent the filing of a Designated Contract Objection or Supplemental Designated Contract Objection and a subsequent order of the Court establishing an alternative Cure Cost, the Cure Costs, if any, set forth in the Cure Notice shall be controlling, notwithstanding anything to the contrary in any Assigned Contract or any other document, and the counterparty to the Assigned Contract will be deemed to have consented to the assumption, assignment, and sale of the Assigned Contract and the Cure Costs, if any, and will be forever barred from asserting any other claims related to such Assigned Contract against the Debtors or the applicable Successful Bidder, or the property of any of them, except with respect to adequate assurance of future performance by such Successful Bidder.  For the avoidance of doubt, any objections to a Successful Bidder's proposed form of adequate assurance of future performance must be raised at the Sale Hearing or Supplemental Designated Contract Hearing, as applicable, and will be

resolved at the hearing at which it is raised or, in the Debtors' discretion, adjourned to a later hearing.

28.    The inclusion of an Assigned Contract on the Cure Notice will not (a) obligate either the Debtors to assume any Assigned Contract listed thereon or the Successful Bidder to take assignment of such Assigned Contract or (b) constitute any admission or agreement of the Debtors that such Assigned Contract is an "executory" contract.  Only those Assigned Contracts that are included on a schedule of assumed and assigned contracts attached to the final purchase agreement with the Successful Bidder upon closing (each, an "Acquired Contract") will be assumed and assigned to the Successful Bidder.

**E.    The Sale Hearing**

29.    A Sale Hearing to (i) approve a sale of the Assets to the Successful Bidder and (ii) authorize the assumption and assignment of certain executory contracts and unexpired leases shall be held on December 20, 2016 at 10:00 a.m. (prevailing Eastern Time) and may be adjourned or rescheduled without notice, subject to paragraph A.3 of this Order.  At the Sale Hearing, the Debtors will seek approval of the Successful Bid and the Back-Up Bid.  Unless this Court orders otherwise, the Sale Hearing shall be an evidentiary hearing on matters relating to the Sale Transaction.  In the event that the Successful Bidder cannot or refuses to consummate the Sale Transaction, the Debtors may, in accordance with the Bidding Procedures, designate the Back-Up Bid to be the new Successful Bid and the Back-Up Bidder to be the new Successful Bidder, and the Debtors shall be authorized, but not required, to consummate the applicable transaction with the Back-Up Bidder without further order of the Bankruptcy Court.

30.    Any and all objections, if any, to any Sale Transaction must be filed no later than December ___, 2016 at _____ _.m. (prevailing Eastern Time) (the "Sale Objection Deadline").  Any and all such objections must be served on the Objection Recipients and counsel to any

~~Successful Bidder, if known on the Sale Objection Deadline.  All replies to such objections must~~

~~be filed by December ___, 2016 at _____ _.m. (prevailing Eastern Time) (the "Reply Deadline").~~

**[SMB 11/18/2016]**

**F.    Other Provisions**

31.    The Debtors are authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Bidding Procedures Order.

32.    This Bidding Procedures Order shall be binding on and inure to the benefit of the Debtors, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estates of the Debtors.

33.    This Bidding Procedures Order shall constitute the findings of fact and conclusions of law and shall take immediate effect upon execution hereof.

34.    To the extent this Bidding Procedures Order is inconsistent with any prior order or pleading with respect to the motion, the terms of this Bidding Procedures Order shall govern.

35.    To the extent any of the deadlines set forth in this Bidding Procedures Order do not comply with the Local Rules, such Local Rules are waived and the terms of this Bidding Procedures Order shall govern.

36.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 6006(d), 7062, 9014, or otherwise, this Court, for good cause shown, orders that the terms and conditions of this Bidding Procedures Order shall be immediately effective and enforceable upon its entry.

37.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Bidding Procedures Order, including, but not limited to, any matter, claim, or dispute arising from or relating to the Bidding Procedures, any Stalking Horse Agreement, and the implementation of this Bidding Procedures Order.

New York, New York
Dated: November 18, 2016

/s/ Stuart M. Bernstein _____
Stuart M. Bernstein
United States Bankruptcy Judge