**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | )  | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| INTERNATIONAL SHIPHOLDING | ) | |
| CORPORATION, *et al.*,[1] | ) | Case No. 16-12220(SMB) |
| | ) | |
| Debtors. | ) | Jointly Administered |

**ORDER AUTHORIZING THE DEBTORS TO ENTER INTO THE RESTRUCTURING SUPPORT AGREEMENT WITH SEACOR CAPITAL CORP.**

Upon the motion (the "Motion")[2] of the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") for entry of an order, pursuant to sections 105(a), and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to enter into the RSA, all as more fully set forth in the Motion; and upon the *Declaration of Manuel G. Estrada, Vice President and Chief Financial Officer, in Support of Debtors' Motion for Entry of an Order Authorizing the Debtors to Enter into the Restructuring Support Agreement*; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and it

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

[2] Capitalized terms not otherwise defined herein shall have the meaning(s) ascribed to such terms in the Motion.

appearing that notice of the Motion is appropriate under the circumstances; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor

IT IS FOUND AND DETERMINED THAT:[3]

A.    The Court has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334.  Consideration of the Motion and the requested relief is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate, and sufficient notice thereof and complies with the Bankruptcy Code, the Bankruptcy Rules, and applicable local rules, and no other or further notice is necessary.

C.    The terms and conditions of the RSA are incorporated as if fully set forth herein; [4] *provided*, that nothing in this Order shall be, or shall be deemed or construed to be, findings or determinations with respect to (i) the Plan as contemplated in the Term Sheet, or (ii) any other chapter 11 plan of reorganization proposed in the Debtors' chapter 11 cases.  The terms and conditions thereunder are fair, reasonable, and the best available to the Debtors under the circumstances, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, are based on good, sufficient, and sound business purposes and justifications, and are supported by reasonably equivalent value and consideration.  The RSA was negotiated in good faith and at arms' length among the Parties and their respective professional advisors.

---

[3] Findings of fact shall be construed as conclusions of law, and conclusions of law shall be construed as findings of fact, pursuant to Rule 7052 of the Bankruptcy Rules.

[4] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

D.  The obligation to pay fees and expenses set forth in Section 9 of the RSA is a bargained for and integral part of the transactions contemplated by the RSA and, without such inducement, SEACOR would not have agreed to the terms and conditions of the RSA.

E.  The entry into the RSA by the Parties, and the performance and fulfillment of their respective obligations thereunder, do not constitute the solicitation of a vote on a chapter 11 plan and comply with the Bankruptcy Code and any and all other applicable statutes, laws, regulations, or orders.

F.  All parties in interest have been afforded a reasonable opportunity to object and be heard with respect to the Motion and the RSA and all of the relief granted herein.

**BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The Debtors are authorized and directed to assume the RSA, a copy of which is attached hereto as Exhibit 1, effective upon entry of this Order.

3. The RSA shall be binding and enforceable against the Parties in accordance with its terms.

4. The failure to describe specifically or include any particular provision of the RSA in the Motion or this Order shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the RSA be entered into by the Debtors in its entirety.

5. The Debtors are authorized to execute, deliver, and perform one or more amendments, waivers, consents, or other modifications to and under the RSA, in each case in accordance with the terms of the RSA, and no further approval of the Court shall be required for any amendment, waiver, consent, or other modification to and under the RSA that does not have a material adverse effect on the Debtors' estates.

6. The RSA shall be solely for the benefit of the Parties, and no other person or entity shall be a third-party beneficiary hereof. No entity shall have any right to seek or enforce specific performance of the RSA, other than the parties thereto.

7. The Debtors are hereby authorized and empowered to take all actions, execute all documents that may be necessary to perform under the RSA and implement the relief granted in this Order, and such actions shall not constitute a solicitation of acceptances or rejections of a plan pursuant to Bankruptcy Code section 1125.

8. Subject to the limitations set forth herein, the Debtors shall be obligated to pay all fees and expenses incurred prior to the termination of the RSA should an event described in Section 12 of the RSA occur (collectively, "SEACOR's Professional Fees"), *provided*, that notwithstanding anything to the contrary herein, the RSA and/or the Term Sheet, any and all payments in respect to SEACOR's Professional Fees shall be subject to the same ten (10) day notice and payment procedures set forth in the *Final Order (1) Authorizing Debtors to (A) Obtain Postpetition Financing, (B) Use Cash Collateral, and (C) Grant Certain Protections to Prepetition Lenders and (2) Granting Certain Related Relief* [Docket No. 180] for the Committee and/or the U.S. Trustee to review monthly invoices and, if necessary, object for reasonableness. Notwithstanding the foregoing, the fees and expenses to be paid in accordance with this section shall not exceed $1 million in the aggregate (the "RSA Fee Cap") without prior consent from the Committee (which consent shall not be unreasonably withheld or delayed) or the Court. The RSA Fee Capp does not apply to any amounts due and payable pursuant to the Final DIP Order an any amounts paid, or to be paid, pursuant to the Final DIP Order shall not be applied against the Fee Cap.

9. Notwithstanding anything to the contrary herein, nothing in this Order makes, or shall be deemed or construed to make, any findings or determinations with respect to the Plan contemplated by the RSA or any other chapter 11 plan that is proposed in the Debtors' chapter 11 cases.

10. Notwithstanding the Debtors' entry into the RSA and anything to the contrary in this Order, the RSA and/or Term Sheet, the rights of all parties are reserved and preserved to object (on any grounds) to any or all aspects of the Plan as contemplated by the RSA, any amended Plan, or any other chapter 11 plan that may be proposed in the Debtors' chapter 11 cases (or recommend to creditors to vote to reject any such plans), as well as to the adequacy of any disclosure statement related to the Plan or any other chapter 11 plan proposed in these cases.

11. By supporting the Debtors' entry into the Restructuring Support Agreement, no party shall be deemed to have waived any objection to the Plan or the Disclosure Statement or any term or provision therein, and all rights as to any such objection shall be, and hereby are, reserved.

12. Notwithstanding anything to the contrary herein, nothing in this Order shall require the Debtors or any directors or officers of the Debtors, in such person's capacity as a director or officer of a Debtor, to take any action inconsistent with or to refrain from taking any action consistent with, its or their fiduciary obligations under applicable law.

13. Notice of the Motion as provided therein shall be deemed good and sufficient notice, and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. Any stay of this Order, otherwise required pursuant to Bankruptcy Rule 6004(h), is hereby waived and the terms and conditions of this Order shall be immediately effective and enforceable upon its entry by the Court.

16. This Court shall retain jurisdiction with respect to any and all matters arising from or relating to the implementation or interpretation of this Order.

Dated: November 18th, 2016

New York, New York

/s/ STUART M. BERNSTEIN
THE HONORABLE  STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE

# Exhibit 1

**Restructuring Support Agreement**