AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter
Sean E. O'Donnell
Stephanie L. Gal

AKIN GUMP STRAUSS HAUER & FELD LLP
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Sarah Link Schultz (admitted *pro hac vice*)
Sarah J. Crow (admitted *pro hac vice*)

*Counsel to Debtors and Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 16-12220 (SMB)<br><br>Jointly Administered |

**SUPPLEMENTAL DECLARATION OF LAURENCE H. GURLEY**
**IN SUPPORT OF ENTRY OF ORDER APPROVING THE SALE OF**
**THE SPECIALTY BUSINESS ASSETS TO STALKING HORSE PURCHASER**

I, Laurence H. Gurley, declare as follows under penalty of perjury:

1. I am a Managing Director at Blackhill Partners, LLC ("Blackhill"), an investment banking firm with its principal office located at 2651 North Harwood Street, Suite 120, Dallas,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

Texas, and the investment banker retained by the Debtors in the above-captioned bankruptcy cases. I have worked at Blackhill from 2011 to the present.

2. I submit this declaration in further support of the *Debtors' Motion for (I) an Order Establishing Bidding Procedures and Granting Related Relief and (II) an Order or Orders Approving the Sale of the Debtors' Assets in the Specialty Business Segment* [ECF No. 300] (the "Sale Motion")[2] and the entry of an order (the "Sale Order") approving the sale of the Specialty Business Assets to the Stalking Horse Purchaser, J Line Corporation, pursuant to the terms of the Asset Purchase Agreement by and among the Stalking Horse Purchaser and certain of the Debtors and their non-Debtor affiliates (the "Asset Purchase Agreement"), and to supplement the declaration [ECF No. 456] previously submitted in support thereof.

3. I have been one of the principal personnel working on Blackhill's engagement with the Debtors and their non-debtor affiliates and subsidiaries since May 2016. In connection with the proposed Sale Order and Asset Purchase Agreement, I participated directly in discussions, due diligence, and negotiations with the Debtors' management, the independent members of the board of directors (the "Board") of International Shipholding Corporation ("ISH" and, together with its debtor and non-debtor subsidiaries and affiliates, "International Shipholding"), the Debtors' outside counsel, and potential purchasers and bidders for the assets that are subject to the Asset Purchase Agreement.

4. I am not being compensated specifically for this testimony other than through payments received by Blackhill as a professional retained by the Debtors in these chapter 11 cases. If called upon to testify, I would testify competently to the facts set forth in this declaration.

---

[2] Capitalized terms not defined herein shall have the same meaning as ascribed to such terms in the Sale Motion.

2

5. In forming the opinions set forth herein, I have relied upon and/or considered, among other things, the following: (a) my experience in chapter 11 cases, including with the sales of assets and issues attendant to the marketing of such assets; (b) the Sale Motion; (c) the *Order Establishing Bidding Procedures Relating to the Sale of the Debtors' Assets in the Specialty Business Segment* [D.I. 367] (the "Bidding Procedures Order"), entered on November 18, 2016, and which approved the bidding procedures portion of the Sale Motion; (d) discussions with the Debtors' management concerning the Debtors' business and the marketing of the Debtors' assets; (e) discussions with other professionals and advisors to the Debtors; (f) discussions with potential purchasers of the Debtors' assets and other interested parties; (g) discussion with the independent members of the Board; and (h) my relevant knowledge of the shipping industry.

6. Based upon my discussions with the Debtors' management and other professionals and advisors to the Debtors and my participation in meetings with the board of directors for International Shipholding Corporation, it is my understanding that each Debtor: (i) has full corporate power and authority to execute the Asset Purchase Agreement and all other documents contemplated thereby, and the sale of the Debtor Acquired Assets pursuant to the Asset Purchase Agreement has been duly and validly authorized by all necessary corporate action of each of the Debtors, (ii) has all of the corporate power and authority necessary to consummate the transactions contemplated by the Asset Purchase Agreement, (iii) has taken all corporate action necessary to authorize and approve the Asset Purchase Agreement and the consummation by the Debtors of the transactions contemplated thereby, and (iv) needs no consents or approvals, other than those expressly provided for in the Asset Purchase Agreement, which may be waived in accordance with the terms therewith.

7. In addition, a sale of the Debtor Acquired Assets other than one free and clear of all Interests would yield substantially less value for the Debtors' estates, with less certainty, than the Sale Transaction as contemplated.

8. I believe that the consummation of the Sale Transaction pursuant to the Asset Purchase Agreement is necessary for the Debtors to maximize the value of their estates for the benefit of all creditors and other parties in interest. In addition, the sale of the Acquired Assets must be approved and consummated promptly in order to preserve the value of the Acquired Assets. Therefore, time is of the essence in consummating the Sale Transaction, and it is my understanding that the Debtors and the Stalking Horse Purchaser intend to close the sale of the Acquired Assets as soon as reasonably practicable.

**A.    Conclusion**

9. For all of the foregoing reasons, I continue to believe that the sale contemplated by the Asset Purchase Agreement should be approved by this Court.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  December 28, 2016
         Dallas, Texas

                                      Respectfully submitted,

                                       /s/ *Laurence H. Gurley*
                                      Laurence H. Gurley
                                      Managing Director
                                      Blackhill Partners, LLC