**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: <br><br> INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] <br><br> Debtors. | ) <br> ) <br> ) Chapter 11 <br> ) <br> ) Case No. 16-12220 (SMB) <br> ) <br> ) Jointly Administered <br> ) |

**ORDER (I) AUTHORIZING THE DEBTORS TO CONSUMMATE THE SALE OF THE OSLO WAVE; (II) ESTABLISHING JANUARY 1, 2017, AS THE EFFECTIVE DATE OF THE SALE OF THE OSLO WAVE; (III) STAYING DISTRIBUTION OF A PORTION OF THE PROCEEDS OF THE SALE TRANSACTION PENDING FURTHER ORDER OF THE COURT; AND (IV) REJECTING THE BAREBOAT CHARTER *NUNC PRO TUNC* TO JANUARY 1, 2017**

Upon the motion of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for entry of the Proposed Order authorizing the Debtors to consummate the sale of the Oslo Wave (IMO No. 9190092) (the "Vessel") pursuant to the APA free of clear of all liens, claims, and encumbrances; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States Southern District of New York, dated as of January 31, 2012; and consideration of the Motion and the relief requested therein being a core proceeding in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); Dry Bulk Australia LTD (5383); Dry Bulk Americas LTD (6494); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Debtors is 601 Poydras Street, Pan American Building, Suite 1850, New Orleans, Louisiana 70130.

[2] Capitalized terms used but not otherwise defined herein have the meanings set forth in the Debtors' Expedited Motion for Entry of an Order (I) Authorizing the Debtors to Consummate the Sale of the Oslo Wave; (II) Establishing January 1, 2017, as the Effective Date of the Sale of the Oslo Wave; (III) Staying Distribution of the Proceeds of the Sale Transaction Pending Further Order of the Court; and (IV) Rejecting the Bareboat Charter *Nunc Pro Tunc* to January 1, 2017 , [Doc. 488] (the "Motion") or in the Estrada Declaration dated as of December 30, 2016 , as applicable.

accordance with 28 U.S.C. §§ 157(b)(2); and venue being proper in this jurisdiction pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Motion; and upon the Estrada Declaration, the record of the hearing and all proceedings had before the Court; and the Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' and their estates and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is hereby **FOUND AND DETERMINED THAT**:

      A.      The transaction contemplated by the APA constitutes the highest and best offer for the Vessel, and will provide a greater recovery for the Debtors' estates than would be provided by any other available alternative.  The Debtors' determination that the APA constitutes the highest and best offer constitutes a valid and sound exercise of the Debtors' business judgment.

      B.      The APA represents a fair and reasonable offer to purchase the Vessel under the circumstances of these chapter 11 cases.  No other person or entity or group of entities has offered to purchase the Vessel for greater value to the Debtors' estates than the Buyer.

      C.      Approval of the Motion and the APA and the consummation of the transactions contemplated thereby are in the best interests of the Debtors and their estates.

      D.      The terms of the APA and the sale transaction contemplated therein are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, are the best available to the Debtors under the circumstances.

E.  LCI Shipholdings, Inc. may sell the Vessel free and clear of all liens, claims and encumbrances because, in each case, the party asserting an interest could be compelled, in a legal or equitable proceeding, to accept money satisfaction for its interests.

F.  The Debtors' decision to reject the Bareboat Charter was an exercise of the Debtors' business judgment.

G.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any findings of fact constitute conclusions of law, they are adopted as such. To the extent any conclusions of law constitute findings of fact, they are adopted as such.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.  The Motion is granted to the extent set forth herein.

2.  The sale and transfer of the Vessel to the Buyer shall occur as soon as practicable and not later than February 28, 2017 (the "Closing Date"), with the effective date of the sale and transfer of the Vessel to the Buyer to be January 1, 2017, as reflected in the APA attached to the Motion as Exhibit B.

3.  Notwithstanding anything contained in the Motion, the effective date of the rejection of the Bareboat Charter shall be the Closing Date, provided, however, that notwithstanding any other provisions of this Order, the Motion or the APA, the Debtors shall seek to enforce any and all rights that arise in their favor under Sections 16 and 17 of the Bareboat Charter solely with respect to liabilities arising prior to the Closing Date.

4.  Oslo Bulk Holding PTE, Ltd. (the "Charterer") waives any and all claims against the Debtors and the reorganized Debtors, the Vessel, and the proceeds of the sale of the Vessel arising from the rejection of the Bareboat Charter.

5. Subject to paragraph 9 of this Order, and notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in this Order shall constitute, nor is it intended to constitute, an admission as to the validity or priority of any claim against the Debtors, the creation of an administrative priority claim on account of the pre-petition obligations sought to be paid, or the assumption or adoption of any contract or agreement under Bankruptcy Code section 365.

6. The APA is hereby approved, *nunc pro tunc* to January 1, 2017.

7. Pursuant to Bankruptcy Code sections 105(a), 363(b), and 363(f), the Debtors are authorized, and empowered to take any and all actions necessary or appropriate to consummate the sale transaction of the Vessel with the Buyer upon the terms and subject to the conditions set forth in the APA and this Order, without further application to, or order of, the Court.

8. On the Closing Date, the Buyer shall take title to and possession of the Vessel free and clear of all liens, claims, and encumbrances pursuant to Bankruptcy Code section 363(f).

