UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **INTERNATIONAL SHIPHOLDING CORPORATION,** *et al,* | Case No. 16-12220 (SMB) Jointly Administered |
| **Debtors** | Hon. Stuart M. Bernstein |

------------------------------------------------------------X

**CLAIMANTS' OPPOSITION TO DEBTORS' DETERMINATION MOTION WITH RESPECT TO CERTAIN LITIGATION CLAIMS SOLELY FOR VOTING PURPOSES PURSUANT TO RULE 3018**

NOW COME the 750 merchant mariners ("Claimants") represented by counsel undersigned and in opposition to the Debtors' Determination Motion With Respect to Certain Litigation Claims Solely for Voting Purposes Pursuant to Rule 3018 ("Motion") state as follows:

**I**

**STATEMENT OF ISSUES**

There are two basic issues raised in the Debtors' Motion. First, does a claimant have a "claim" for voting purposes when the dismissal of the underlying civil action is not yet subject to a final order of the trial count? Second, for voting purposes, how should the claims be valued? A brief background statement will provide the relevant context for these issues.

**II**

**BACKGROUND**

Claimants are merchant mariners who worked and lived aboard vessels owned and/or operated by Debtors, Waterman Steamship Corporation, Central Gulf Lines, Inc. and Sulphur Carriers Inc.[1] Some worked for more than one Debtor during their careers. During their time

---

[1] It is well settled that mariners are considered "wards" of the Court entitled special solicitude. *Moragne v States Marines Lines*, 398 U.S. 375, 386-387 (1970).

1

aboard vessels they were routinely exposed to asbestos. Each has been diagnosed with an asbestos-related disease. (The question about exposure raised by Debtor will be addressed below along with other points regarding the actual merits of the claims) Hundreds have died from various forms of malignancies as a result of having been exposed to asbestos.

## Claim Status

The Debtors have categorized the claims into two groups. Adjusted Litigation Claims and Disallowed Litigation Claims. (The number of claims set forth in the text of Debtor's Motion are not entirely consistent with their Exhibits. With minor exceptions, Claimants find the Exhibits to be accurate.)

The vast majority of the cases in the Disallowed Litigation Claim group were dismissed on personal jurisdiction grounds. The current status of the dismissed cases is:

1. Ninety-two (92) of the dismissed cases have been appealed to the Third and Sixth Circuit. (It is understood the automatic stay is in effect and the appeals are not being prosecuted against the Debtors.)

2. Six hundred forty-five (645) of the dismissed cases are not subject to a final order of the trial court. Many, if not all, of these dismissals will be appealed upon the entry of final orders.

3. Forty-one (41) of the cases are in the bankruptcy only docket. (Debtors state this number is 46).

4. Of the 645 cases dismissed on personal jurisdiction, 38 have been refiled in Louisiana (Here again the cases are not being prosecuted against Debtors).

(See Kler Declaration for verification of the status of the referenced claims.) Exh. 1.

2

In the first appeal on the personal jurisdiction issue to be decided at the appellate level, the United States Third Circuit Court of Appeals reversed the decision of the Multi-District Court Judge. ("That they purported to preserve their personal jurisdiction defenses in their pleadings does not change the import of these clear waivers.  Thus it was incorrect to dismiss the cases before us.  We reverse and remand to the Eastern District of Pennsylvania Court for proceedings consistent with this opinion.")  (Estates of Wilson, Braun and Guiden (Case Nos. 15-1387, 15-1388, 15-1389)  Third Circuit Court of Appeals (August 8, 2016).  Exh. 2.

### III

### THE BANKRUPTCY ONLY DOCKET

For the purpose of this motion, Claimants whose cases are in the "Bankruptcy Only" docket will not contest Debtors' Motion.  Said Claimants will not tender a ballot.

### IV

### ARGUMENT

### CLAIMANTS SHOULD NOT BE DISENFRANCHISED

It is more than well-known and understood by all interested parties and the Court that the definition of a "claim" is very broad.  The term "claim" includes in relevant part:

> (5)     The term "claim" means –
>
> (A) right to payment, whether or not such right is … unliquidated … contingent…disputed…

11 U.S.C. 101(5)

The Disallowed Litigation Claims are at least "disputed."  Debtors have not filed objections to the claims.  Moreover, Debtors have cited no authority which support the proposition that a claimant with an underlying civil action not subject to a final dismissal order is to be disenfranchised.  Indeed, based on the Third Circuit's decision, it appears that the

dismissals on personal jurisdiction grounds will be reversed. The Debtors have had ample time to challenge the claims on the merits. They did not do so. In that regard, it is noted that this Court would not allow the holder of an expunged claim to vote. *In re: Pulp Finish 1 Co.*, 2014 Bankr. LEXIS 189 (Bankr. S.D.N.Y., Feb. 3, 2014). The claims at issue have not been expunged.

