Robert J. Feinstein
Bradford J. Sandler
Steven W. Golden
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
sgolden@pszjlaw.com

*Counsel for the GUC Trustee of the GUC Trust*

David H. Botter
Sarah Link Schultz (admitted *pro hac vice*)
David F. Staber (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel to Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
In re : Chapter 11
:
**INTERNATIONAL SHIPHOLDING** : Case No. 16-12220 (SMB)
**CORPORATION., *et al.*,[1]** :
: Jointly Administered
:
**Reorganized Debtors.** :
---------------------------------------------------------------x

# NOTICE OF PRESENTMENT OF JOINT MOTION FOR ENTRY OF AN ORDER EXTENDING THE PERIOD TO FILE OBJECTIONS TO CLAIMS

**PLEASE TAKE NOTICE** that Robert N. Michaelson (the "GUC Trustee"), in his capacity as trustee of the International Shipholding GUC Trust (the "GUC Trust"), together with the above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), will present the *Order Extending the Period to File Objections to Claims* (the "Proposed Order"),

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); and LCI Shipholdings, Inc. (8094). The service address for each of the above Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

substantially in the form attached as Exhibit 1 to the *Joint Motion for Entry of an Order Extending the Period to File Objections to Claims* (the "Motion") attached hereto, to the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court of the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, on **December 28, 2017 at 12:00 pm (prevailing Eastern Time)**.[2]

**PLEASE TAKE FURTHER NOTICE** that any responses or objections to the Motion or the Proposed Order must be made in writing; shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Local Rules of the Bankruptcy Court (the "Local Rules"); shall be filed with the Bankruptcy Court with a hard copy delivered to Chambers, and served so as to be actually received by (i) the Reorganized Debtors, 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316, Attn: Bill Long; (ii) Akin Gump Strauss Hauer & Feld LLP, One Bryant Park, New York, New York 10036, Attn: David Botter, Esq., Email: dbotter@akingump.com, and 1700 Pacific Avenue, Suite 4100, Dallas, Texas 75201, Sarah Link Schultz, Esq., Email: sschultz@akingump.com, counsel for the Reorganized Debtors; (iii) Pachulski Stang Ziehl & Jones LLP, 780 Third Avenue, 34th Floor, New York, New York 10017, Attn: Robert J. Feinstein, Esq., Email: rfeinstein@pszjlaw.com, and Bradford J. Sandler, Esq., Email: bsandler@pszjlaw.com, counsel to the GUC Trustee; (iv) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick St., Room 1006, New York, New York 10014, Attn: Serene Nakano, Esq., Email: serene.nakano@usdoj.gov; (v) Milbank Tweed Hadley & McCoy LLP, 28 Liberty Street, New York, NY 10005-1413, Attn: Evan Fleck, Esq. and Nelly Almeida, Esq., counsel to SEACOR

---

[2] Capitalized termed used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Capital Corp.; (vi) all parties that have filed a request to receive service of court filings pursuant to Bankruptcy Rule 2002; and (vii) all other parties on the master service list prepared and maintained pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 178], no later than **December 21, 2017 at 11:00 a.m. (prevailing Eastern Time)**.

Dated: December 7, 2017
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Robert J. Feinstein*
Robert J. Feinstein
Bradford J. Sandler
Steven W. Golden
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email:   rfeinstein@pszjlaw.com
        bsandler@pszjlaw.com
        sgolden@pszjlaw.com

*Counsel for the GUC Trustee of the GUC Trust*

AKIN GUMP STRAUSS HAUER & FELD LLP

By: */s/ Sarah Link Schultz*
David H. Botter
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Sarah Link Schultz (admitted *pro hac vice*)
David F. Staber (admitted *pro hac vice*)
1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel to Reorganized Debtors*

Robert J. Feinstein
Bradford J. Sandler
Steven W. Golden
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
sgolden@pszjlaw.com

*Counsel for the GUC Trustee of the GUC Trust*

David H. Botter
Sarah Link Schultz (admitted *pro hac vice*)
David F. Staber (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

1700 Pacific Avenue, Suite 4100
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel to Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1] | Case No. 16-12220 (SMB) |
| Reorganized Debtors. | Jointly Administered |

