| | |
|---|---|
| **MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP**<br>Louis A. Modugno, Esq.<br>Gary D. Bressler, Esq.<br>1300 Mt. Kemble Avenue<br>P.O. Box 2075<br>Morristown, NJ 07962-2075<br>Telephone:     (973) 993-8100<br>Facsimile:     (973) 425-0161<br>Email: lmodugno@mdmc-law.com<br>          gbressler@mdmc-law.com<br><br>*Attorneys for Westchester Fire Insurance Company* | **AKIN GUMP STRAUSS HAUER & FELD LLP**<br>David H. Botter, Esq.<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br>dbotter@akingump.com<br><br>Sarah Link Schultz, Esq.<br>David F. Staber, Esq.<br>1700 Pacific Avenue, Suite 4100<br>Dallas, TX 75201<br>Telephone: (214) 969-2800<br>Facsimile: (214) 969-4343<br>sschultz@akingump.com<br>dstaber@akingump.com<br><br>*Counsel to Reorganized Debtors* |
| **PACHULSKI STANG ZIEHL & JONES LLP**<br>Robert J. Feinstein, Esq.<br>Bradford J. Sandler, Esq.<br>Steven W. Golden, Esq.<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>rfeinstein@pszjlaw.com<br>bsandler@pszjlaw.com<br>sgolden@pszjlaw.com<br><br>*Counsel for the GUC Trustee of the GUC Trust* | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING CORPORATION, et al.,[1]<br><br>     Reorganized Debtors. | Chapter 11<br><br>Case No. 16-12220 (SMB)<br><br>Jointly Administered |

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Enterprise Ship Co. (9059); Sulphur Carriers, Inc. (8965); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); LMS Shipmanagement, Inc. (0660); U.S. United Ocean Services, LLC (1160); Mary Ann Hudson, LLC (8478); Sheila McDevitt, LLC (8380); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); LCI Shipholdings, Inc. (8094); and Marco Shipping Company PTE LTD (4570). The service address for each of the above Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

# STIPULATION REGARDING THE CLAIM FILED BY WESTCHESTER FIRE INSURANCE COMPANY

THIS AGREEMENT is made this 6th day of September, 2018 by and among WESTCHESTER FIRE INSURANCE COMPANY ("Westchester"), Robert Michaelson (the "GUC Trustee"), in his capacity as the trustee of the International Shipholding GUC Trust (the "GUC Trust"), and the Reorganized Debtors (Westchester, the GUC Trust, the GUC Trustee and the Reorganized Debtors shall be collectively referred to as "Parties", and each is a "Party").

WHEREAS, on July 31, 2016, the above-captioned Reorganized Debtors being International Shipholding Corporation, *et al.*, each filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code; and

WHEREAS, on March 2, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and Its Affiliated Debtors* [Docket No. 671] confirming the chapter 11 plan annexed there to (the "Plan"); and

WHEREAS, on July 3, 2017, the Effective Date[2] of the Plan occurred; and

WHEREAS, Westchester timely filed the following claims in the Debtors' bankruptcy cases: 1293, 1295, 1296, 1305, 1311, 1312, 1313, 1315, 1353, 1355, 1357, 1358, 1359, 1360, 1361 and 1362 (the "Claims"); and

WHEREAS, § 11.10 of the Plan provides for the treatment of the Claims; and

WHEREAS, the GUC Trustee filed the *GUC Trustee's Fourth (Non-Substantive) Omnibus Objection to Claims (Withdrawn, Duplicate, and Wrong Debtor Claims)* (the "Objection") [Docket No. 908]; and

WHEREAS, the Objection seeks to deny the following proofs of claim of Westchester as having no liability against the asserted Debtor:

---

[2] Capitalized terms not defined in this Stipulation shall have the meaning ascribed to them in the Plan.

| Claim Number | Date Claim Filed | Asserted Claim Amount – Secured[3] | Asserted Claim Amount - Priority | Total[4] | Surviving Claim Number |
|---|---|---|---|---|---|
| 1293 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1295 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1296 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1311 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1312 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1313 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1315 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1355 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1358 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1359 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1360 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |
| 1361 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 | 1362 |

; and

WHEREAS, Westchester also timely filed the following proofs of claim:

---

[3] These numbers were used by the GUC Trustee based on the face of the filed proofs of claim where it was necessary to include a number, however the addendums to the proofs of claim indicate that the actual claim amount may differ from these amounts.

[4] These numbers were used by the GUC Trustee based on the face of the filed proofs of claim where it was necessary to include a number, however the addendums to the proofs of claim indicate that the actual claim amount may differ from these amounts.

