UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | : |
| | :    CHAPTER 11 |
| INTERNATIONAL SHIPHOLDING | : |
| CORPORATION., *et al*, | :    Case No. 16-12220 (SMB) |
| | : |
|           **Reorganized Debtors.** | :    Jointly Administered |

**ASBESTOS CLAIMANTS JOINDER IN THE MOTION OF THE GUC TRUSTEE TO ENFORCE THE PLAN AND CONFIRMATION ORDER WITH RESPECT TO THE ORGANIZED DEBTORS' RESPONSIBILITY TO DEFEND ASBESTOS CLAIMANTS, RELIEVING STAY AND INJUNCTION AND APPROVING THE GUC TRUSTEE'S RIGHT NOT TO DEFEND ASBESTOS CLAIMS WITH SUPPORTING MEMORANDUM**

NOW COME the Asbestos Claimants represented by counsel undersigned and join in the Motion of The GUC Trustee to Enforce the Plan and Confirmation Order with Respect to the Organized Debtors' Responsibility to Defend Asbestos Claimants, Relieving Stay and Injunction and Approving the GUC Trustee's Right Not to Defend Asbestos Claims. ("GUC Motion") In support the following is respectfully submitted.

### The Asbestos Claimants Current Status

1.     The Asbestos Claimants are merchant mariners who served aboard vessels owned and operated by Debtors, Waterman Steamship Corporation ("Waterman") and Central Gulf Lines, Inc. ("Central Gulf"). Their claims arise under an Act of Congress commonly referred to as the Jones Act, 46 USC § 30104, et seq. and the General Admiralty and Maritime Law Doctrine of Unseaworthiness. Each is a Jones Act seaman. Debtor's vessels utilized and carried asbestos and asbestos-containing products to which each Claimant was exposed resulting in an asbestos-related disease and in many instances death. There are currently 721 Claimants who have 781 pending claims (some have Waterman and Central Gulf claims). They include 17 mesothelioma, 364 lung cancer, 184 asbestos-related other cancers and 186 non-malignancy

1

claims. (The number of claims varies from what the Trustee has reported as a number of claims have been or will be withdrawn.)[1]

2.  The GUC Trustee has correctly noted that appeals pending in the Sixth and Third Circuit Court of Appeals (Case Nos. 17-3471 (Third Circuit), 16-4146 (Sixth Circuit) complicate settlement discussions. (GUC Motion, p. 11 fn 13). There is one appeal pending in the Third Circuit and hundreds pending in the Sixth Circuit. The Third Circuit Appeal has been fully briefed and argued. The briefing schedule in the Sixth Circuit will conclude sometime this Spring. The decisions will impact the number of claims to be litigated. There are approximately 35 claims which are not subject to the issues pending at the appellate level. It is understood that the Plan injunction is in place and all the appeals and other litigation are not being prosecuted against the Reorganized Debtors.

### The Asbestos Claimants Join In and Support the GUC Trustee's Motion to Enforce

3.  The Asbestos Claimants join in and support the GUC Trustee's Motion. The arguments presented will not be reiterated as they are sound and well presented. However, some of what is being argued will be augmented to demonstrate the vital need for the relief sought and the correctness of the arguments presented.

### The "Asbestos Policies"

4.  The negotiated Plan provides that the "Asbestos Policies," as detailed in the Trust's Motion, were not rejected. First Amended Modified Joint Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors, Article 6.5.3. ("Plan") [Docket No. 671-1]. This same provision provides the Reorganized Debtor will comply with valid

---

[1] Claims are being withdrawn for a number of reasons. One major reason has to do with the fact that as time goes by, those who are eligible to pursue Jones Act cases die off. When the seaman passes away and no Jones Act heir has survived him or her the Jones Act action can no longer be pursued. 45 U.S.C. § 59.

2

contractual obligations which exist under said policies. *Id.* The inclusion of this provision in the Plan came about after discussions between the Asbestos Claimants and the Debtors regarding Claimants' Opposition to Debtors' Determination Motion with Respect to Certain Litigation Claims Solely for Voting Purposes Pursuant to Rule 3018. Docket No. 581. The Debtors argued the underlying purpose of the Code would not be served if claimants are allowed to vote in the alternative or the value of the claims should be reduced. The Asbestos Claimants argued, in relevant part, that "no provision in the proposed plan will facilitate access" to the insurance and indemnity contracts. The result was Plan Provision 6.5.3.

5. The current dispute most importantly ties back into whether the indemnity contracts will be accessed. In other words, will Asbestos Claimants ultimately receive fair compensation, albeit not directly from the Clubs. The GUC Trustee correctly notes that the said policies, in the main, contain "pay to be paid" or "pay first" provisions. The fulfillment of above referenced "contractual obligations" (satisfying the "pay first" provisions) will enable the Asbestos Claimants to be properly compensated. Given the Trust's very limited resources having the Reorganized Debtor fulfill the obligation is critical. As the Trustee stated:

> The Trustee has limited resources in the Trust which are in no way sufficient to pay the ongoing costs of defending and paying this magnitude of Asbestos Claims. That approach could cause the administrative insolvency of the Trust which could quickly run out of cash availability. This is a risk for general unsecured creditors.

GUC Motion, p.10, ¶ g

6. Without the Reorganized Debtors satisfying the "pay first" provisions the carriers/clubs will be presented with an argument as to why they have no obligation to indemnify the Reorganized Debtors. It should be noted the Reorganized Debtor will, in any event, upon being indemnified not sustain a loss.

## Policy Compliance

7. To emphasize the significance of satisfying the "pay first" provision and to provide a more complete the understanding of the "pay first" requirement, a brief look at the "*Liman*" case will be useful as it lays down guiding principles. *Liman* is the seminal case addressing this issue. It sets forth the fundamental test, which is an assured must in "good faith" sustain a loss. *Liman v. American S.S.*, 299 F.Supp. 106, 108 (U.S.D.C. 1967); affirmed 417 F2d 627 (1969). There can be no questions that the Reorganized Debtor paying an allowed claim is a "good faith" loss. This is why the Asbestos Claimants focus on this issue.

8. It is also noteworthy that the *Liman* case recognized that an insurer should not be able to take advantage of the financial status of the insured.

> If defendant, on the other hand, were permitted to avoid making reimbursement simply on the ground that the Trustee had not ultimately paid the $1,000 deductible out of its own pocket, the result would indeed be to "permit the insurer to take advantage of the financial status of its insured and deprive the ultimate beneficiary claimant of his judgment." *Henegan v Merchant's Mutual Insurance Co., supra*. Here the ultimate beneficiaries are those personal injury claimants who have suffered losses because of Bull's negligence or the unseaworthiness of its ships. Defendant was paid very substantial premiums, more than $300,000 annually, to enable Bull to pay such claims. Yet, under its construction of the policy, it would in effect reap a windfall at the expense of the intended beneficiaries. Such a result "would be contrary to the purpose and spirit" of New York law.

*Id at p. 108*, citing *Henegan v Merchant's Mutual Insurance Co.,* 31 A.D. 2d 12, 294 NY.S. 2d 547 (1st Dept. Nov. 7, 1968). If the proper negotiated mechanism for payment is not in place the insurers can take advantage.

9. What should also not be ignored is the long held recognition by the Supreme Court that Seaman are entitled to special solicitude and considered "wards" of the court. See *Chandris, Inc. v. Latsis*, 515 U.S. 347, 115 S.Ct. 2172, 132 L. 2d Ed. 314 (1995); *Atlantic Sounding Co. v. Townsend*, 557 U.S. 404, 129 S.Ct. 2561, 174 L.Ed. 2d 382 (2009). This well-established principle

4

very much aligns with not allowing a carrier to reap a windfall at the expense of the seaman who are the ultimate beneficiaries even though they will not be paid directly by the Clubs.

### Good Faith

10. It is well understood that this Court and the sophisticated parties involved in this process clearly understand the basics of the Chapter 11 process. Nevertheless, one fundamental principle will be noted. A court cannot confirm and this Court did not confirm the Plan unless it determined that the plan is "proposed in good faith and not by any means forbidden by law." 11 USC § 1129(a)(3). This includes maximizing recoveries for creditors.

> "Consistent with the overriding purpose of ***chapter 11***, the Plan is designed to allow each of the Debtors to reorganize on a going concern basis while ***maximizing recoveries*** to their ***creditors*** and providing the Reorganized Debtors with a capital structure that will allow the Reorganized Debtors to satisfy their obligations with sufficient liquidity and capital reserves and to fund necessary capital expenditures and otherwise conduct their business in the ordinary course." *Emphasis added.*

*In re Smurfit-Stone Container Corp., No. 09-10235, 2010 Bankr. LEXIS 1971, 2010 WL 2403793, \*11 Bankr.D.Del June 11, 2010); Also see In re Coram Healthcare Corp., 271 B.R. 228, 234 (Bankr.D.Del.201) (quoting In re Zenith Electronics Corp., 241 B.R. 92, 107 (Bankr.D.Del. 1999)).*

11. Obviously, it is necessary to actually access the indemnity contracts to "maximize recoveries."

5

12. For these reasons, the GUC Motion should be granted.

Respectfully submitted,

THE MARITIME ASBESTOSIS LEGAL CLINIC

  /s/   Alan Kellman
Alan Kellman
30800 Telegraph Rd., Suite 1850
Bingham Farms, MI 48025
Telephone: (313) 961-1080
Facsimile: (313) 961-1819
akellman@jaquesadmiralty.com

Dated: January 31, 2019

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **In re** | : | |
| | : | **CHAPTER 11** |
| **INTERNATIONAL SHIPHOLDING** | : | |
| **CORPORATION.**, *et al,* | : | **Case No. 16-12220 (SMB)** |
| | : | |
| **Reorganized Debtors.** | : | **Jointly Administered** |

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2019, I caused to be served the *Asbestos Claimants Joinder in the Motion of the GUC Trustee to Enforce the Plan and Confirmation Order with Respect to the Reorganized Debtors' Responsibility to Defend Asbestos Claims, Relieving Stay and Injunction, and Approving the GUC Trustee's Right Not to Defend Asbestos Claims with Supporting Memorandum* in the manner indicated upon the parties set forth on Exhibit A hereto.

/s/ Krystle Constantine
Krystle Constantine

**EXHIBIT A**

**In re International Shipholding Corporation**
**Case No. 16-12220 (SMB)**

**Served via ECF:**

| | |
|---|---|
| John R. Ashmead  ashemad@sewkis.com | Barbra R. Parlin barbra.parlin@hklaw.com;elvin.ramos@hklaw.com;glenn.huzinec@hklaw.com |
| Luke A. Barefoot  lbarefoot@cgsh.com; maofiling@cgsh.com | Stewart F. Peck  speck@lawla.com |
| Leslie S. Barr  lbarr@windelsmarx.com; jsamuels@windelsmarx.com | Mary A. Petrovic  petrovic.mary@pbgc.gov; efile@pbgc.gov |
| Florence Bonaccorso-Saenz Florence.saenz@la.gov | Michael H. Piper mpiper@steffeslaw.com;schassaing@steffeslaw.com;mpiper@ecf.courtdrive.com |
| David H. Botter  dkrasa-berstell@akingump.com; tsouthwell@akingump.com; bkemp@agingump.com; sschultz@akingump.com; afreeman@akingump.com; aloring@akingump.com | Deborah A. Reperowitz dreperowitz@stradley.com; aalison@stradely.com |
| Maria A. Bove    mbove@pszjlaw.com; dharris@pszjlaw.com | Kristen D. Romano kromano@mcglinchey.com |
| Joseph P. Briggett  jbriggett@lawla.com | Stephen W. Rosenblatt steve.rosenblatt@butlersnow.com; velvet.johnson@butlersnow.com |
| Jeffrey M. Burmaster jburmaster@kingkrebs.com; shendrix@kingkrebs.com | Bradford J. Sandler  bsandler@pszjlaw.com |
| Philip A. Cantwell  pcantwell@cgsh.com | Richard M. Seltzer  rseltzer@cwsny.com; ecf@cwsny.com |
| Christopher Todd Caplinger ccaplinger@lawla.com;mlopez@lawla.com | |
| Shawn M. Christianson schristianson@buchalter.com; cmcintire@buchalter.com | |
| Thomas N. Ciantra  tciantra@cwsny.com; ecf@cwsny.com | |
| Kathryn A. Coleman kcoleman@hugheshubbard.com; corp-reorg-department-7318@ecf.pacerpro.com | |
| Kelly Rose Cusick  cusick.kelly@pbgc.gov; efile@pbgc.gov | |
| Michael C. D'Aries mdaries@helfandlaw.com | |
| Michael James Edelman mjedelman@vedderprice.com; ecfnydocket@vedderprice.com;docketing699 | |

| | |
|---|---|
| 2@ecf.pacerpro.com;michael-jedelman-7401@ecf.pacerpro.com | |
| Robert J. Feinstein rfeinstein@pszyj.com; dharris@pszyjw.com | |
| Evan R. Fleck efleck@milbank.com; jbrewster@milbank.com; malmeida@milbank.com; pspringer@milbank.com | |
| Steve Mark Fuhrman sfuhrman@stblaw.com | |
| Christopher Gartman gartman@hugheshubbard.com; corp-reorg-department-7318@ecf.pacerpro.com | |
| Steven William Golden sgolden@pszjlaw.comp; lcanty@pszjlaw.com | |
| Benjamin Shaw Goldman bgoldman@handarendallcom; aowen@handarendall.com | |
| Alexander Gormley agormley@slevinhart.com; ssavitsky@slevinhart.com | |
| Jesse Grasty jgrasty@kleinzelman.com | |
| Jeffrey S. Greenberg jsgreenberg@ober.com | |
| Carrie V. Hardman chardman@winston.com | |
| Nathan P. Horner nhorner@lawla.com; keschete@lawla.com | |
| Thomas S. Kessler tkessler@cgsh.com; maofiling@cgsh.com | |
| Darryl S. Laddin bkrfilings@agg.com | |
| Michael E. Landis mlandis@monbar.com | |
| Kevin J. Larner kevin.larner@aig.com | |
| Christopher Leins cleins@slevinhart.com; moconnor@slevinhart.com | |
| Louis A. Modugno lmodugno@mdmc-law.com; sshidner@mdmc-law.com; smullen@mdmc-law.com; gbressler@mdmc-law.com | |
| Richard Montague Richard.montague@phelps.com; colleen.wheeler@phelps.com | |
| Serene K. Nakano serene.nakano@usdoj.gov | |
| David Neier dneier@winston.com; dcunsolo@winston.com | |
| Sean E. O'Donnell sodonnell@akingump.com; nymco@akingump.com;AGSearch-Lit@akingump.com | |
| David Pantzer dpantzer@simmshowers.com; jssimms@simmshowers.com; mjmonopolis@simmshowers.com; dmhnat@simmshowers.com | |

**Served via E-mail**

| Akin Gump Strauss Hauer & Feld, LLP<br>dbotter@akingump.com<br>sschultz@akingumjp.com<br>sjcrow@akingump.com<br>rclarke@akingump.com<br>aloring@akingump.com | Arnall Golden Gregory, LLP<br>Frank.white@agg.com | Attorney General's Office Bankruptcy & Collections Division<br>Bk-kwalsh@oag.texas.gov<br>Sherri.simpson@oag.texas.gov |
|---|---|---|
| Blackhill Partners, LLC<br>Mdenn7@bhpllc.com | Buchalter Nemer, A Professional Corporation<br>schristanson@buchalter.com | Cleary Gottlieb Steen & Hamilton, LLP<br>lbarefoot@cgsh.com |
| Cohen, Weiss and Simon LLP<br>Madler@cwsny.com | Cole Schotz, PC<br>msirota@coleschotz.com | Holland & Knight, LLP<br>Barbra.parlin@hklaw.com<br>Rod.anderson@hklaw.com<br>Noel.boeke@hklaw.com |
| Hughes Hubbard & Reed<br>Chris.gartman@hugheshubbard.com<br>Katie.coleman@hugheshubbard.com | ING Wholesale Banking<br>Andrew.hedges@uk.ing.com<br>ABF.Infra.Portfolio.Management@uk.ing.com | IRS<br>Mimi.M.Wong@irscounsel.treas.gov |
| King, Krebs & Jurgens, PLLC<br>pkkrebs@kingkrebs.com<br>jburmaster@kingkrebs.com | Linebarger Goggan Blair & Sampson<br>Dallas.bankruptcy@publicans.com | Lugenbuhl, Wheaton, Peck Rankin & Hubbard<br>nhorner@lawla.com<br>ccaplinger@lawla.com |
| Marine Engineers Beneficial Association<br>rseltzer@cwsny.com | Master Mates & Pilots Benefit Plans<br>PMccullough@mmplans.com | McElroy, Deutsch, Mulvaney & Carpenter, LLP<br>gbressler@mdmc-law.com<br>lmodungno@mdmc-law.com |
| McGlinchey Stafford, PLLC<br>sspeielman@mcglinchey.com<br>kroman@mcglinchey.com | Milbank, Tweed, Hadley & McCloy, LLP<br>efleck@milbank.com<br>nalmedia@milbank.com | Moore & Van allen, PLLC<br>Davidwalls@mvalaw.com |
| Neils W. Jonsen Estate<br>cschwabacher@windelsmarx.com<br>lbarr@windelsmarx.com | Office of the US Trustee for Region 2<br>Serene.Nakano@usdoj.gov<br>Greg.Zipes@usdoj.gov | akingump.comPrice Meese Shulman & D'Arminio PC<br>rsteinberg@pricemeese.com |
| Seafarers International Union<br>mbowen@seafarers.org<br>esilver@seafarers.org | Securities & Exchange Commission<br>secbankrutpcy@sec.gov<br>NYROBankruptcy@sec.gov | Seward & Kissel, LLP<br>Ashmead@sewkis.com<br>gayda@sewkis.com |
| Simpson Thacher & Bartlett, LLP<br>sfuhrman@stblaw.com | Trenam, Kemker, Scharf, Barkin, Frye, O'Neill & Mullis, PA<br>lavaughan@trenam.com | US Ocean, LLC<br>Will.terrill@intermarine.com |
| Vedder Price, PC<br>dlipke@vedderprice.com<br>wthorsness@vedderprice.com | Central Gulf Lines, Inc.<br>Helen.chittenden@westpandi.com<br>Margaret.lee@americanclub.com<br>John.scalia@gard.no | Provost Umphrey Law Firm<br>dwilson@pulf.com |
| pmatheny@lawpga.com | dariochinigo@hoffmannlawfirm.com | Leroy.lambert@ctplc.com |

| US Attorney for Southern District of New York David.jones@usdoj.gov Jeffrey.oestericher@usdoj.gov Joseph.cordar@usdoj.gov Carina.schoenberger@usdoj.gov | Waterman Steamship Corporation Russell.manheimer@stocktonlakeassociates.com Yvonne.vail@thomasmiller.com ecraft@resolutemgmt.com ibeck@triley.co.uk ian.carter@londonpandi.com Margaret.lee@american-club.com Richard.stevens@ctplc.com | St. Martin & Bourque cbourque@crescent-farm.com |

**Served via First Class U.S. Mail**

| Gard (North America) Inc. Mr. John C. Scalia 40 Fulton Street New York, NY 10038 | Shipowners Claims Bureau, Inc. Ms. Margaret Lee Manager for American Steamship Owners One Battery Park Plaza, 31st Floor New York, NY 10004 | David P. Wilson Provost Umphrey Law Firm LLP 490 Park Street Beaumont, TX 77704 |
| --- | --- | --- |
| International Shipholding Corporation Attn: Bill Long 2200 Eller Drive P.O. Box 13038 Fort Lauderdale, FL 33316 | State of New York Attorney General Attn: Bankruptcy Dept. The Capitol Albany, NY 12224-0341 | Underwriting Syndicate, New York 219 Stockton Lake Blvd. Manasquan, NJ 08736 |
| Resolute Management, Inc. Mr. Edward Craft for The Continental Insurance Co. Marine Office of America Corporation 79 West Monroe – 7th Floor Chicago, IL 60604 | Charles C. Bourque, Jr. St. Martin & Bourque PO Box 2017 Houma, LA 70367 | Paul M. Matheny Law Offices of Peter G. Angelos, PC 100 N. Charles Street, 22nd Floor Baltimore, MD 21201 |
| Charles Taylor P&I Management (Americas), Inc. on behalf of the managers of the Standard Club UK Ltd LeRoy Lambert, General Counsel 75 Broad Street, Suite 2505 New York, NY 10004 | Dario A. Chinigo Hofmann & Schweitzer 360 W. 31st St., 1506 New York, NY 10001 | |

**Served via UPS**

| A. Bilbrough & Co. Ltd.<br>Mr. Ian Carter<br>Managers for The London P&I Club<br>50 Leman Street<br>London, E1 8HQ, UK | Charles Taylor & Co., PLC<br>R. Richard Stevens<br>Managers for the Standard Club Ltd.<br>Standard House<br>12/13 Essex Street<br>London, WC2R 3AA, UK | Tindall Riley (Britannia) Limited<br>Ms. Ilka Beck<br>Managers for the The Britannia Steam Ship Insurance Association Limited<br>Regis House<br>45 King William Street<br>London EC4R 9AN, UK |
|---|---|---|
| The West of England Ship Owners Insurance Services, Ltd.<br>Ms. Helen Chittenden<br>Tower Bridge Court<br>226 Tower Bridge Road<br>London, SE1 2UP, UK | Thomas Miller P&I Ltd.<br>Yvonne Vail<br>Manager for the UK P&I Club<br>90 Fenchurch Street<br>London, EC3M 4ST, UK | United States Bankruptcy Court<br>Southern District of New York<br>Attn: Honorable Stuart M. Bernstein<br>One Bowling Green, Courtroom 723<br>New York, NY 10004 |
| Office of the United States Trustee for Region 2<br>Attn: Serene Nakano<br>201 Varick St., Room 1006<br>New York, NY 10014 | | |