AKIN GUMP STRAUSS HAUER & FELD LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
David H. Botter

2300 N. Field Street, Suite 1800
Dallas, TX 75201
Telephone: (214) 969-2800
Sarah Link Schultz (admitted *pro hac vice*)
David F. Staber (admitted *pro hac vice*)

*Counsel to Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>INTERNATIONAL SHIPHOLDING CORPORATION, *et al.*,[1]<br><br>Reorganized Debtors. | Chapter 11<br><br>Case No. 16-12220 (SMB)<br><br>Jointly Administered |

**POST-CONFIRMATION STATUS REPORT**

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors") hereby file this *Post-Confirmation Status Report* in accordance with the *Post-Confirmation Order in Compliance with Local Rule 3021-1* [Docket No. 703] (the "Post-Confirmation Order") in order to provide a status report regarding the actions taken by the Reorganized Debtors and the GUC Trustee in furtherance of the consummation of the Plan:

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); and LCI Shipholdings, Inc. (8094). The service address for each of the above Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

1. On July 31, 2016 (the "Petition Date"), each of the Reorganized Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. These chapter 11 cases have been consolidated for procedural purposes only.

A. **Confirmation of Chapter 11 Plan and Effective Date**

2. On March 2, 2017, the Court entered the *Findings of Fact, Conclusions of Law and Order Confirming First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and Its Affiliated Debtors* (the "Confirmation Order") [Docket No. 671] approving the terms of the chapter 11 plan annexed thereto (the "Plan").[2]

3. On July 3, 2017, the effective date of the Plan (the "Effective Date") occurred following the satisfaction of the conditions precedent set forth in the Plan, including the closing of all transactions contemplated by the PCTC Transaction. *See Notice of (I) Entry of Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors; (II) Occurrence of Effective Date; and (III) Deadline for Filing Fee Claims and Administrative Expense Claims* [Docket No. 796].

4. On the Effective Date, the Reorganized Debtors implemented the initial steps of the Plan, including payments to various interested parties and the funding of certain reserve accounts as further described in the Plan. In addition, the GUC Trust was formed and funded pursuant to the terms of the Plan. The responsible persons in the Post-Confirmation Order with respect to the proceeds of all recoveries on behalf of the estate have safeguarded and accounted for all assets in their respective bank accounts pending distribution pursuant to the terms of the Plan.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

B.     **Claims Determination and Resolution Matters**

5.     Both the Reorganized Debtors and the GUC Trustee continue to work on various claims determination and resolution issues.  Since the Effective Date, the GUC Trustee, the Reorganized Debtors, and their respective professionals have been carefully investigating the filed claims.

6.     On April 29, 2018, the Reorganized Debtors filed their *Sixth (Substantive) Omnibus Objection to Claims (Inconsistent Claims, Duplicate Claims, and Misclassified Claims)* [Docket Nos. 943 and 944] (the "Sixth Omnibus Objection"), which was approved by the Court on June 5, 2018, except with respect to (i) proof of claim number 273 filed by OSG Ship Management, Inc. ("Claim 273") and (ii) proof of claim number 1298 filed by Victor Hattier ("Claim 1298") [Docket No. 961].  The Sixth Omnibus Objection was continued to July 10, 2018, with respect to Claims 273 and 1298.  On June 25, 2018, the Court approved a further continuance of the Sixth Omnibus Objection as to Claim 273 to August 16, 2018 [Docket Nos. 974 and 975], and subsequently to September 25, 2018 [Docket No. 1004], to October 30, 2018 [Docket No. 1017], to November 29, 2018 [Docket No. 1035], to January 3, 2019 [Docket No. 1043], to February 7, 2019 [Docket No. 1059], to March 7, 2019 [Docket No. 1066], to April 18, 2019 [Docket No. 1078], to May 30, 2019 [Docket No. 1084], to June 25, 2019 [Docket No. 1089], to July 25, 2019 [Docket No. 1097], to August 29, 2019 [Docket No. 1105], to September 26, 2019 [Docket No. 1111], to October 3, 2019 [Docket No. 1114], and to the present hearing date of October 29, 2019 [Docket No. 1116].  On June 28, 2018, the Reorganized Debtors filed the *Stipulation Regarding Reclassification of Claim Filed Against International Shipholding Corporation* [Docket No. 976] in order to resolve the Sixth Omnibus Objection as to Claim 1298, which was approved by the Court on August 13, 2018 [Docket No. 1005].  On November 6, 2019, the Reorganized Debtors filed the *Stipulation Resolving the Reorganized Debtors' Sixth (Substantive) Omnibus Objection to Claims*

3

*(Inconsistent Claims, Duplicate Claims, and Misclassified Claims) as it Relates to OSG Shipmanagement, Inc., Claim No. 273* [Docket No. 1129] in order to resolve the Sixth Omnibus objection as to Claim 273, which was approved by the Court on December 2, 2019 [Docket No. 1132].

7.  On February 26, 2020, the GUC Trustee and the Reorganized Debtors filed the *Joint Motion for Entry of an Order Further Extending the Period to File Objections to Claims* [Docket No. 1140] requesting an extension of 119 days, or until June 26, 2020, to file objections to claims (other than administrative expense claims). which the Court approved by order entered on March 5, 2020 [Docket No. 1143].

**C.  Other Matters During the Reporting Period**

8.  On July 23 and 24, 2018, the GUC Trustee filed twenty (20) adversary proceedings against certain third parties for the avoidance and recovery of alleged preferential transfers pursuant to 11 U.S.C. §§ 547 and 550. As of the filing of this report, the GUC Trustee has received default judgments for two others. The remaining actions have been settled or dismissed.

9.  On November 28, 2018, the GUC Trustee filed the *Motion of the GUC Trustee to Enforce the Plan and Confirmation Order with Respect to the Reorganized Debtors' Responsibility to Defend Asbestos Claims, Relieving Stay and Injunction, and Approving the GUC Trustee's Right not to Defend Asbestos Claims* [Docket No. 1047] (the "Asbestos Claims Motion").  On January 31, 2019, certain asbestos claimants filed a joinder to the Asbestos Claims Motion [Docket No. 1071]. On February 4, 2019, the Reorganized Debtors filed a response to the Asbestos Claims Motion [Docket No. 1072].  The Asbestos Claims Motion was set to be heard on January 29, 2019 [Docket No. 1048] and the Court subsequently approved continuances to February 21, 2019 [Docket No. 1060], to March 7, 2019 [Docket No. 1063], to March 28, 2019 [Docket No. 1074], to May 23, 2019 [Docket No. 1081], to July 18, 2019 [Docket No. 1092], to August 20, 2019

4

[Docket No. 1107], to October 29, 2019 [Docket No. 1112], to December 5, 2019 [Docket No. 1126], to February 27, 2020 [Docket No. 1134], and to the present hearing date of May 7, 2020 [Docket No. 1138].

        10.      On January 1, 2019, the Board of Trustees of the MEBA Pension Trust—Defined Benefit Plan, the Board of Trustees of the Masters, Mates & Pilots Pension Plan and the Board of Trustees of the Masters, Mates & Pilots Adjustable Pension Plan filed an adversary proceeding (Case No. 19-01006) against numerous defendants, including CG Railway, LLC ("CG Railway"), a non-debtor affiliate of Reorganized International Shipholding Corporation [Docket No. 1]. A pretrial conference in this adversary proceeding was held on April 9, 2019. On April 29, 2019, the Court signed a stipulation governing the timeline for briefing and hearing on motions for summary judgment and adjourning discovery deadlines [Docket No. 12]. On May 31, 2019 motions for summary judgment were filed by the Benefit Plans [Docket No. 14] and CG Railway [Docket No. 19]. On June 28, 2019, responses to the motions for summary judgment were filed by the Benefit Plans [Docket No. 23] and CG Railway [Docket No. 26]. On July 26, 2019, replies in support of the motions for summary judgment were filed by the Benefit Plans [Docket No. 32] and CG Railway [Docket No. 35]. A hearing on the motions for summary judgment was held October 3, 2019, and both motions were denied. The Court entered an order on December 4, 2019 [Docket No. 39] scheduling the deadline for the end of discovery on April 10, 2020, the deadline for the parties to submit a pre-trial order on April 24, 2020 and the final pre-trial conference for May 14, 2020. The Court entered an amended order on March 23, 2020 [Docket No. 42], scheduling deadline for the end of discovery on August 10, 2020 and leaving other relevant dates to be determined in light of the COVID-19 pandemic.

| | |
|---|---|
| Dated: New York, New York<br>March 27, 2020 | AKIN GUMP STRAUSS HAUER & FELD LLP<br>By: /s/ *David H. Botter*<br>David H. Botter<br>One Bryant Park<br>New York, NY 10036<br>Telephone: (212) 872-1000<br>Facsimile: (212) 872-1002<br><br>Sarah Link Schultz (admitted *pro hac vice*)<br>David F. Staber (admitted *pro hac vice*)<br>2300 N. Field Street, Suite 1800<br>Dallas, Texas 75201<br>Telephone: (214) 969-2800<br>Facsimile: (214) 969-4343<br><br>*Counsel to Reorganized Debtors* |