# IN THE UNITED STATED BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Case No. 16-12220 (SMB) |
| | ) |
| **INTERNATIONAL SHIPHOLDING CORPORATION., et. al.,**[1] | ) Chapter 11 |
| | ) |
| | ) (Jointly Administered) |
| Reorganized Debtors. | ) |
| | ) |

## STIPULATION FOR RELIEF FROM INJUNCTION TO PURSUE STATE COURT ACTION TO THE EXTENT OF AVAILABLE INSURANCE

The reorganized debtors in the above-captioned chapter 11 cases (collectively, the "Reorganized Debtors") and Donald Clary (hereinafter referred to as the "Plaintiff" and together with the Reorganized Debtors, the "Parties")

**WHEREAS** on July 31, 2016, Reorganized Debtors commenced these chapter 11 cases by each filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York. The cases are jointly administered under Case No. 16-12220;

**WHEREAS** on November 14, 2016 the Debtors filed a Chapter 11 Plan of Reorganization and the Disclosure Statement (hereinafter referred to as the "Plan"). On March 2, 2017, the Honorable Stuart M. Bernstein entered an order confirming the Plan (the "Confirmation Order"). On July 3, 2017, the Effective Date of the Plan occurred;

---

[1] The Reorganized Debtors in these cases, along the last four digits of each Reorganized Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278), Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); and LCI Shipholdings, Inc. (8094). The service address for each of the Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

**WHEREAS** pursuant to article 9 of the Plan, a trust was established for the benefit of certain general unsecured claims (the "GUC Trust") as defined in the Plan and the agreement establishing the terms and conditions of the GUC Trust.

**WHEREAS** section 11.4.1 permanently enjoins holders of prepetition claims from commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against or affecting the Reorganized Debtors (the "Injunction").

**WHEREAS** Donald Clary (hereinafter referred to as "Plaintiff") is a Plaintiff, having filed a lawsuit in the Superior Court of California, County of San Francisco, for personal injury arising out of exposure to asbestos. The case is as follows:

a) <u>Donald Clary vs. Crane Co., et al.</u>, case number CGC-19-276792, and filed in the Superior Court of California, County of San Francisco, on July 29, 2019 (hereinafter referred to as the "Litigation");

**WHEREAS** Affiliated Reorganized Debtor, Waterman Steamship Corporation (hereinafter referred to as "Defendant") was named a Defendant in the lawsuit, and was served the Complaint on December 19, 2019. Defendant has not filed its Answer or other responsive pleading to the Complaint;

**WHEREAS** to avoid excessive litigation, and prevent undue delays and costs, Reorganized Debtors have agreed to modify the Injunction upon the terms and conditions set forth herein.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between counsel for Reorganized Debtors and counsel for Plaintiff, Donald Clary as follows:

1)      The recitals to this stipulation (the "Stipulation") are true and correct to the best of the Parties' knowledge and incorporated herein by reference.

2)      As to the Plaintiff, and each of them, and their respective heirs and personal representatives, and not as to any other person, the Injunction is modified for the purpose of continuing the Litigation, establishing the liability of Debtors (and their affiliated entities) for asbestos related personal injury and wrongful death claims, if any, and liquidating Plaintiff's claims in the Litigation. Plaintiffs may each proceed in the applicable non-bankruptcy forum to final judgment (including any appeals) in accordance with applicable non-bankruptcy law. Plaintiffs are entitled to settle or enforce their claims only by collecting upon any available insurance in place at the time of the alleged injury for Reorganized Debtors' or GUC Trust's liability to them (the "Insurance Policies") in accordance with applicable non-bankruptcy law. No recovery may be made directly against the property of Reorganized Debtors, property of the bankruptcy estate, or Debtors' successor and assigns, including GUC Trust.

3)      Reorganized Debtors do not (a) stipulate, agree, represent or warrant that they or the GUC Trust are liable for any amounts at all in connection with the Litigation, or (b) stipulate, agree, represent, or warrant any modification to the Injunction or other provision of the Plan except as provided in Paragraph 2 of this Stipulation.  Neither Reorganized Debtors nor GUC Trust are required to defend  the Litigation or take any other action to preserve coverage under the Insurance Policies.

4)      To the extent the Insurance Policies do not satisfy a judgment, for any reason, Plaintiff agrees that any such unsatisfied portion, is hereby fully and finally waived and forever released under the Plan and Plaintiff shall not otherwise engage in any efforts to collect any amount from a source other than the Insurance Policies.

5)   Neither this Stipulation, nor any actions taken pursuant hereto, shall affect the rights of Reorganized Debtors, GUC Trust or their insurers, to assert any defenses to claims or any other action or proceeding other than one to enforce the terms of this Stipulation. Notwithstanding any other terms or provision contained herein, this Stipulation is without prejudice to any of the rights, claims, or defenses of Reorganized Debtors' or GUC Trust's insurers under any of the insurance policies under applicable state law, all of which are expressly reserved.

6)   Plaintiffs agree that no Proof of Claim shall be filed in Reorganized Debtors' bankruptcy case, upon this Stipulation being approved by an Order from the Court.

7)   Plaintiffs may immediately enforce and implement this Stipulation upon Court Order approving the Stipulation.

8)   This Stipulation is binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of the Bankruptcy Code.

9)   The Bankruptcy Court shall retain jurisdiction to hear any matter or disputes arising from or relating to this Stipulation.

///
///
///
///
///
///
///
///
//

Dated: April 27, 2020

*Counsel for Debtors and Debtors in Possession*
AKIN GUMP STRAUSS HAUER & FELD, LLP

*/s/ Sarah Link Schultz*
David H. Botter
One Bryant Park
New York, NY 10036
Telephone:  (212) 872-1000
Facsimile:  (212) 872-1002

Sarah Link Schultz (admitted *pro hac vice*)
David F. Staber (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone:  (214) 969-2800
Facsimile:  (214) 969-4343

*Counsel for Plaintiff, Donald Clary*
BRAYTON˜PURCELL, LLP

*/s/ Curt F. Hennecke*
Curt F. Hennecke (CA SBN 217109)
Brayton˜Purcell, LLP
222 Rush Landing Road
P.O. Box 6169
Novato, CA 94948-6169
Telephone: (415) 898-1555
Facsimile:  (415) 898-1247
Email: CHennecke@braytonlaw.com

**SO ORDERED.**

Dated: **May 19th, 2020**
       New York, New York

                                      **/s/ STUART M. BERNSTEIN**
                                      THE HONORABLE STUART M. BERNSTEIN
                                      UNITED STATES BANKRUPTCY JUDGE