**Presentment Date: June 9, 2022 at 12:00 p.m. (Eastern time)**
**Objection Deadline: June 9, 2022 at 11:00 a.m. (Eastern time)**

Robert J. Feinstein
Bradford J. Sandler
Beth E. Levine
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
blevine@pszjlaw.com

*Counsel for the GUC Trustee of
the GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re | Chapter 11 |
| **INTERNATIONAL SHIPHOLDING CORPORATION., *et al.*,**[1] | Case No. 16-12220 (DSJ) |
| | Jointly Administered |
| **Reorganized Debtors.** | |

**MOTION OF THE GUC TRUSTEE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST FOR ENTRY OF AN ORDER FURTHER EXTENDING THE GUC TRUST'S TERMINATION DATE**

Robert N. Michaelson (the "GUC Trustee"), in his capacity as trustee of the International Shipholding GUC Trust (the "GUC Trust") of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), hereby submits this motion (the "Motion") for entry of an order further extending the Termination Date (defined below) for a period of one year,

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); and LCI Shipholdings, Inc. (8094). The service address for each of the above Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

DOCS_LA:349349.2 42331/003

through and including July 3, 2024. In support of the Motion, the GUC Trustee respectfully represents as follows:[2]

**Jurisdiction**

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. The GUC Trustee confirms his consent, pursuant to Bankruptcy Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicate for the relief requested herein is Bankruptcy Code section 105(a) of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9006 and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

**Background**

4. On March 2, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors* [Appendix 1 to Docket No. 671] (the "Plan").

*for International Shipholding Corporation and its Affiliated Debtors* [Docket No. 671] (the "Confirmation Order") confirming the Plan.

5. On July 3, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors; (II) Occurrence of Effective Date; and (III) Deadline for Filing Fee Claims and Administrative Expense Claims* [Docket No. 796] (the "Effective Date Notice").

6. Pursuant to the Plan, the GUC Trustee was appointed on the Effective Date and is responsible for, among other things, to " . . . distribute the GUC Trust Assets . . . in accordance with the GUC Trust Agreement and Declaration of Trust dated July 3, 2017 (the "GUC Trust Agreement") . . . and . . . in an expeditious but orderly manner make timely Plan Distributions, prosecute any GUC Trust Causes of Action, and not unduly prolong the duration of the GUC Trust." *See* Plan at Articles 9.5 and 9.6.

7. Pursuant to Article X Section 10.2 of the GUC Trust Agreement as established by the Plan, the initial termination date of the GUC Trust is five years from the GUC Trust formation date, or July 3, 2022 (the "Termination Date") unless otherwise extended by order of the Bankruptcy Court.[3]

8. On June 7, 2022, this Court entered an *Order Extending the Termination Date of the International Shipholding GUC Trust* [Docket No. 1234] extending the Termination Date by one year to July 3, 2023 (the "Current Termination Date").

---

[3] A copy of the Trust Agreement can be found at Docket No. 594 (Exhibit F).

3

**Case Status**

9. As discussed previously on the record with this Court and as discussed in further detail in the *Motion of the GUC Trustee to Enforce the Plan and Confirmation Order With Respect to the Reorganized Debtors' Responsibility to Defend Asbestos Claims, Relieving Stay and Injunction, Approving the GUC Trustee's Right Not to Defend Asbestos Claims* [Docket No. 1047] (the "Motion to Enforce"), hundreds of asbestos-related claims (the "Asbestos Claims"), asserting hundreds of millions of dollars of liabilities, were asserted against the Debtors. Complicating matters, the Asbestos Claims (which are themselves part of decades-long litigation in both the Third and Sixth Circuits) may be covered by a complex web of maritime insurance and/or indemnity policies issued by a number of insurance and/or indemnity companies (the "Insurance Companies").

10. The GUC Trustee and the Reorganized Debtors have been working with each other and with the Insurance Companies and counsel to the vast majority of individuals asserting Asbestos Claims not only to resolve the Motion to Enforce, but to address the hundreds of millions of dollars in Asbestos Claims that dominate the total asserted Claims, both in terms of number and amount. The GUC Trustee, Reorganized Debtors, and the numerous Insurance Companies have reached a settlement in principle, which they are now documenting. The GUC Trustee believes that an extension of the Trust is necessary until a distribution can be made, which the GUC Trustee intends to make promptly after the aforementioned settlement is finalized, and in any event, is hopeful to make prior to September 30, 2023.

**Relief Requested**

11.     Accordingly, by this Motion, the GUC Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit 1**, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rule 9006-2, extending the Current Termination Date by a period of one (1) year to and including July 3, 2024.

12.     The GUC Trustee requests the extension of the Current Termination Date because additional time is necessary to (i) continue to finalize resolution of the Asbestos Claim-related issues, (ii) engage in a substantive claims reconciliation process, (iii) make appropriate distributions to Beneficiaries in accordance with the Plan, and (iv) enable the GUC Trust to fulfill various tax, accounting, and administrative functions relating to the termination of the Trust.

**Basis for Relief**

13.     Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under certain Bankruptcy Rules that are not applicable here.  *See* Fed. R. Bankr. P. 9006(b).

14.     Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  In addition, it is generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *See In re Morristown & E. R. Co*., 885 F.2d 98, 100 (3d Cir. 1989) (citing COLLIER ON BANKRUPTCY, ¶ 105.04 at 105-15 & n. 5 (15th rev. ed.

5

1989)).  Moreover, Article 10.2 of the GUC Trust Agreement provides that the GUC Trust's Termination Date may be extended.

### Notice

15. The GUC Trustee has caused notice of this motion to be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to: (i) the Reorganized Debtors; (ii) the U.S. Trustee; (iii) all parties that have filed a request to receive service of pursuant to Bankruptcy Rule 2002; and (iv) all other parties on the master service list prepared and maintained pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 178].  The GUC Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

### Reservation of Rights

16. The GUC Trustee reserves its right to seek additional extensions of the term of the GUC Trust in accordance with the terms of the GUC Trust Agreement.

WHEREFORE the GUC Trustee respectfully requests the entry of the Order, substantially in the form annexed hereto as **Exhibit 1**, extending the Termination Date through and including July 3, 2023.

Dated: June 2, 2022
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
Robert J. Feinstein
Bradford J. Sandler
Beth E. Levine
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
blevine@pszjlaw.com

*Counsel for the GUC Trustee of the GUC Trust*

7

# **Exhibit 1**

(Proposed Order)

DOCS_LA:349349.2 42331/003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
: 
In re                                                          :    Chapter 11
                                                               :
**INTERNATIONAL SHIPHOLDING**                                  :    Case No. 16-12220 (DSJ)
**CORPORATION., et al.,**[1]                                   :
                                                               :    Jointly Administered
                                                               :
    **Reorganized Debtors.**                                   :
---------------------------------------------------------------x

### ORDER FURTHER EXTENDING THE TERMINATION DATE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST

Upon the motion (the "Motion")[2] of the GUC Trustee, on behalf of the GUC Trust, for entry of an order (this "Order"), pursuant to sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure to extend the Current Termination Date, as more fully described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and opportunity for a hearing thereon were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Central Gulf Lines, Inc. (8979); Coastal Carriers, Inc. (6278); Waterman Steamship Corporation (0640); N.W. Johnsen & Co., Inc. (8006); Tower LLC (6755); Frascati Shops, Inc. (7875); Gulf South Shipping PTE LTD (8628); and LCI Shipholdings, Inc. (8094). The service address for each of the above Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

DOCS_LA:349349.2 42331/003

the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The term of the GUC Trust and the Current Termination Date are hereby extended by one (1) year through and including July 3, 2024.

3. This Order is without prejudice to the GUC Trustee's right to seek further extensions of the term of the GUC Trust and the Current Termination Date in accordance with the GUC Trust Agreement.

4. The GUC Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2023

                                          HONORABLE DAVID S. JONES
                                        UNITED STATES BANKRUPTCY JUDGE

DOCS_LA:349349.2 42331/003