**Presentment Date: January 18, 2024 at 12:00 p.m. (Eastern time)**
**Objection Deadline: January 18, 2024 at 11:00 a.m. (Eastern time)**

Robert J. Feinstein
Bradford J. Sandler
Steven W. Golden
PACHULSKI STANG ZIEHL & JONES
LLP
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Facsimile:   (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
sgolden@pszjlaw.com

*Counsel for the GUC Trustee of
the GUC Trust*

Brad M. Kahn
Sarah Link Schultz (admitted *pro hac vice*)
David F. Staber (admitted *pro hac vice*)
AKIN GUMP STRAUSS HAUER & FELD
LLP
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile:  (212) 872-1002

2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile:  (214) 969-4343

*Counsel to Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
:
**In re**                                                          :          **Chapter 11**
:
**INTERNATIONAL SHIPHOLDING**                 :          **Case No. 16-12220 (DSJ)**
**CORPORATION., *et al.*,[1]**                        :
:          **Jointly Administered**
:
**Reorganized Debtors.**                       :
---------------------------------------------------------------x

### JOINT MOTION FOR ENTRY OF AN ORDER FURTHER
### EXTENDING THE PERIOD TO FILE OBJECTIONS TO CLAIMS

Robert N. Michaelson (the "GUC Trustee"), in his capacity as trustee of the International

Shipholding GUC Trust (the "GUC Trust"), together with the above-captioned reorganized debtors

(collectively, the "Reorganized Debtors"), hereby submit this motion (the "Motion") for entry of

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Central Gulf Lines, Inc. (8979); Sulphur Carriers, Inc. (16-12233) and Waterman Steamship Corporation (0640); The service address for each of the above Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

an order further extending the deadline to object to Claims other than Administrative Expense

Claims (the "Claims Objection Bar Date") and respectfully represents as follows:[2]

## Jurisdiction

1.        The United States Bankruptcy Court for the Southern District of New York (the

"Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the Southern District of*

*New York*, dated January 31, 2012.  The GUC Trustee and the Reorganized Debtors each confirm

their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion, to

the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments in connection herewith consistent with Article III of the United States

Constitution.

2.        Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

3.        On March 2, 2017, the Court entered its *Findings of Fact, Conclusions of Law, and*

*Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for*

*International Shipholding Corporation and its Affiliated Debtors* [Docket No. 671] (the

"Confirmation Order") confirming the Plan.

4.        On July 3, 2017, the Effective Date of the Plan occurred.  *See Notice of (I) Entry of*

*Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for*

*International Shipholding Corporation and its Affiliated Debtors; (II) Occurrence of Effective*

---

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors* [Appendix 1 to Docket No. 671] (the "Plan").

*Date; and (III) Deadline for Filing Fee Claims and Administrative Expense Claims* [Docket No. 796] (the "Effective Date Notice").

5.      The GUC Trustee and the Reorganized Debtors disagree as to which party is responsible for objecting to claims arising from alleged personal injuries, including exposure to asbestos, that are purportedly covered by insurance and/or indemnity policies (the "Asbestos Claims"). This issue is the subject of a contested matter brought by the GUC Trustee.

6.      Specifically, on November 28, 2018, the GUC Trustee filed the *Motion of the GUC Trustee to Enforce the Plan and Confirmation Order With Respect to the Reorganized Debtors' Responsibility to Defend Asbestos Claims, Relieving Stay and Injunction, Approving the GUC Trustee's Right Not to Defend Asbestos Claims* [Docket No. 1047] (the "Motion to Enforce"). The Motion to Enforce is still pending. The Court has set a status conference on the matter for February 8, 2024 at 10:00 a.m. (ET).

7.      The Plan provided that the Claims Objection Bar Date was the date that is 180 days after the Effective Date, subject to further order of the Court. *See* Plan, at section 6.2. Accordingly, the original Claims Objection Bar Date was December 30, 2017.

8.      Through fourteen separate Orders, the Court has extended the Claims Objection Bar Date to August 28, 2023. *See* Docket Nos. 899, 966, 1058, 1104, 1125, 1143, 1153, 1171, 1183, 1204, 1225 1239, 1252, and 1273, respectively.[3] The Current Claims Objection Bar Date is February 28, 2024.

---

[3] Under the Plan, the Claims Objection Bar Date does not apply to Administrative Expense Claims. The procedures for requesting payment and objecting to certain Administrative Expense Claims are instead set forth in section 2.1.2 of the Plan. The parties to this Motion do not seek to extend any deadlines with respect to those procedures. The Reorganized Debtors, however, reserve their right to move pursuant to 11 U.S.C. § 1127(b) and the *Order Extending the Period to File Objections to Claims* [Docket No. 899] to modify the deadline in the Plan for objecting to claims under 11 U.S.C. § 503(b)(9), provided that the Reorganized Debtors serve such motion to modify the Plan on any creditor that has filed a claim or requested payment under § 503(b)(9) but has not been paid in accordance with the Plan.

**Relief Requested**

9.      The GUC Trustee and the Reorganized Debtors respectfully request that the Court

extend the Claims Objection Bar Date for objecting to Claims other than Administrative Expense

Claims by six (6) months to Wednesday, August 28, 2024, without prejudice to the ability of the

GUC Trustee or the Reorganized Debtors to request further extensions.

**Basis for Relief**

10.      The Court has the express authority to extend the Claims Objection Bar Date.  *See*

Plan, at section 6.2 ("[T]he applicable deadline may be extended by presentment of an order to the

Bankruptcy Court by the Reorganized Debtors or the GUC Trustee, without the need for a

hearing.").  Further, Bankruptcy Rule 9006(b) provides that the Court may "for cause shown at

any time in its discretion" extend a deadline "if the request therefore is made before the expiration"

of such deadline.  Fed. R. Bankr. P. 9006(b)(1).  Additionally, the Court has the inherent power

"to control the disposition of the causes on its docket with economy of time and effort for itself,

for counsel, and for litigants."  *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96-97

(2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

11.      The authority to extend the Claims Objection Bar Date is consistent with the

Court's broad authority under sections 1142(b) and 105(a) of the Bankruptcy Code to issue orders

necessary for the consummation of the Plan or to carry out the provisions of the Bankruptcy Code.

*See Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 609 (2d Cir. 2007) ("Section 105(a)

grants broad equitable power to the bankruptcy courts to carry out the provisions of the Bankruptcy

Code so long as that power is exercised within the confines of the Bankruptcy Code."); *In re*

*Oversight & Control Comm'n of Avanzit, S.A.*, 385 B.R. 525, 535 (Bankr. S.D.N.Y. 2008) ("The

bankruptcy court retains jurisdiction under 11 U.S.C. § 1142(b) . . . and it has 'continuing

responsibilities to satisfy itself that the [p]lan is being properly implemented.'") (internal citations omitted).

12.    Since the Effective Date, the GUC Trustee, the Reorganized Debtors, and their respective professionals have reviewed the filed Claims.  Notably, the bulk of the filed Claims, both in terms of number and amount, are Asbestos Claims.

13.    During the pendency of the Motion to Enforce, the GUC Trustee, the Reorganized Debtors, and other interested parties have been working in good faith to reach a negotiated resolution of both the Motion to Enforce and the underlying Asbestos Claims, and, as the Court is aware, the parties have reached a settlement in principle.  However, until documentation of the settlement is completed, the GUC Trustee and the Reorganized Debtors must each maintain the ability to object to Claims.  Moreover, most of the Asbestos Claims are unliquidated, as they are the subject of pending personal injury lawsuits in courts throughout the country.  Regardless of whether the responsibility to defend against the Asbestos Claims lies with the Reorganized Debtors or the GUC Trust (as will be determined through the disposition of the Motion to Enforce), litigation as to liability may continue, absent settlement, for a considerable time.  Given the uncertainty surrounding the Asbestos Claims at this time, the GUC Trustee and the Reorganized Debtors respectfully submit that the Claims Objection Bar Date should be extended.

14.    With respect to non-Asbestos Claims, while the GUC Trustee has filed and resolved two omnibus claims objections to date, the GUC Trustee believes that it would be inefficient to spend the considerable time necessary to review and reconcile all non-Asbestos Claims and litigate substantive claims objections before the Motion to Enforce is resolved.  Because the costs of administering the GUC Trust (including those professional fees that would need to be incurred to substantively evaluate non-Asbestos Claims) are payable out of the same *res* as general unsecured

claims, should the GUC Trustee not prevail on the Motion to Enforce or agree to an alternative mechanism to liquidate such claims, the dilutive effect of the administration of the Asbestos Claims on the GUC Trust *res* may require a decision as to whether it is financially prudent to engage in the substantive claims reconciliation process.  The GUC Trustee and the Reorganized Debtors therefore believe that an extension of the Claims Objection Bar Date is in the best interests of all parties in interest.  The extension is not sought for improper or dilatory purposes and will not unduly prejudice any claimants who have filed Claims.

## Notice

15.     The GUC Trustee has caused notice of this motion to be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to: (i) the Reorganized Debtors; (ii) the U.S. Trustee; (iii) all parties that have filed a request to receive service of pursuant to Bankruptcy Rule 2002; and (iv) all other parties on the master service list prepared and maintained pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 178].  The GUC Trustee and the Reorganized Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## Conclusion

WHEREFORE the GUC Trustee, together with the Reorganized Debtors, respectfully request the entry of the Order, substantially in the form annexed hereto as **Exhibit 1**, further extending the Claims Objection Bar Date through and including August 28, 2024.

Dated:   January 11, 2024
       New York, New York       PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*
_____
Robert J. Feinstein
Bradford J. Sandler
Beth E. Levine
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Facsimile:  (212) 561-7777
Email:      rfeinstein@pszjlaw.com
              bsandler@pszjlaw.com
              sgolden@pszjlaw.com

*Counsel for the GUC Trustee of the GUC Trust*


AKIN GUMP STRAUSS HAUER & FELD LLP

*/s/ Brad M. Kahn*
_____
Brad M. Kahn
One Bryant Park
New York, NY 10036
Telephone: (212) 872-1000
Facsimile: (212) 872-1002

Sarah Link Schultz (admitted *pro hac vice*)
David F. Staber (admitted *pro hac vice*)
2300 N. Field Street, Suite 1800
Dallas, Texas 75201
Telephone: (214) 969-2800
Facsimile: (214) 969-4343

*Counsel to Reorganized Debtors*

LA:4869-2801-4989.10 42331.003                    7

## **Exhibit 1**

(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                         :

**In re**                                 :                  **Chapter 11**

                                           :

**INTERNATIONAL SHIPHOLDING**     :                  **Case No. 16-12220 (DSJ)**
**CORPORATION., *et al.,*[1]**                :

                                           :                  **Jointly Administered**

                                           :

                      **Reorganized Debtors.**      :
-------------------------------------------------------------x

## ORDER EXTENDING THE PERIOD TO FILE OBJECTIONS TO CLAIMS

Upon the motion (the "Motion")[2] of the GUC Trustee, on behalf of the GUC Trust, and the

Reorganized Debtors for entry of an order (this "Order"), pursuant to sections 105(a) and 1142(b)

of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal

Rules of Bankruptcy Procedure to further extend the Claims Objection Bar Date, as more fully

described in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C.

§§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District*

*Court for the Southern District of New York*, dated January 31, 2012; and that this Court may enter

a final order consistent with Article III of the United States Constitution; and this Court having

found that the venue of this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that the notice of the Motion and

opportunity for a hearing thereon were appropriate under the circumstances and no other notice

need be provided; and this Court having reviewed the Motion; and this Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[1] The Reorganized Debtors in these cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, are: International Shipholding Corporation (9662); Central Gulf Lines, Inc. (8979); Sulphur Carriers, Inc. (16-12233) and Waterman Steamship Corporation (0640); The service address for each of the above Reorganized Debtors is 2200 Eller Drive, P.O. Box 13038, Fort Lauderdale, FL 33316.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

LA:4869-2801-4989.10 42331.003

herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Claims Objection Bar Date for objecting to Claims other than Administrative Expense Claims is further extended through and including August 28, 2024.

2.    This Order is without prejudice to the GUC Trustee's or Reorganized Debtors' rights to request further extension(s) of the Claims Objection Bar Date, or to the Reorganized Debtors' right to move pursuant to 11 U.S.C. § 1127(b) to modify the deadline in the Plan for objecting to claims under 11 U.S.C. § 503(b)(9), provided that in the latter event, the Reorganized Debtors must serve the motion to modify the Plan on any creditor that has filed a claim or requested payment under § 503(b)(9) but has not been paid in accordance with the Plan.

3.    The GUC Trustee and the Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

4.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

New York, New York
Dated: _____, 2024

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE