**Presentment Date: June 30, 2026 at 12:00 p.m. (Eastern time)**
**Objection Deadline: June 26, 2026 at 4:00 p.m. (Eastern time)**

Robert J. Feinstein
Bradford J. Sandler
Beth E. Levine
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
blevine@pszjlaw.com

*Counsel for the GUC Trustee of*
*the GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x
|  |  |  |
|---|---|---|
| **In re** | : | **Chapter 11** |
|  | : |  |
| **INTERNATIONAL SHIPHOLDING** | : | **Case No. 16-12220 (DSJ)** |
| **CORPORATION.,** *et al.,* | : |  |
|  | : | **Jointly Administered** |
|  | : |  |
| **Reorganized Debtors.** | : |  |

------------------------------------------------------------x

### MOTION OF THE GUC TRUSTEE OF THE
### INTERNATIONAL SHIPHOLDING GUC TRUST FOR ENTRY
### OF AN ORDER FURTHER EXTENDING THE GUC TRUST'S TERMINATION DATE

Robert N. Michaelson (the "GUC Trustee"), in his capacity as trustee of the International

Shipholding GUC Trust (the "GUC Trust") of the above-captioned reorganized debtors

(collectively, the "Reorganized Debtors"), hereby submits this motion (the "Motion") for entry of

an order further extending the Termination Date (defined below) for a period of ninety (90) days,

through and including **October 1, 2026**. In support of the Motion, the GUC Trustee respectfully represents as follows:[1]

### Jurisdiction

1.      The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012.   The GUC Trustee confirms his consent, pursuant to Bankruptcy Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief requested herein is Bankruptcy Code section 105(a) of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 9006 and Rule 9006-2 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

### Background

4.      On March 2, 2017, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors* [Docket No. 671] (the "Confirmation Order") confirming the Plan.

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors* [Appendix 1 to Docket No. 671] (the "Plan").

5.      On July 3, 2017, the Effective Date of the Plan occurred.  *See Notice of (I) Entry of Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors; (II) Occurrence of Effective Date; and (III) Deadline for Filing Fee Claims and Administrative Expense Claims* [Docket No. 796] (the "Effective Date Notice").

6.      Pursuant to the Plan, the GUC Trustee was appointed on the Effective Date and is responsible to, among other things, " . . . distribute the GUC Trust Assets . . . in accordance with the GUC Trust Agreement and Declaration of Trust dated July 3, 2017 (the "GUC Trust Agreement") . . . and . . . in an expeditious but orderly manner make timely Plan Distributions, prosecute any GUC Trust Causes of Action, and not unduly prolong the duration of the GUC Trust."  *See* Plan at Articles 9.5 and 9.6.

7.      Pursuant to Article X Section 10.2 of the GUC Trust Agreement as established by the Plan, the initial termination date of the GUC Trust is five years from the GUC Trust formation date, or July 3, 2022 (the "Termination Date") unless otherwise extended by order of the Bankruptcy Court.[2]

8.      On June 7, 2022, this Court entered an *Order Extending the Termination Date of the International Shipholding GUC Trust* [Docket No. 1234] (the "Extension Order") extending the Termination Date by one year to July 3, 2023. The Extension Order specifically provided that it was "without prejudice to the GUC Trustee's right to seek further extensions of the term of the GUC Trust and the Current Termination Date in accordance with the GUC Trust Agreement." Extension Order at ¶ 3.

---

[2]    A copy of the Trust Agreement can be found at Docket No. 594 (Exhibit F).

9.      On June 12, 2023, this Court entered an *Order Extending the Termination Date of the International Shipholding GUC Trust* [Docket No. 1265] extending the Termination Date by one year to July 3, 2024. That Order also specifically provided that it was "without prejudice to the GUC Trustee's right to seek further extensions of the term of the GUC Trust and the Current Termination Date in accordance with the GUC Trust Agreement." *Id*. at ¶ 3.

10.     On July 8, 2024, this Court entered an *Order Extending the Termination Date of the International Shipholding GUC Trust* [Docket No. 1297] extending the Termination Date by one year to July 3, 2025. That Order also specifically provided that it was "without prejudice to the GUC Trustee's right to seek further extensions of the term of the GUC Trust and the Current Termination Date in accordance with the GUC Trust Agreement." *Id*. at ¶ 3.

11.     On June 3, 2026, this Court entered an *Order Extending the Termination Date of the International Shipholding GUC Trust* [Docket No. 1351] extending the Termination Date by one year to July 3, 2026 (the "Current Termination Date"). That Order also specifically provided that it was "without prejudice to the GUC Trustee's right to seek further extensions of the term of the GUC Trust and the Current Termination Date in accordance with the GUC Trust Agreement." *Id*. at ¶ 3.

### Case Status

12.     On April 9, 2021, the Court entered the *Final Decree Closing Chapter 11 Case of Marco Shipping (PTE) LTD* [Docket No. 1195] and the *Final Decree Closing Certain Chapter 11 Cases* [Docket No. 1196], which decree closed the chapter 11 cases of N.W. Johnsen & Co., Inc., Frascati Shops, Inc., LMS Shipmanagement, Inc., Mary Ann Hudson, LLC, and Sheila McDevitt, LLC.

13.     On November 2, 2021, the Court entered the *Final Decree Closing Certain Chapter 11 Cases* [Docket No. 1216], which decree closed the chapter 11 cases of Coastal Carriers, Inc., Enterprise Ship Company, Inc., Tower, LLC, and U.S. United Ocean Services, LLC, and the *Final Decree Closing Certain Chapter 11 Cases* [Docket No. 1217], which decree closed the chapter 11 cases of Gulf South Shipping (PTE) Ltd. and LCI Shipholdings, Inc.

14.     On April 29, 2024, the Court entered the *Order Authorizing and Approving the Settlement Agreement Between and Among the GUC Trustee, the Reorganized Debtors, the Participating Insurers, and the Asbestos Claimants* [Docket No. 1292] (the "Settlement Agreement Order"), approving the terms of the *Settlement Agreement and Mutual Release* (the "Settlement Agreement") [Docket No. 1292, Ex. 1], including a payment of $2 million for the benefit of Asbestos Claimants (as defined therein) (the "Asbestos Claims Settlement Payment").

15.     On August 14, 2024, the Court entered the *Final Decree Closing Certain Chapter 11 Cases* [Docket No. 1309], which decree closed the chapter 11 cases of Central Gulf Lines, Inc., Sulphur Carriers, Inc., and Waterman Steamship Corporation. The Reorganized Debtors kept open the case of International Shipholding Corporation in order to adjudicate any remaining unliquidated or unresolved claims entitled to distributions by the GUC Trust.

16.     On September 15, 2025, the Court entered the *Final Decree Closing the Chapter 11 Case of International Shipholding Corporation* [Docket No. 1362].

17.     As of the filing of this Motion, all claims have been (i) disallowed, (ii) liquidated and have been or will be satisfied in accordance with the Plan, (iii) satisfied by the transfer of interests in the GUC Trust, or (iv) satisfied by the payment of the Asbestos Claims Settlement Payment pursuant to the Settlement Agreement.

18.     To that end, on February 26, 2026, the GUC Trust made a final distribution to all holders of allowed General Unsecured Claims that provided the GUC Trust with the requisite taxpayer identification number as assigned by the IRS, in accordance with Section 4.4. of the Trust Agreement.[3]

19.     As of the date of this Motion, eleven Beneficiaries (as that term is defined in the Trust Agreement) have not cashed their final distribution checks, and of those eleven, at least four checks are anticipated to be re-issued shortly.

### Relief Requested

20.     By this Motion, the GUC Trustee seeks entry of an order, substantially in the form attached hereto as **Exhibit 1**, pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006 and Local Rule 9006-2, extending the Current Termination Date by a period of ninety (90) days to and including **October 1, 2026**, in order to allow for the six month time period for the negotiation of distribution checks provided for in the Plan to elapse and to enable the GUC Trust to fulfill various tax, accounting, and administrative functions relating to the termination of the Trust.

21.     The GUC Trustee requests the extension of the Current Termination Date because additional time is necessary to (i) allow for the six month time period for the negotiation of distribution checks provided for in the Plan to elapse, and (ii) enable the GUC Trust to fulfill various tax, accounting, and administrative functions relating to the termination of the Trust.

---

[3]     Pursuant to Sections 7.4.6 and 7.4.7 of the Plan, the GUC Trustee must allow six months from the date of distribution to elapse before treating undeliverable or un-negotiated checks in accordance with those provisions.

## Basis for Relief

22.    Bankruptcy Rule 9006(b) provides that the Court may extend a time period provided under the Bankruptcy Rules or order of the Court, except for time periods provided under certain Bankruptcy Rules that are not applicable here. *See* Fed. R. Bankr. P. 9006(b).

23.    Bankruptcy Code section 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a). In addition, it is generally recognized that "[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code." *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing COLLIER ON BANKRUPTCY, ¶ 105.04 at 105-15 & n. 5 (15th rev. ed. 1989)). Moreover, Article 10.2 of the GUC Trust Agreement provides that the GUC Trust's Termination Date may be extended.

## Notice

24.    The GUC Trustee has caused notice of this motion to be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to: (i) the Reorganized Debtors; (ii) the U.S. Trustee; (iii) all parties that have filed a request to receive service of pursuant to Bankruptcy Rule 2002; and (iv) all other parties on the master service list prepared and maintained pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [ECF No. 178]. The GUC Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Reservation of Rights

25.    The GUC Trustee reserves its right to seek additional extensions of the term of the GUC Trust in accordance with the terms of the GUC Trust Agreement.

SF 4930-6358-9301.2 42331.003                                           7

WHEREFORE the GUC Trustee respectfully requests the entry of the Order, substantially in the form annexed hereto as **Exhibit 1**, extending the Current Termination Date through and including **October 1, 2026**.

Dated:  June 16, 2026
　　　　New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*

Robert J. Feinstein
Bradford J. Sandler
Beth E. Levine
1700 Broadway, 36th Floor
New York, NY 10019
Telephone:  (212) 561-7700
Facsimile:  (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
blevine@pszjlaw.com

*Counsel for the GUC Trustee of the GUC Trust*

**Exhibit 1**

(Proposed Order)

SF 4930-6358-9301.2 42331.003

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
                                              :
**In re**                                     :          **Chapter 11**
                                              :
**INTERNATIONAL SHIPHOLDING**                 :          **Case No. 16-12220 (DSJ)**
**CORPORATION., *et al.,***                   :
                                              :          **Jointly Administered**
                                              :
         **Reorganized Debtors.**             :
-------------------------------------------------------------x

**ORDER FURTHER EXTENDING THE TERMINATION
DATE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST**

Upon the motion (the "Motion")[1] of the GUC Trustee, on behalf of the GUC Trust, for

entry of an order (this "Order"), pursuant to sections 105(a) and 1142(b) of title 11 of the United

States Code (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy

Procedure to extend the Termination Date, as more fully described in the Motion; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

*Standing Order of Reference from the United States District Court for the Southern District of*

*New York*, dated January 31, 2012; and that this Court may enter a final order consistent with

Article III of the United States Constitution; and this Court having found that the venue of this

proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the notice of the Motion and opportunity for a hearing thereon were

appropriate under the circumstances and no other notice need be provided; and this Court having

reviewed the Motion; and this Court having determined that the legal and factual bases set forth in

the Motion establish just cause for the relief granted herein; and upon all of the proceedings had

---

[1]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

SF 4930-6358-9301.2 42331.003

before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.       The Motion is GRANTED as set forth herein.

2.       The term of the GUC Trust and the Termination Date are hereby extended by ninety

(90) days through and including **October 1, 2026**.

3.       This Order is without prejudice to the GUC Trustee's right to seek further

extensions of the term of the GUC Trust and the Termination Date in accordance with the GUC

Trust Agreement.

4.       The GUC Trustee is authorized to take all actions necessary to effectuate the relief

granted in this Order in accordance with the Motion.

5.       This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.


New York, New York
Dated: _____, 2026

_____
HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE


SF 4930-6358-9301.2 42331.003                                                    2