**Presentment Date: November 4, 2026 at 12:00 p.m. (Eastern time)**
**Objection Deadline: October 30, 2026 at 4:00 p.m. (Eastern time)**

Robert J. Feinstein
Bradford J. Sandler
Beth E. Levine
PACHULSKI STANG ZIEHL & JONES LLP
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
blevine@pszjlaw.com

*Counsel for the GUC Trustee of the GUC Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | **Chapter 11** |
| **INTERNATIONAL SHIPHOLDING CORPORATION., *et al.*,** | **Case No. 16-12220 (DSJ)** |
| | **Jointly Administered** |
| **Reorganized Debtors.** | |

**MOTION OF THE GUC TRUSTEE OF THE INTERNATIONAL SHIPHOLDING GUC TRUST FOR ENTRY OF AN ORDER (I) CONFIRMING THAT THE WINDING UP HAS BEEN COMPLETED; (II) APPROVING THE ABANDONMENT OF *DE MINIMIS* REMAINING GUC TRUST ASSETS; (III) DISCHARGING THE GUC TRUST, THE GUC TRUSTEE AND RELATED PARTIES; AND (IV) RELATED RELIEF**

Robert N. Michaelson (the "GUC Trustee"), in his capacity as trustee of the International Shipholding GUC Trust (the "GUC Trust") of the above-captioned reorganized debtors (collectively, the "Reorganized Debtors"), hereby submits this motion (the "Motion") for entry of an order (i) confirming that the winding up of the GUC Trust has been completed in accordance with Article X, Section 10.4 of the GUC Trust Agreement (defined below), subject to any necessary wind-down activities; (ii) approving the abandonment of *de minimis* remaining GUC Trust Assets, (iii) discharging and releasing the GUC Trust and the GUC Trustee, together with

their professionals, advisors, consultants, and/or employees from all liability related to the GUC Trust; and (iv) granting related relief. In support of the Motion, the GUC Trustee respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012. The GUC Trustee confirms his consent, pursuant to Bankruptcy Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion, to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The predicates for the relief requested herein is sections 105(a) and 1142(b) of title 11 of the United States Code (the "Bankruptcy Code") and Article X, Section 10.4 of the GUC Trust Agreement.

## BACKGROUND

4. On March 2, 2017, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors* [Docket No. 671] (the "Confirmation Order") confirming the Plan.[1]

5. On July 3, 2017, the Effective Date of the Plan occurred. *See Notice of (I) Entry of Order Confirming the First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors; (II) Occurrence of Effective*

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the *First Amended Modified Joint Chapter 11 Plan of Reorganization for International Shipholding Corporation and its Affiliated Debtors* [Appendix 1 to Docket No. 671] (the "Plan").

*Date; and (III) Deadline for Filing Fee Claims and Administrative Expense Claims* [Docket No. 796] (the "Effective Date Notice").

6. Pursuant to the Plan, the GUC Trustee was appointed on the Effective Date and is responsible to, among other things, " . . . distribute the GUC Trust Assets . . . in accordance with the GUC Trust Agreement and Declaration of Trust dated July 3, 2017 (the "GUC Trust Agreement") . . . and . . . in an expeditious but orderly manner make timely Plan Distributions, prosecute any GUC Trust Causes of Action, and not unduly prolong the duration of the GUC Trust." *See* Plan at Articles 9.5 and 9.6.

7. Pursuant to Article X, Section 10.2 of the GUC Trust Agreement as established by the Plan, the initial termination date (the "Termination Date") of the GUC Trust was five years from the GUC Trust formation date, unless otherwise extended by order of the Bankruptcy Court.[2] The Termination Date has been extended several times by this Court, most recently on June 23, 2026, when the Court entered an *Order Further Extending the Termination Date of the International Shipholding GUC Trust* [Docket No. 1351], extending the Termination Date by ninety (90) days through and including October 1, 2026, in order to allow for, among other things, the six-month check-negotiation period under the Plan to elapse. Thus, by the terms of the Trust Agreement, the Trust terminated on October 1, 2026.

## CASE STATUS

8. On April 9, 2021, the Court entered the *Final Decree Closing Chapter 11 Case of Marco Shipping (PTE) LTD* [Docket No. 1195] and the *Final Decree Closing Certain Chapter 11 Cases* [Docket No. 1196], closing the chapter 11 cases of N.W. Johnsen & Co., Inc., Frascati Shops, Inc., LMS Shipmanagement, Inc., Mary Ann Hudson, LLC, and Sheila McDevitt, LLC.

9. On November 2, 2021, the Court entered the *Final Decree Closing Certain Chapter 11 Cases* [Docket No. 1216], closing the chapter 11 cases of Coastal Carriers, Inc., Enterprise Ship Company, Inc., Tower, LLC, and U.S. United Ocean Services, LLC, and the *Final Decree Closing*

[2] A copy of the Trust Agreement can be found at Docket No. 594 (Exhibit F).

*Certain Chapter 11 Cases* [Docket No. 1217], closing the chapter 11 cases of Gulf South Shipping (PTE) Ltd. and LCI Shipholdings, Inc.

10. On April 29, 2024, the Court entered the *Order Authorizing and Approving the Settlement Agreement Between and Among the GUC Trustee, the Reorganized Debtors, the Participating Insurers, and the Asbestos Claimants* [Docket No. 1292] (the "Settlement Agreement Order"), approving the terms of the *Settlement Agreement and Mutual Release* [Docket No. 1292, Ex. 1], including a payment of $2 million for the benefit of Asbestos Claimants (the "Asbestos Claims Settlement Payment").

11. On August 14, 2024, the Court entered the *Final Decree Closing Certain Chapter 11 Cases* [Docket No. 1309], closing the chapter 11 cases of Central Gulf Lines, Inc., Sulphur Carriers, Inc., and Waterman Steamship Corporation.

12. On September 15, 2025, the Court entered the *Final Decree Closing the Chapter 11 Case of International Shipholding Corporation* [Docket No. 1362].

13. As of the filing of this Motion, all claims have been (i) disallowed, (ii) liquidated and satisfied in accordance with the Plan, (iii) satisfied by the transfer of interests in the GUC Trust, or (iv) satisfied by the payment of the Asbestos Claims Settlement Payment pursuant to the Settlement Agreement.

14. On February 26, 2026, the GUC Trust made a final distribution to all holders of allowed General Unsecured Claims that provided the GUC Trust with the requisite taxpayer identification number, in accordance with Section 4.4 of the GUC Trust Agreement.

15. Four Beneficiaries (as that term is defined in the Trust Agreement) failed to cash their final distribution checks within the six month time period for the negotiation of distribution checks provided for in the Plan. The check to another beneficiary, an Estate, was reissued as separate checks to each of its five beneficiaries (the "Estate Beneficiaries"). Of those five Estate Beneficiaries, one has not provided an IRS form W9 in order to receive its reissued check. In addition, five checks were returned as non-deliverable and reissued to new addresses, which have all been cashed.

16. Subject to filing a final tax return for the GUC Trust, and completing certain administrative functions including addressing any undeliverable or uncashed distributions, the GUC Trust has completed its duties and obligations under the Plan and the Trust Agreement.

**RELIEF REQUESTED**

17. By this Motion, the GUC Trustee seeks entry of a order, substantially in the form attached hereto as **Exhibit 1**, pursuant to sections 105(a) and 1142(b) of the Bankruptcy Code, and Article X, Section 10.4 of the Trust Agreement (i) confirming that the winding up of the GUC Trust has been completed in accordance with Article X, Section 10.4 of the GUC Trust Agreement, subject to any necessary wind-down activities; (ii) approving the abandonment of *de minimis* remaining GUC Trust Assets; (iii) discharging and releasing the GUC Trust and the GUC Trustee, together with their professionals, advisors, consultants, and/or employees from all liability related to the GUC Trust; and (iv) granting related relief.

**BASIS FOR RELIEF**

18. Article X, Section 10.4 of the GUC Trust Agreement, entitled "Continuance of Trust for Winding Up; Discharge and Release of Trustee," provides:

> "After the termination of the Trust and solely for the purpose of liquidating and winding up the affairs of the Trust, the Trustee shall continue to act as such until his responsibilities have been fully performed. Except as otherwise specifically provided herein, upon the distribution of the Trust Assets including all excess reserves, the Oversight Committee members, the Trustee, and the Trust's professionals and agents shall be deemed discharged under this Agreement and have no further duties or obligations hereunder. Upon a motion by the Trustee, the Bankruptcy Court may enter an order relieving the Oversight Committee members and the Trustee, his employees, and the Trust's professionals and agents of any further duties, discharging and releasing the Trustee from all liability related to the Trust, and releasing the Trustee's bond, if any."

19. In addition, Article X, Section 10.2 of the Trust Agreement provides, that GUC Trustee "may apply to the Bankruptcy Court for authority to … donate any balance to a charitable trust (A) described in section 501(a) of the Tax Code, (B) exempt from U.S. federal income tax under section 501(a) of the Tax Code, (C) not a 'private foundation' as defined in section 509(a)

of the Tax Code, and (D) that is unrelated to the Debtors, the Trust and any insider of the Trustee . . .”

20. As set forth in Paragraphs 13-16 above, all Trust Assets, other than certain *de minimis* amounts, have now been distributed, and the GUC Trustee has completed his winding-up responsibilities under the GUC Trust Agreement. Accordingly, entry of the proposed order confirming discharge and release under Section 10.4 is appropriate.

21. Bankruptcy Code section 105(a) provides that “[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.” 11 U.S.C. § 105(a). It is generally recognized that “[s]ection 105(a) authorizes the bankruptcy court, or the district court sitting in bankruptcy, to fashion such orders as are required to further the substantive provisions of the Code.” *See In re Morristown & E. R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing COLLIER ON BANKRUPTCY, ¶ 105.04 at 105-15 & n.5 (15th rev. ed. 1989)).

22. Bankruptcy Code section 1142(b) authorizes the Court to “direct the debtor and any other necessary party to execute or deliver ... any instrument required to effect a transfer of property dealt with by a confirmed plan, and to perform any other act ... that is necessary for the consummation of the plan.” 11 U.S.C. § 1142(b). Discharge and release of the GUC Trustee upon completion of the winding up of the GUC Trust is a necessary act to consummate the Plan.

## NOTICE

23. The GUC Trustee has caused notice of this motion to be provided by electronic mail, facsimile, regular or overnight mail, and/or hand delivery to: (i) the Reorganized Debtors; (ii) the U.S. Trustee; (iii) all parties that have filed a request to receive service pursuant to Bankruptcy Rule 2002; and (iv) all other parties on the master service list prepared and maintained pursuant to the *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 178]. The GUC Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## RESERVATION OF RIGHTS

24. The GUC Trustee reserves all rights with respect to any matters not resolved by entry of the proposed order.

WHEREFORE the GUC Trustee respectfully requests entry of the Order, substantially in the form annexed hereto as **Exhibit 1**, (i) confirming that the winding up of the GUC Trust has been completed in accordance with Article X, Section 10.4 of the GUC Trust Agreement (defined below), subject to any necessary wind-down activities; (ii) approving the abandonment of *de minimis* remaining GUC Trust Assets, (iii) discharging and releasing the GUC Trust and the GUC Trustee, together with their professionals, advisors, consultants, and/or employees from all liability related to the GUC Trust; and (iv) granting related relief.

Dated: October 20, 2026
New York, New York

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Beth E. Levine*

Robert J. Feinstein
Bradford J. Sandler
Beth E. Levine
1700 Broadway, 36th Floor
New York, NY 10019
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com
blevine@pszjlaw.com

*Counsel for the GUC Trustee of the GUC Trust*