9. The Debtors admit, acknowledge, stipulate and agree that immediately upon the Closing, Capital One will have a valid, perfected, binding, non-avoidable, and enforceable first priority security interest in, and liens on, all of the proceeds from the sale of the Vessel, subject only to the priming lien of the DIP Lenders, capped at $1.25 million with respect to the Capital One Collateral as set forth in the Final DIP Order.

10. Subject to paragraph 9 and notwithstanding anything contained in the Motion, the APA or the Sale Documents,

   (a) On the Closing Date, $1.25 million in sale proceeds shall be deposited into a segregated account of LCI Shipholdings, Inc., and any and all liens and/or security interests against the Vessel shall attach to such proceeds in the same priority as the liens and/or

security interests against the Vessel (including, for the avoidance of doubt, as such priority is set forth in the Final DIP Order), such proceeds shall only be released (i) ~~pending~~ upon further order of the Bankruptcy Court (which may be an order confirming a plan of reorganization) authorizing the withdrawal of such funds, free and clear of all liens and encumbrances, or (ii)  pursuant to the terms of the Final DIP Order; and

(b)   Within one (1) business day of the Closing Date, the remaining $2.05 million in sale proceeds shall be distributed to Capital One free and clear of all liens and encumbrances in partial satisfaction of its secured claim as described in the foregoing paragraph 9.

11.    At or prior to the Closing, Charterer shall certify that it has operated the Vessel in accordance with the Bareboat Charter and to the best of its knowledge, there are no maritime or other liens asserted against the Vessel which arose as a result of Charterer's possession or operation of the Vessel.

12.    Except as expressly permitted by this Order, all persons or entities holding liens, claims, and encumbrances on all or any portion of the Vessel arising under or out of, in connection with, or in any way relating to the Debtors, the Charterer, the operation and/or charter of the Vessel, the operation of the Debtors' business prior to the Closing Date, or the sale and transfer of the Vessel to the Buyer, hereby are forever barred, estopped, and permanently enjoined from asserting against the Buyer, its successors or assigns, or their property, such persons' or entities' liens, claims, and encumbrances in and to the Vessel.

13.    The provisions of this Order authorizing the sale of the Vessel by the Debtors free and clear of liens, claims, and encumbrances shall be self-executing, and none of the Debtors, the Buyer, or any other party shall be required to execute or file releases, termination statements, assignments, cancellations, consents or other instruments to effectuate, consummate, and/or

implement the provisions hereof with respect to the sale; *provided*, *however*, that this paragraph shall not excuse such parties from performing any and all of their respective obligations under the APA or as otherwise set forth in this Order or reasonably requested by Buyer.

14. Without limiting the foregoing, on the Closing Date, the Buyer shall be authorized to file termination statements or lien terminations in any required jurisdiction to remove any record, notice filing, or financing statement recorded to attach, perfect, or otherwise notice any lien or encumbrance with respect to the Vessel (but not the proceeds thereof) that is extinguished or otherwise released pursuant to this Order under section 363 and the related provisions of the Bankruptcy Code. A certified copy of this Order may be filed with the appropriate clerk and/or recorded to act to cancel any of the liens, claims, and encumbrances on the Vessel of record.

15. This Order is and shall be binding upon and govern the acts of all persons and entities, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials and all other persons or entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to any lease; and each of the foregoing persons and entities is hereby directed to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by APA; provided that nothing herein shall relieve any entity of the obligation to pay filing fees required to be paid under non-bankruptcy law.

16. If any person or entity which has filed statements or other documents or agreements evidencing liens, claims, and encumbrances on, interests in, all or a portion of the Vessel shall not

have delivered to the Debtors prior to the Closing Date, in proper form for filing and executed by appropriate parties, termination statements, instruments of satisfaction, releases of liens and easements, and any other documents reasonably requested by the Buyer for the purpose of documenting the release of all liens, claims, and encumbrances on the Vessel, which the person or entity has or may assert with respect to all or any portion of the Vessel, the Debtors are hereby authorized and directed, and the Buyer is hereby authorized, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Vessel.

17. The Buyer is purchasing the Vessel in good faith and is a good faith buyer within the meaning of Bankruptcy Code section 363(m), and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, *inter alia*: (i) all agreements or arrangements entered into by the Buyer in connection with the sale transaction have been disclosed; (ii) the Buyer has not violated Bankruptcy Code section 363(n) by any action or inaction; and (iii) the negotiation and execution of the APA was at arms' length and in good faith.

18. Capital One reserves the right to assert and pursue any and all claims against the Debtors, including with respect to any alleged superpriority administrative expense claims relating to the alleged diminution of the value of its collateral, and all parties reserve all rights, claims and defenses with respect to the foregoing.

19. In the absence of a stay pending appeal, the Buyer will be acting in good faith pursuant to Bankruptcy Code section 363(m) in closing the transaction contemplated by the APA, on or before the Closing Date.

20. Notice of the Motion as provided herein was good and sufficient and such notice satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules.

21. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h) and 6006(d), this order shall be immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this order.

23. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this order.

New York, New York  
Dated: January 30, 2017

/s/ Stuart M. Bernstein  
United States Bankruptcy Judge