# V

## **THE DEBTOR'S DISALLOWANCE FACTORS**

Courts have developed various multi-factor tests in determining whether to temporarily allow a claim for voting purposes. The case law is clear, Courts have discretion to temporarily allow claims for voting purposes. Armstrong v Rushton, (In re: Armstrong), 294 B.R. 344, 354 (B.A.P. 10th Cir. 2003). The Debtors arguments do not support the relief requested:

1. The Debtors argue about the validity of the claims. Whether this is a correct factor to consider for voting purposes is questionable in view of the Debtor not having actually objected to the claims. However, given the merits of the claims, the validity of the claims clearly favor Claimants.

To be specific: the underlying litigation has been ongoing dating back to the mid-1980's. Over the last five (5) years, many cases were placed on an active trial docket including all the civil actions which give rise to the claims. The parties have engaged in discovery and Plaintiffs provided very extensive information and documentation to the Debtors which was and is available on the Motley Rice Extranet. (Motley Rice is co-counsel with the Jaques Admiralty Law Firm). All of this information and all the documents are well known to the Debtors and their Special Counsel, Thompson Hine (who have been representing Debtors for decades.) Included are employment histories, medical records and sworn statements about exposure to

4

asbestos aboard the vessels, other bankruptcy claims information, product identification, affidavits, discovery responses and much more.  With the exception of the personal jurisdiction issues, these claims have withstood motion practice by the Debtors and other defendants.  Issues raised included and addressed causation, lack of a Jones Act statutory beneficiary, service of process, judicial estoppel, a challenge to punitive damages claims, statute of limitations issues and more.  The Multi-District Court Judge overseeing these cases has denied the relief sought.

The amount of documentation which the Debtor's already have is enormous, literally thousands of pages are in their possession or available.  Two examples are offered for the Court to provide a brief view of what was provided.  Included are the medical employment and exposure documents for two claimants. Exh. 3.

Finally, to provide a more complete picture of the claims and the seriousness of the diseases suffered by the Claimants themselves the following disease mixes are set forth.

The disease mix for Claimants in the Adjusted Litigation claims group is:

> Mesothelioma - 3
>
> Lung cancer - 26
>
> Other Cancer - 15
>
> Asbestos-related non-malignancies – 163

The disease mix for those in the Disallowed Litigation Claims group is:

> Mesothelioma - 22
>
> Lung cancer - 380
>
> Other Cancer - 151
>
> Asbestos-related non-malignancies – 193

The point is, if the Debtors actually wanted to object to the validity of the proofs of claims a monumental amount of support would have been filed. The argument regarding medical documentation and exposure simply do not withstand scrutiny.

2. Debtors argue the underlying purpose of the Code and the treatment of creditors will not be served if Claimants are allowed to vote. To the contrary, these claimants are simply and only seeking to ensure the insurance and indemnity contracts referenced by the Debtors in the Disclosure Statement and their Motion, which are dedicated to the Jones Act claims, are made available and not wasted. At the moment, the proposed reorganization is silent as to how the insurance and indemnity contracts will be utilized. It is clear that for these Claimants to be treated fairly, with no cost or risk to other Claimants, this must be addressed. Such a position in no way belies the purpose of the Code nor does it put the treatment of other creditors at risk.

3. Debtor's motion may be technically on time. However, the decision on the motion will not be rendered until the day before the ballots are due, creating obvious logistical issues. The motion should have been filed well ago.

4. There is no reason to believe and nothing in the record to support the idea that allowing these claimants to vote will delay the administration of the case. The claimants are not seeking to delay anything. Indeed the filing of the Chapter 11 has delayed the resolution of the claims. Whether all Claimants are allowed to vote or not these claims need to be resolved. If the plan needs to be changed, it will be changed but this can be accomplished in a timely manner. These claims need to be resolved as provided for by 11 U.S.C. § 157(b)(5) which is the case whether Claimants vote or not.

5. Debtors' argue that the votes of these Claimants may carry too much weight. These Claimants have valid claims which should not be brushed under the table. These ship

6

owners employed thousands mariners. These ship owners are legally responsible for the injuries suffered and their deaths. The bankruptcy does not change these basic facts. The fact that there are hundreds of claims does not mean that their voices should be heard or their votes not counted.

## VI

### THE CLAIMS VALUES SHOULD NOT BE CALCULATED BASED ON THE DEBTORS "RESERVES" CALCULATIONS

The Debtors approach to valuing claims is to look to their historical "reserves," believing that insurance and indemnity coverage will cover the remaining value of the claims. Presently, as noted, the proposed plan of reorganization recognizes that there are insurance and indemnity policies dedicated to the Jones Act claims. However, no provision in the proposed plan will facilitate access. Thus, excuse the redundancy, until this flaw is addressed there is no basis to point to the reserves as a basis for valuing claims.

Furthermore, it must be noted these claims are premised on allegations of violations of the Jones Act (46 U.S. § 30104) and the General Maritime Doctrine of Unseaworthiness. Accordingly, joint and several liability applies. (*Norfolk & Western Railway Co. v Ayers*, 538 U.S. 135, 163, 123 S.Ct. 1210 (2003). The argument that third parties may share in the liability and thus reduce the Debtor's exposure cannot be used as a basis to reduce the values across the board.

### PROPOSED CLAIMS VALUES

For voting purposes only, Claimants would propose the following values:

    Mesothelioma claims: $2,500,000.00

    Lung cancer claims: $800,000.00

    Other cancer claims: $200,000.00

7

Non-malignancy claims: $200,000.00

**RELIEF REQUESTED**

For the reason set forth above, Claimants request that the Debtors Motion be denied and that the values be set as outlined above.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ *Alan Kellman* |
|  | ALAN KELLMAN (P15826) |
|  | Maritime Asbestos Legal Clinic, a division |
|  | of the Jaques Admiralty Law Firm, P.C. |
|  | 645 Griswold St., Suite 1370 |
|  | Detroit, Michigan 48226 |
|  | T: (313) 961-1080 |
|  | F: (313) 961-1819 |
|  | Email: akellman@jaquesadmiralty.com |
| Dated: February 2, 2017 | *Counsel for Asbestos Claimants* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| **INTERNATIONAL SHIPHOLDING CORPORATION,** *et al,* | Case No. 16-12220 (SMB)<br>Jointly Administered |
| Debtors | Hon. Stuart M. Bernstein |

------------------------------------------------------------X

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of February, 2017 a copy of the foregoing *Claimants' Opposition to Debtors' Determination Motion with Respect to Certain Litigation Claims Solely for Voting Purposes Pursuant to Rule 3018* was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system who are registered. Parties may access this filing through the Court system. The foregoing has also been mailed via USPS Regular Mail to the parties below:

Attn: Willard E. Bartel and David C. Peebles
Administrators for the Estate of Robert N. Cain
1422 Euclid Ave., Suite 800
Cleveland, OH, 44115

Attn: David H. Botter, Esq.
Akin Gump Strauss Hauer & Feld, LLP
One Bryant Park 44th Floor
New York, NY, 10036

Attn: Sarah Link Schultz, Esq.
Sarah J. Crow, Esq.
Anthony Loring, Esq.
Robert Shannon, Esq.
Akin Gump Strauss Hauer & Feld, LLP
1700 Pacific Avenue Suite 4100
Dallas, TX, 75201

Attn: Darryl S. Laddin, Esq. & Frank N. White, Esq.
Arnall Golden Gregory, LLP
171 17th Street, NW Suite 2100
Atlanta, GA, 30363-1031

Attn: Kimberly A. Walsh, Esq.
Attorney General's Office Bankruptcy & Collections Division
c/o Sherri K. Simpson P.O. Box 12548
Austin, TX, 78711-2548

Attn: Matt Denny
Blackhill Partners, LLC
2651 North Harwood Street Ste. 120
Dallas, TX, 75201


Attn: Shawn M. Christianson, Esq.
Buchalter Nemer, A Professional Corporation
55 Second Street 17th Floor
San Francisco, CA, 94105

Attn: Luke A. Barefoot, Esq. & Philip A. Cantwell, Esq.
Cleary Gottlieb Steen & Hamilton, LLP
One Liberty Plaza
New York, NY, 10006


Attn: Richard M. Seltzer, Esq.
Thomas N. Ciantra, Esq.
David R. Hock, Esq.
Cohen, Weiss and Simon, LLP
330 West 42th Street
New York, NY, 10036

Attn: Michael D. Sirota, Esq.
Cole Schotz, PC
1325 Avenue of the Americas 19th Floor
New York, NY, 10019-6079

Attn: Alan Van Praag, Esq.
Eaton & Van Winkle, LLP
3 Park Ave 16th Floor
New York, NY, 10016

Attn: Barbra R. Parlin, Esq.
Holland & Knight, LLP
31 West 52nd Street
New York, NY, 10019

Attn: Christopher Gartman, Esq. & Kathryn A. Coleman, Esq.
Hughes Hubbard & Reed, LLP
One Battery Park Plaza
New York, NY, 10004-1482

Attn: Andrew Hedges
ING Wholesale Banking
ING Bank N.V., London Branch 8-10 Moorgate
London, , EC2R 6DA
United Kingdom

Attn: Centralized Insolvency Operation
Internal Revenue Service
2970 Market St.
Philadelphia, PA, 19104-5016

Attn: General Counsel
International Shipholding Corporation
601 Poydras Street, Pan American Building Suite 1850
New Orleans, LA, 70130

Attn: Patricia A. Krebs & Jeffrey M. Burmaster, Esq.
King, Krebs & Jurgens, PLLC
201 St. Charles Ave. 45th Floor
New Orleans, LA, 70170

Attn: Elizabeth Weller
Linebarger Goggan Blair & Sampson LLP
2777 North Stemmons Freeway Suite 1000
Dallas, TX, 75207

Attn: Nathan P. Horner, Esq. & Christopher T. Caplinger, Esq.
Lugenbuhl, Wheaton, Peck, Rankin & Hubbard
601 Poydras St. Suite 2775
New Orleans, LA, 70130

Attn: Richard M. Seltzer, Esq.
Marine Engineers Beneficial Association
444 N. Capitol Street, NW #800
Washington, DC, 20001

Attn: Patrick McCullough
Masters Mates & Pilots Benefit Plans
700 Maritime Blvd. Suite A
Linthicum Heights, MD, 21090-1996

Attn: Gary D. Bressler, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
300 Delaware Ave. Suite 770
Wilmington, DE, 19801

Attn: Louis A Modugno, Esq.
McElroy, Deutsch, Mulvaney & Carpenter, LLP
1300 Mount Kemble Ave.
Morristown, NJ, 07960

Attn: Deborah A. Reperowitz, E. Stewart Spielman & Kristen D. Romano
McGlinchey Stafford, PLLC
112 West 34th Street Suite 1515
New York, NY, 10120

Attn: E. Stewart Spielman
McGlinchey Stafford, PLLC
301 Main Street Suite 1400
Baton Rouge, LA, 70801

Attn: Evan R. Fleck & Nelly C. Almeida
Milbank, Tweed, Hadley & McCloy, LLP
28 Liberty Street
New York, NY, 10005


Attn: David Walls
Moore & Van Allen, PLLC
100 North Tryon Street Suite 4700
Charlotte, NC, 28202-4003

Attn: Leslie S. Barr, Esq.
Neils W. Johnsen Estate
Windels Marx Lane & Mittendorf, LLP 156 West 56th Street, 22nd Floor
New York, NY, 10019

Attn: Serene Nakano
Office of The United States Trustee for Region 2
201 Varick St. Room 1006
New York, NY, 10014

Attn: Robert J. Feinstein, Bradford J. Sandler, Steven W. Golden
Pachulski Stang Ziehl & Jones, LLP
780 Third Avenue 34th Floor
New York, NY, 10017-2024

Attn: Rick A Steinberg
Price Meese Shulman & D'Arminio, PC
50 Tice Boulevard Suite 380
Woodcliff Lake, NJ, 07677

Attn: Joshua Karotkin
Prime Clerk, LLC
830 3rd Avenue 9th Fl.
New York, NY, 10022

Attn: Alice P. Ko, Esq.
Rosen & Associates, PC
747 Third Avenue
New York, NY, 10017-2803

Attn: Maggie Bowen & Ellen Silver
Seafarers International Union
5201 Auth Way
Camp Springs, MD, 20746

Attn: Secretary of the Treasury
Securities & Exchange Commission
100 F St., NE
Washington, DC, 20549

Attn: Bankruptcy Dept.
Securities & Exchange Commission – NY Office
Brookfield Place 200 Vesey St., Ste. 400
New York, NY, 10281-1022

Attn: John R. Ashmead, Esq. & Robert J. Gayda, Esq.
Seward & Kissel, LLP
One Battery Park Plaza
New York, NY, 10004

Attn: Steve M. Fuhrman
Simpson Thacher & Bartlett, LLP
425 Lexington Avenue
New York, NY, 10017

Attn:  Bankruptcy Dept.
State of New York Attorney General
The Capitol
Albany, NY, 12224-0341

Att:  Will Terrill
U.S. Ocean, LLC
55 Waugh Drive Suite 300
Houston, TX, 77007

Attn:  Honorable Stuart M. Bernstein
United States Bankruptcy Court for the Southern District of New York
One Bowling Green Courtroom 723
New York, NY, 10004-1408

Attn:  Bankruptcy Division
US Attorney for Southern District of New York
86 Chambers St. 3rd Fl.
New York, NY, 10007

Attn:  Douglas J. Lipke
Vedder Price, PC
222 North LaSalle Street
Chicago, IL, 60601

*Krystle Constantine*
Krystle Constantine