## JOINT MOTION FOR ENTRY OF AN ORDER
## EXTENDING THE PERIOD TO FILE OBJECTIONS TO CLAIMS

Robert N. Michaelson (the "GUC Trustee"), in his capacity as trustee of the International Shipholding GUC Trust (the "GUC Trust"), together with the above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), hereby submit this motion (the "Motion") for entry of an order extending the deadline to object to Claims other than Administrative Expense

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); and LCI Shipholdings, Inc. (8094). The service address for each of the above Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

Claims but including 503(b)(9) Claims (the "Claims Objection Bar Date") and respectfully represents as follows:[2]

**Jurisdiction**

1.  The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The GUC Trustee and the Reorganized Debtors each confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3.  On March 2, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors* [Docket No. 671] (the "Confirmation Order") confirming the Plan.

4.  On July 3, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors; (II) Occurrence of Effective*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors* [Appendix 1 to Docket No. 671] (the "Plan").

*Date; and (III) Deadline for Filing Fee Claims and Administrative Expense Claims* [Docket No. 796] (the "Effective Date Notice").

5. Pursuant to the Plan, the GUC Trustee was appointed on the Effective Date "to implement the Plan . . . and distribute the GUC Trust Assets." Plan, at section 9.5. This includes the joint authority with the Reorganized Debtors "to file, settle, compromise, withdraw or litigate to judgment any objection to General Unsecured Claims in accordance with the terms of the GUC Trust Agreement." *Id.*, at section 6.2.

6. With respect to Claims other than General Unsecured Claims, the Reorganized Debtors have the exclusive authority under the Plan "to file, settle, compromise, withdraw or litigate to judgment any objections to Claims as permitted under the Plan . . . ." *Id.* The Plan also provides that the Reorganized Debtors must provide notice prior to seeking the reclassification of any Claim to a General Unsecured Claim and the GUC Trust shall have standing to object to such reclassification. *Id.*

7. The Plan provides that the Claims Objection Bar Date is the date that is 180 days after the Effective Date; provided that the Claims Objection Bar Date may be extended by the Bankruptcy Court by presentment of an Order. *See* Plan, at section 6.2. Accordingly, the present Claims Objection Bar Date is December 30, 2017.[3]

**Relief Requested**

8. The GUC Trustee and the Reorganized Debtors respectfully request that the Court extend the Claims Objection Bar Date for objecting to Claims other than Administrative Expense

---

[3] Under the Plan, the Claims Objection Bar Date does not apply to Administrative Expense Claims. The procedures for requesting payment and objecting to certain Administrative Expense Claims is instead set forth in section 2.1.2 of the Plan. The parties to this Motion do not seek to extend any deadlines with respect to those procedures. However, the procedures in section 2.1.2 of the Plan do not include 503(b)(9) Claims. For the avoidance of doubt, the parties therefore request that 503(b)(9) Claims be included in the extended Claims Objection Bar Date requested in this Motion.

Claims but including 503(b)(9) Claims by 180 days to June 28, 2018, without prejudice to the ability of the GUC Trustee or the Reorganized Debtors to request further extensions.

### Basis for Relief

9. The Court has the express authority to extend the Claims Objection Bar Date. *See* Plan, at section 6.2 ("[T]he applicable deadline may be extended by presentment of an order to the Bankruptcy Court by the Reorganized Debtors or the GUC Trustee, without the need for a hearing."). Further, Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at any time in its discretion" extend a deadline "if the request therefore is made before the expiration" of such deadline. Fed. R. Bankr. P. 9006(b)(1). Additionally, the Court has the inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

10. The authority to extend the Claims Objection Bar Date is consistent with the Court's broad authority under sections 1142(b) and 105(a) of the Bankruptcy Code to issue orders necessary for the consummation of the Plan or to carry out the provisions of the Bankruptcy Code. *See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a) grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy Code so long as that power is exercised within the confines of the Bankruptcy Code."); *In re Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has 'continuing responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

11. Since the Effective Date, the GUC Trustee, the Reorganized Debtors, and their respective professionals have been carefully reviewing the filed Claims. Notably, the bulk of the filed Claims, both in terms of number and amount, assert alleged personal injury and asbestos-related claims. The GUC Trustee has been in regular conversations with the Reorganized Debtors and their professionals, the Debtors' insurance and indemnity providers, and other parties to so that these complex Claims may be administered efficiently and effectively.

12. The GUC Trustee, the Reorganized Debtors, and their respective professionals have not had a sufficient opportunity to analyze the merits of all of the asserted Claims. The GUC Trustee, the Reorganized Debtors, and their respective professionals continue to review and analyze the Claims and the Reorganized Debtors' books and records to reconcile such claims and determine whether and the extent to which they are valid. Extending the deadline will provide the GUC Trustee and the Reorganized Debtors adequate time to conduct this review. Extending the deadline for all Claims (other than certain Administrative Expense Claims as described above) will also ensure that, to the extent Claims are reclassified following an objection, the appropriate party can thereafter object as necessary. The GUC Trustee and the Reorganized Debtors believe that an extension of the Claims Objection Bar Date is in the best interests of all parties in interest. The extension is not sought for improper dilatory purposes and will not unduly prejudice any claimants who have filed Claims.

## Notice

13. The GUC Trustee has caused notice of this motion to be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to: (i) the U.S. Trustee; (ii) counsel for SEACOR Capital Corp.; (iii) counsel to the agents and lenders under the Debtors' pre-petition credit facilities; (iv) the U.S. Attorney's Office for the Southern District of New

York; (v) the Internal Revenue Service; (vi) the United States Securities and Exchange Commission; (vii) all parties that have filed a request to receive service of pursuant to Bankruptcy Rule 2002; and (viii) all other parties on the master service list prepared and maintained pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 178]. The GUC Trustee and the Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

14. No prior request for the relief sought in this Motion has been made to this or any other court.

## **Conclusion**

WHEREFORE the GUC Trustee, together with the Reorganized Debtors, respectfully request the entry of the Order, substantially in the form annexed hereto as **Exhibit 1**, extending the Claims Objection Bar Date through and including June 28, 2018, and for such other and further relief as the Court deems appropriate under the circumstances.

Dated: December 7, 2017
       New York, New York          PACHULSKI STANG ZIEHL & JONES LLP

                                   */s/ Robert J. Feinstein*
                                   Robert J. Feinstein
                                   Bradford J. Sandler
                                   Steven W. Golden
                                   780 Third Avenue, 34th Floor
                                   New York, NY 10017
                                   Telephone: (212) 561-7700
                                   Facsimile: (212) 561-7777
                                   Email:    rfeinstein@pszjlaw.com
                                             bsandler@pszjlaw.com
                                             sgolden@pszjlaw.com

                                   *Counsel for the GUC Trustee of the GUC Trust*


                                   AKIN GUMP STRAUSS HAUER & FELD LLP

                                   By: */s/ Sarah Link Schultz*
                                   David H. Botter
                                   One Bryant Park
                                   New York, NY 10036
                                   Telephone: (212) 872-1000
                                   Facsimile: (212) 872-1002

                                   Sarah Link Schultz (admitted *pro hac vice*)
                                   David F. Staber (admitted *pro hac vice*)
                                   1700 Pacific Avenue, Suite 4100
                                   Dallas, Texas 75201
                                   Telephone: (214) 969-2800
                                   Facsimile: (214) 969-4343

                                   *Counsel to Reorganized Debtors*

# **Exhibit 1**

(Proposed Order)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
:
In re : Chapter 11
:
INTERNATIONAL SHIPHOLDING : Case No. 16-12220 (SMB)
CORPORATION., *et al.*,[1] :
: Jointly Administered
:
Reorganized Debtors. :
-------------------------------------------------------------x

## ORDER EXTENDING THE PERIOD TO FILE OBJECTIONS TO CLAIMS

Upon the motion (the "Motion")[2] of the GUC Trustee, on behalf of the GUC Trust, and the Reorganized Debtors for entry of an order (this "Order"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure to extend the Claims Objection Bar Date, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); and LCI Shipholdings, Inc. (8094). The service address for each of the above Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Claims Objection Bar Date for objecting to Claims other than Administrative Expense Claims but including 503(b)(9) Claims is extended through and including June 28, 2018.

3. This Order is without prejudice to the GUC Trustee's or Reorganized Debtors' rights to request further extension(s) of the Claims Objection Bar Date.

4. The GUC Trustee and the Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York  
Dated: _____, 2017

                                                    _____  
                                                    UNITED STATES BANKRUPTCY JUDGE