3

DOCS_NY:37430.4

| Claim Number | Date Claim Filed | Asserted Claim Amount – Secured[5] | Asserted Claim Amount - Priority | Total[6] |
|---|---|---|---|---|
| 1305 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 |
| 1353 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 |
| 1357 | 12/16/2016 | $1,915,167.74 | Unliquidated | $1,915,167.74 |

; and

WHEREAS, Westchester has executed surety bonds on behalf of various Debtors; and

WHEREAS, one or more Debtors has signed indemnity agreements in favor of Westchester; and

NOW, THEREFORE, EACH OF THE PARTIES STIPULATES AND AGREES AS FOLLOWS:

**AGREEMENT**

1. The above recitals are incorporated as if fully set forth herein.

2. Pursuant to Section 11.10 of the Plan payments owed by the Debtors to Westchester shall be due and payable by the Reorganized Debtors to Westchester.

3. Pursuant to the terms of the Plan, no funds shall be paid to, on behalf of, or for the benefit of, Westchester by the GUC Trustee from the GUC Trust or otherwise as defined in the Objection.

4. The GUC Trustee agrees to withdraw the Objection as to Westchester's claims without prejudice.

5. Any ambiguities in this Stipulation are not to be construed against any Party solely due to the identity of the drafter.

---

[5] The addendums to the proofs of claim indicate that the actual claim amount may differ from these amounts.
[6] The addendums to the proofs of claim indicate that the actual claim amount may differ from these amounts.

6. This Stipulation shall be binding upon and shall inure to the benefit of the Parties and their successors and assigns.

7. Each person signing this Stipulation represents and warrants that he or she has been duly authorized by, and has the requisite authority to execute and deliver this Stipulation on behalf of, the Party for whom he or she is purporting to act.

8. This Stipulation constitutes the entire agreement and understanding among the Parties and no Party has made any promises to or agreements with any other Party that are inconsistent with the agreement set forth in this Stipulation. No waiver or modification of any term or condition contained herein shall be valid or binding unless in writing and executed by the Parties hereto.

9. Nothing herein shall limit or impair Westchester's rights, remedies or defenses in connection with its execution of any bond.

10. This Stipulation is governed by and shall be construed in accordance with the laws of the State of New York, without regard to its conflict of laws provisions.

11. This Stipulation may be executed and delivered in any number of counterparts, each of which shall be deemed an original, but all of which counterparts together shall constitute one and the same instrument. A photocopy of any signed counterpart to this Stipulation shall be deemed an original document. This Stipulation may be delivered by any reasonable commercial method, including by hand, mail, or electronically.

*[Signatures to Follow]*

IN WITNESS WHEREOF, the Parties have executed this Stipulation on the date set forth below.

| | |
|---|---|
| Dated: September 6, 2018 | Dated: September 6, 2018 |
| **McELROY, DEUTSCH, MULVANEY & CARPENTER, LLP** | **PACHULSKI STANG ZIEHL & JONES LLP** |
| By: */s/ Gary D. Bressler* | By: */s/ Steven W. Golden* |
| Louis A. Modugno<br>Gary D. Bressler<br>1300 Mount Kemble Avenue<br>PO Box 2075<br>Morristown, NJ  07962<br>Telephone:     973-993-8100<br>Facsimile:      973-425-0161<br>Email: lmodugno@mdmc-law.com<br>Email: gbressler@mdmc-law.com | Robert J. Feinstein<br>Bradford J. Sandler<br>Steven W. Golden<br>780 Third Avenue, 34th Floor<br>New York, NY  10017<br>Telephone:     212-561-7700<br>Facsimile:      212-561-7777<br>Email: rfeinstein@pszjlaw.com<br>Email: bsandler@pszjlaw.com<br>Email: sgolden@pszjlaw.com |
| *Counsel for Westchester Fire Insurance Company* | *Counsel for the Trustee of the International Shipholding GUC Trust* |

Dated: September 6, 2018

**AKIN GUMP STRAUSS HAUER & FELD LLP**

By: */s/ Sarah Link Schultz*
David H. Botter
One Bryant Park
New York, NY  10036
Telephone:     212-872-1000
Facsimile:      212-872-1002
Email: dbotter@akingump.com

Sarah Link Schultz, Esq.
David F. Staber, Esq.
1700 Pacific Avenue, Suite 4100
Dallas, TX 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343
sschultz@akingump.com
dstaber@akingump.com

*Counsel for the Reorganized Debtors*

Dated: _____, 2018
      New York, New York

_____
HONORABLE STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE